# EXHIBIT 11

# SEC EDGAR Filing Information

# Form SC 13D/A -- General statement of acquisition of beneficial ownership [amend]

Filing Date Changed: **2005-09-19**
Group Members: **EMANUEL R. PEARLMAN** **LIBERATION INVESTMENTS, L.P.** **LIBERATION INVESTMENTS, LTD.**
Documents: **5**

SEC Accession No.
**0001193125-05-187059**
Filing date: **2005-09-19**
Accepted: **2005-09-19 06:02:23**

## Table of submitted documents:

| Seq | Type | Document | Size | Description |
|-----|------|----------|------|-------------|
| 1 | SC 13D/A | dsc13da.htm | 68681 | AMENDMENT NO. 10 TO SCHEDULE 13D |
| 2 | EX-13 | dex13.htm | 20312 | COMPLAINT PURSUANT TO 8 DEL. C. SECTION 211 |
| 3 | EX-14 | dex14.htm | 4845 | PRESS RELEASE |
| 4 | GRAPHIC | g22755img001.jpg | 4266 | GRAPHIC |
| 5 | GRAPHIC | g22755img002.jpg | 18200 | GRAPHIC |
| | | 0001193125-05-187059.txt | 127089 | **Complete submission text file** |

# Filer Information

**BALLY TOTAL FITNESS HOLDING CORP** (Subject) (**0000770944**)
IRS No.: **363228107** | State of Incorp.: **DE** | Fiscal Year End: **1231**
Type: **SC 13D/A** | Act: **34** | File No : **005-47769** | Film No.: **051090123**
SIC: **7997** Services-Membership Sports & Recreation Clubs

**Business Address**
8700 WEST BRYN MAWR AVENUE
SECOND FLOOR
CHICAGO IL 60631
773-380-3000

**Mailing Address**
8700 WEST BRYN MAWR AVENUE
SECOND FLOOR
CHICAGO IL 60631

**LIBERATION INVESTMENT GROUP LLC** (Filed by) (**0001259272**)
IRS No.: **000000000** | State of Incorp.: | Fiscal Year End:
Type: **SC 13D/A** | Act: | Film No.:

**Business Address**

**Mailing Address**
11766 WILSHIRE BLVD.,
SUITE 870
LOS ANGELES CA 90025

EX-13 2 dex13.htm COMPLAINT PURSUANT TO 8 DEL. C. SECTION 211

**Exhibit 13**

## IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

### IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| LIBERATION INVESTMENTS, L.P. and LIBERATION INVESTMENTS, LTD. | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 1636–N |
| V. | ) ) ) | |
| BALLY TOTAL FITNESS HOLDING CORPORATION, a Delaware corporation, | ) ) ) ) | |
| Defendant. | ) | |

### VERIFIED COMPLAINT PURSUANT TO 8 *DEL.C.* §211

Plaintiffs Liberation Investments, L.P., and Liberation Investments, Ltd. (collectively "Liberation Investments"), by and through their attorneys, allege as follows:

1. Liberation Investments, collectively is the record owner of 200 shares and the beneficial holder of approximately 4.1 million shares of the common stock of Bally Total Fitness Holding Corporation ("Bally" or the "Company"), which amounts to approximately 12% of its outstanding stock.

2. Bally is a Delaware corporation. Its registered agent for service of process in Delaware is The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801.

3. The last annual meeting of stockholders of Bally was held on July 29, 2004. Since that date, there has not been an annual meeting of the stockholders of Bally, nor has there been action by written consent of Bally's stockholders to elect directors in lieu of an annual meeting.

4. Bally has a classified board. Two directors, James McAnally and John Rogers, were elected at the July 2004 annual meeting. As of the 2004 annual meeting Bally also had four other directors, Kenneth Looloian and Stephen Swid of the class to be re-elected in 2005 and Paul Toback and Barry Deutsch of the class of 2006. Mr. Toback is the Company's Chairman and Chief Executive Officer. Mr. Deutsch is his close childhood friend.

5. After the 2004 election the board increased the number of directorships to nine. On December 17, 2004, it appointed Eric Langshur to the board, while on May 17, 2005, Marilyn Seymann, a corporate governance expert, and David Wilhelm were named to the board. That was the high-water mark for directors. Mr. Wilhelm resigned from the board on May 20th — three days after he was appointed. Ms. Seymann — who was supposed to bring her expertise to bear to protect the shareholders — did not last much longer. She resigned on August 12, 2005. Finally, Mr. Swid, an independent and well-respected director, left the board on August 26, 2005. That leaves Bally with only six out of nine directors. Thus, at the 2005 annual meeting the stockholders will need to elect four new directors to the board — three for the class of 2005 and one for another class.

6. The Company, however, appears to have no plans to allow stockholders to choose directors. It has not released audited financial statements in over a year despite many promises that it would be doing so soon. As such, plaintiffs expect that the Company — or in fact Mr. Toback who is determined to maintain his control over the Company — will claim that SEC rules prevent any election of directors until Mr. Toback manages to get the Company's SEC filings up to date. It is an extremely convenient excuse that other managements have attempted to use before but flies squarely in the face of Delaware law.

2

7. 8 *Del C.* §211 (c) provides in pertinent part:

If there be a failure to hold the annual meeting [of stockholders] or to take action by written consent to elect directors in lieu of an annual meeting for a period of 30 days after the date designated for the annual meeting, or if no date has been designated, for a period of 13 months after the latest to occur of the organization of the corporation, its last annual meeting or the last action by written consent to elect directors in lieu of an annual meeting, the Court of Chancery may summarily order a meeting to be held upon the application of any stockholder or director. The Court of Chancery may issue such orders as may be appropriate, including, without limitation, orders designating the time and place of such meeting, the record date for determination of stockholders entitled to vote, and the form of notice of such meeting.

8. Because Bally has not held an annual meeting during the past 13 months, because there has not been action by written consent of Bally's stockholders to elect directors in lieu of an annual meeting during the past 13 months, and because Liberation Investments is a Bally stockholder, Liberation Investments is entitled, pursuant to 8 *Del C.* §211(c), to an order compelling Bally to hold an annual meeting of stockholders for the election of directors to fill all four board vacancies as of the filing of this Complaint at a date chosen by the Court, as well as any other supplemental orders needed to make sure that the meeting happens.

WHEREFORE, Liberation Investments, L.P. and Liberation Investments, Ltd. respectfully request that this Court enter an order:

a. Summarily ordering Bally Total Fitness Holding Corporation to hold an annual meeting of stockholders by no later than October 28, 2005, with a record date of the date of this Complaint;

b. Requiring the election of directors at the annual meeting of stockholders to be accomplished by written ballot pursuant to 8 *Del. C.* § 211(e); and

3

c. Granting Liberation Investments, L.P. and Liberation Investments, Ltd. such other relief, including reasonable attorneys' fees and costs, as this Court shall deem appropriate,

d.

ASHBY & GEDDES

*/s/ Lauren E. Maguire (I.D. #4261)*
Stephen E. Jenkins (I.D. #2152)
Lauren E. Maguire (I.D. #4261)
222 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888

*Attorneys for Liberation Investments, L.P. and Liberation Investments, Ltd.*

Dated: September 16, 2005

4

## VERIFICATION

STATE OF CALIFORNIA        )
                                 )   SS

COUNTY OF LOS ANGELES     )

I, Emanuel Pearlman, being first duly sworn, depose and say as follows:

1. I am the Manager of Liberation Investments Group LLC, which is the general partner of Liberation Investments, L.P., and I am a director of Liberation Investments, Ltd.;

2. I have read the foregoing Verified Complaint Pursuant to 8 *Del.C.* § 211; and

3. The allegations set forth therein are true, complete and correct to the best of my knowledge, information and belief.

                                        /s/    EMANUEL PEARLMAN
                                                Emanuel Pearlman

Sworn to and subscribed before me This 15 day
of September, 2005

Notary Public

JENNIFER A. ROBLES
Commission # 1365777
Notary Public – California
Los Angeles County
My Comm. Expires Jul 21, 2006

EX-14 3 dex14.htm PRESS RELEASE

**FOR IMMEDIATE RELEASE**                                                          **Exhibit 14**

## LIBERATION INVESTMENT GROUP, LLC
11766 Wilshire Boulevard, Suite 870
Los Angeles, CA 90025
Tel: 310.479.3434
Fax: 310.479.3363

### LIBERATION INVESTMENTS LAUNCHES LEGAL ACTION TO COMPEL BALLY TOTAL FITNESS HOLDING CORPORATION TO HOLD ANNUAL MEETING

**LOS ANGELES, CA** – September 19, 2005—Investment funds Liberation Investments, L.P. and Liberation Investments Ltd. (the "Liberation Funds") announced today that they filed a lawsuit in Delaware, the state in which Bally Total Fitness Holding Corporation (the "Company") is incorporated, on September 16, 2005 requesting that the Court of Chancery of the State of Delaware in and for New Castle County order the Company to (i) hold an annual meeting of stockholders by no later than October 28, 2005, (ii) elect four (4) directors at the annual meeting by written ballot pursuant to Section 211(e) of the Delaware General Corporation Law and (iii) grant the Liberation Funds other relief deemed appropriate by the Court.

Under Delaware law, if a company fails to hold an annual meeting of stockholders or take action by written consent to elect directors for a period of 13 months, any stockholder may petition the Court to compel that a meeting be conducted. The Liberation Funds and their affiliates beneficially own approximately 12% of the Company's outstanding shares. The Company has not held an annual meeting of stockholders since July 29, 2004 and accordingly has not met its obligations under Delaware law. The Company's continued failure to hold an annual meeting denies its stockholders the right to vote for directors and otherwise exercise their legally prescribed control over the Company.

Gregg Frankel, President of Liberation Investment Group LLC, commented, "We at Liberation believe in the value of Bally's business. However, we are concerned about the lack of shareholder representation on the Board of Directors and the lack of opportunity for shareholders to elect directors. Our only goal with today's action is to pursue proper representation for all shareholders."

*Liberation Investments, L.P. and Liberation Investments Ltd. are private investment funds managed by Liberation Investment Group LLC. Emanuel R. Pearlman is the majority member and general manager of Liberation Investment Group LLC, and as such may be deemed to be the beneficial owner of the shares of the Company owned by the Liberation Funds.*

# EXHIBIT 12

# SEC EDGAR Filing Information

# Form SC 13D/A -- General statement of acquisition of beneficial ownership [amend]

SEC Accession No.
**0001193125-05-198921**

Filing Date Changed: **2005-10-11**
Group Members: **EMANUEL R. PEARLMANLIBERATION INVESTMENTS, L.P.LIBERATION INVESTMENTS, LTD.**
Documents: **2**

Filing date: **2005-10-11**
Accepted: **2005-10-11 06:19:00**

## Table of submitted documents:

| Seq | Type | Document | Size | Description |
|-----|------|----------|------|-------------|
| 1 | SC 13D/A | dsc13da.htm | 68350 | AMENDMENT NO. 11 TO SCHEDULE 13D |
| 2 | EX-15 | dex15.htm | 16446 | STIPULATED ORDER OF FINAL JUDGEMENT |
|   |   | 0001193125-05-198921.txt | 86801 | **Complete submission text file** |

# Filer Information

**BALLY TOTAL FITNESS HOLDING CORP** (Subject) (**0000770944**)
IRS No.: **363228107** | State of Incorp : **DE** | Fiscal Year End: **1231**
Type: **SC 13D/A** | Act: **34** | File No : **005-47769** | Film No.: **051130671**
SIC: **7997** Services-Membership Sports & Recreation Clubs

| **Business Address** | **Mailing Address** |
|---|---|
| 8700 WEST BRYN MAWR AVENUE | 8700 WEST BRYN MAWR AVENUE |
| SECOND FLOOR | SECOND FLOOR |
| CHICAGO IL 60631 | CHICAGO IL 60631 |
| 773-380-3000 | |

**LIBERATION INVESTMENT GROUP LLC** (Filed by) (**0001259272**)
IRS No.: **000000000** | State of Incorp : | Fiscal Year End:
Type: **SC 13D/A** | Act: | Film No.:

| **Business Address** | **Mailing Address** |
|---|---|
| | 11766 WILSHIRE BLVD , |
| | SUITE 870 |
| | LOS ANGELES CA 90025 |

SC 13D/A 1 dsc13da.htm AMENDMENT NO. 11 TO SCHEDULE 13D

## SECURITIES AND EXCHANGE COMMISSION
### WASHINGTON, D.C. 20549

————————————

# SCHEDULE 13D

### Information to be Included in Statements Filed Pursuant to Rule 13d-1(a) and Amendments Thereto Filed Pursuant to Rule 13d-2(a) Under the Securities Exchange Act of 1934 (Amendment No. 11)*

BALLY TOTAL FITNESS HOLDING CORPORATION
(Name of Issuer)

COMMON STOCK, NO PAR VALUE, $.01 PER SHARE
(Title of Class of Securities)

058 73K 10 8
(CUSIP Number)

KENNETH J. BARONSKY
MILBANK, TWEED, HADLEY & McCLOY LLP
601 S. FIGUEROA STREET, 30TH FLOOR
LOS ANGELES, CA 90017
TELEPHONE: 213-892-4333
(Name, address and telephone number of person
authorized to receive notices and communications)

October 6, 2005
(Date of event which requires filing of this statement)

If the filing person has previously filed a statement on Schedule 13G to report the acquisition which is the subject of this Schedule 13D, and is filing this schedule because of Rule 13d-1(e), 13d-1(f) or 13d-1(g), check the following box. ☐

**NOTE:** Schedules filed in paper format shall include a signed original and five copies of the schedule, including all exhibits. See Rule 13d-7 for other parties to whom copies are to be sent.

————————————

\* The remainder of this cover page shall be filled out for a reporting person's initial filing on this form with respect to the subject class of securities, and for any subsequent amendment containing information which would alter disclosures provided in a prior cover page.

The information required on the remainder of this cover page shall not be deemed to be "filed" for the purpose of Section 18 of the Securities Exchange Act of 1934 ("Act") or otherwise subject to the liabilities of that section of the Act but shall be subject to all other provisions of the Act (however, see the Notes).

CUSIP No. 058 73K 10 8

| | |
|---|---|
| (1) | NAME OF REPORTING PERSON<br>S.S. OR I.R.S. IDENTIFICATION NO. OF ABOVE PERSON<br><br>Liberation Investments, L.P. |
| (2) | CHECK THE APPROPRIATE BOX IF A MEMBER OF A GROUP<br>(a) ☐<br>(b) ☒ |
| (3) | SEC USE ONLY |
| (4) | SOURCE OF FUNDS<br><br>WC |
| (5) | CHECK BOX IF DISCLOSURE OF LEGAL PROCEEDINGS IS<br>REQUIRED PURSUANT TO ITEMS 2(d) OR 2(e) ☐ |
| (6) | CITIZENSHIP OR PLACE OF ORGANIZATION<br><br>Delaware |

| NUMBER OF<br>SHARES<br>BENEFICIALLY<br>OWNED BY<br>PERSON<br>WITH | (7) | SOLE VOTING POWER<br><br>0 |
|---|---|---|
| | (8) | SHARED VOTING POWER<br><br>2,662,963 |
| | (9) | SOLE DISPOSITIVE POWER<br><br>0 |
| | (10) | SHARED DISPOSITIVE POWER<br><br>2,662,963 |

| | |
|---|---|
| (11) | AGGREGATE AMOUNT BENEFICIALLY OWNED BY EACH REPORTING PERSON<br><br>2,662,963 |
| (12) | CHECK BOX IF THE AGGREGATE AMOUNT<br>IN ROW (11) EXCLUDES CERTAIN SHARES ☐ |
| (13) | PERCENT OF CLASS REPRESENTED BY AMOUNT IN ROW (11)<br><br>7.84% |
| (14) | TYPE OF REPORTING PERSON<br><br>PN |

Page 2

CUSIP No. 058 73K 10 8

| | | |
|---|---|---|
| (1) NAME OF REPORTING PERSON<br>S.S. OR I.R.S. IDENTIFICATION NO. OF ABOVE PERSON<br><br>Liberation Investments, Ltd. | | |
| (2) CHECK THE APPROPRIATE BOX IF A MEMBER OF A GROUP<br>(a) ☐<br>(b) ☒ | | |
| (3) SEC USE ONLY | | |
| (4) SOURCE OF FUNDS<br><br>WC | | |
| (5) CHECK BOX IF DISCLOSURE OF LEGAL PROCEEDINGS IS<br>REQUIRED PURSUANT TO ITEMS 2(d) OR 2(e) ☐ | | |
| (6) CITIZENSHIP OR PLACE OF ORGANIZATION<br><br>Cayman Islands | | |
| NUMBER OF<br>SHARES<br>BENEFICIALLY<br>OWNED BY<br>PERSON<br>WITH | (7) SOLE VOTING POWER<br><br>0 | |
| | (8) SHARED VOTING POWER<br><br>1,436,487 | |
| | (9) SOLE DISPOSITIVE POWER<br><br>0 | |
| | (10) SHARED DISPOSITIVE POWER<br><br>1,436,487 | |
| (11) AGGREGATE AMOUNT BENEFICIALLY OWNED BY EACH REPORTING PERSON<br><br>1,436,487 | | |
| (12) CHECK BOX IF THE AGGREGATE AMOUNT<br>IN ROW (11) EXCLUDES CERTAIN SHARES ☐ | | |
| (13) PERCENT OF CLASS REPRESENTED BY AMOUNT IN ROW (11)<br><br>4.23% | | |
| (14) TYPE OF REPORTING PERSON<br><br>CO | | |

CUSIP No. 058 73K 10 8

| | | |
|---|---|---|
| (1) | NAME OF REPORTING PERSON<br>S.S. OR I.R.S. IDENTIFICATION NO. OF ABOVE PERSON<br><br>Liberation Investment Group LLC | |
| (2) | CHECK THE APPROPRIATE BOX IF A MEMBER OF A GROUP<br>(a) ☐<br>(b) ☒ | |
| (3) | SEC USE ONLY | |
| (4) | SOURCE OF FUNDS<br><br>N/A | |
| (5) | CHECK BOX IF DISCLOSURE OF LEGAL PROCEEDINGS IS<br>REQUIRED PURSUANT TO ITEMS 2(d) OR 2(e) ☐ | |
| (6) | CITIZENSHIP OR PLACE OF ORGANIZATION<br><br>Delaware | |

| NUMBER OF<br>SHARES<br>BENEFICIALLY<br>OWNED BY<br>PERSON<br>WITH | (7) | SOLE VOTING POWER<br><br>0 |
|---|---|---|
| | (8) | SHARED VOTING POWER<br><br>4,099,450 |
| | (9) | SOLE DISPOSITIVE POWER<br><br>0 |
| | (10) | SHARED DISPOSITIVE POWER<br><br>4,099,450 |

| | |
|---|---|
| (11) | AGGREGATE AMOUNT BENEFICIALLY OWNED BY EACH REPORTING PERSON<br><br>4,099,450 |
| (12) | CHECK BOX IF THE AGGREGATE AMOUNT<br>IN ROW (11) EXCLUDES CERTAIN SHARES ☐ |
| (13) | PERCENT OF CLASS REPRESENTED BY AMOUNT IN ROW (11)<br><br>12.06% |
| (14) | TYPE OF REPORTING PERSON<br><br>OO, IA |

Page 4

CUSIP No. 058 73K 10 8

| | | |
|---|---|---|
| (1) | NAME OF REPORTING PERSON<br>S.S. OR I.R.S. IDENTIFICATION NO. OF ABOVE PERSON<br><br>Emanuel R. Pearlman | |
| (2) | CHECK THE APPROPRIATE BOX IF A MEMBER OF A GROUP<br>(a) ☐<br>(b) ☒ | |
| (3) | SEC USE ONLY | |
| (4) | SOURCE OF FUNDS<br><br>N/A | |
| (5) | CHECK BOX IF DISCLOSURE OF LEGAL PROCEEDINGS IS<br>REQUIRED PURSUANT TO ITEMS 2(d) OR 2(e) ☐ | |
| (6) | CITIZENSHIP OR PLACE OF ORGANIZATION<br><br>United States | |
| NUMBER OF<br>SHARES<br>BENEFICIALLY<br>OWNED BY<br>PERSON<br>WITH | (7) SOLE VOTING POWER<br><br>35,000 | |
| | (8) SHARED VOTING POWER<br><br>4,099,450 | |
| | (9) SOLE DISPOSITIVE POWER<br><br>35,000 | |
| | (10) SHARED DISPOSITIVE POWER<br><br>4,099,450 | |
| (11) | AGGREGATE AMOUNT BENEFICIALLY OWNED BY EACH REPORTING PERSON<br><br>4,134,450 | |
| (12) | CHECK BOX IF THE AGGREGATE AMOUNT<br>IN ROW (11) EXCLUDES CERTAIN SHARES ☐ | |
| (13) | PERCENT OF CLASS REPRESENTED BY AMOUNT IN ROW (11)<br><br>12.16% | |
| (14) | TYPE OF REPORTING PERSON<br><br>IN, HC | |

Page 5

INTRODUCTORY STATEMENT

This Amendment No. 11 (this "<u>Amendment</u>") relates to the Schedule 13D filed on behalf of (i) Liberation Investments, L.P., a Delaware limited partnership ("<u>LILP</u>"); (ii) Liberation Investments Ltd. ("<u>LILTD</u>"), a private offshore investment corporation; (iii) Liberation Investment Group, LLC ("<u>LIGLLC</u>"), a Delaware limited liability company and general partner of LILP and discretionary investment advisor to LILTD; and (iv) Emanuel R. Pearlman, as General Manager, Chief Investment Officer and majority member of LIGLLC (collectively, the "<u>Reporting Persons</u>"), with the Securities and Exchange Commission on June 8, 2004, as amended by Amendment No. 1 filed on July 13, 2004, Amendment No. 2 filed on August 27, 2004, Amendment No. 3 filed on September 1, 2004, Amendment No. 4 filed on September 10, 2004, Amendment No. 5 filed on December 13, 2004, Amendment No. 6 filed on April 26, 2005, Amendment No. 7 filed on May 6, 2005, Amendment No. 8 filed on July 19, 2005, Amendment No. 9 filed on July 22, 2005 and Amendment No. 10 filed on September 19, 2005 (the "<u>Schedule 13D</u>"), relating to shares of common stock, $.01 par value per share, of Bally Total Fitness Holding Corporation (the "<u>Company</u>").

Items 4 and 7 of the Schedule 13D are hereby amended and supplemented as follows:

## ITEM 4. PURPOSE OF TRANSACTION

On October 6, 2005, in connection with the complaint filed by LILTD and LILP on September 16, 2005 pursuant to Section 211(c) of the Delaware General Corporation Law, LILTD, LILP and the Company filed a Stipulated Order of Final Judgment (a copy of which is attached to this filing as Exhibit 15, the "<u>Order</u>") with the Court of Chancery of the State of Delaware in and for New Castle County (the "<u>Court</u>") compelling the Company to hold an annual meeting of its stockholders on January 26, 2006, in Chicago, Illinois or its suburbs at which the Company is to conduct elections for its three (3) directors in Class III positions. The Order further requires the Company's Chief Financial Officer to promptly file a sworn affidavit with the Court affirming that he has been informed by the Company's internal accounting department and external auditors that the Company should be able to file its audited financial statements with the Securities and Exchange Commission (the "<u>SEC</u>") by November 30, 2005. In the event that the Company's Chief Financial Officer subsequently learns that the Company will likely not be able to file its audited financial statements with the SEC by November 30, 2005, the Order requires that he promptly so inform the Court, LILTD and LILP.

## ITEM 7. MATERIAL TO BE FILED AS EXHIBITS

The following exhibit is filed with this Amendment:

Exhibit 15.    Stipulated Order of Final Judgment, filed with the Court of Chancery of the State of Delaware in and for New Castle County, dated as of October 6, 2005, Civil Action No. 1636-N.

## SIGNATURE

After reasonable inquiry and to the best of my knowledge and belief, I certify that the information set forth in this statement is true, complete and correct.

Dated: October 11, 2005

LIBERATION INVESTMENTS, L.P.
By: Liberation Investment Group LLC, general partner

By:_____ /s/   EMANUEL R. PEARLMAN_____
               Emanuel R. Pearlman
               General Manager

LIBERATION INVESTMENTS LTD

By:_____ /s/   EMANUEL R. PEARLMAN_____
               Emanuel R. Pearlman
               Director

LIBERATION INVESTMENT GROUP LLC

By:_____ /s/   EMANUEL R. PEARLMAN_____
               Emanuel R. Pearlman
               General Manager

EMANUEL R. PEARLMAN

_____ /s/   EMANUEL R. PEARLMAN_____

EX-15 2 dex15.htm STIPULATED ORDER OF FINAL JUDGEMENT

Exhibit 15

EFiled: Oct 6 2005 11:24AM EDT [SEAL]<br/>Transaction ID 6953154

IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| LIBERATION INVESTMENTS, L.P. and | ) | |
| LIBERATION INVESTMENTS, LTD. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 1636-N |
| | ) | |
| | ) | |
| BALLY TOTAL FITNESS HOLDING | ) | |
| CORPORATION, a Delaware | ) | |
| corporation, | ) | |
| | ) | |
| Defendant. | ) | |

**STIPULATED ORDER OF FINAL JUDGMENT**

The parties to this action hereby agree, subject to the approval of the Court, to the following Order of Final Judgment in this § 211 action.

1. Unless otherwise ordered by this Court, defendant Bally Total Fitness Holding Corporation ("Bally" or the "Company") shall hold an annual meeting of stockholders (the "Stockholders' Meeting") on Thursday, January 26, 2006, in Chicago, Illinois or its suburbs at a time convenient for Bally's stockholders. The record date for the Stockholders' Meeting shall be no earlier than December 12, 2005 and no later than December 23, 2005.

2. In order to demonstrate to the Court that the timing of the meeting is feasible and that a materially earlier meeting date would present practical difficulties, Bally shall cause its Chief Financial Officer (the "CFO") promptly to file a sworn affidavit with the Court that he has been informed by both Bally's internal accounting

department and external auditors that the Company should be able to file its financial statements with the Securities and Exchange Commission by (but not appreciably before) November 30, 2005, and that based upon inquiry he believes that the Court may reasonably rely upon such information. In addition, should the CFO subsequently learn that Bally will likely not be able to file its financial statements by November 30, 2005, he will promptly inform the Court and the plaintiffs of that fact.

3. At the Stockholders' Meeting, elections shall be held for the three Bally directors in Class III positions.

4. Nothing in this Stipulated Order shall constitute a waiver of the parties' positions with respect to the proper composition of the board or the number of directors.

RICHARDS, LAYTON & FINGER, P.A.

/s/ RAYMOND J. DICAMILLO
_____
Gregory P. Williams (I.D. #2168)
Raymond J. DiCamillo (I.D. #3188)
Brock E. Czeschin (I.D. #3938)
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
Attorneys for Bally Total Fitness Holding Corporation

Dated: October 6, 2005

ASHBY & GEDDES

/s/ STEPHEN E. JENKINS
_____
Stephen E. Jenkins (I.D. #2152)
Lauren E. Maguire (I.D. #4261)
222 Delaware Avenue
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888
Attorneys for Liberation Investments, L.P. and Liberation Investments, Ltd.

2

# EXHIBIT 13

# SEC EDGAR Filing Information

# Form SC 13D/A -- General statement of acquisition of beneficial ownership [amend]

Filing Date Changed: **2005-10-31**
Group Members: **EMANUEL R. PEARLMANLIBERATION INVESTMENTS, L.P.LIBERATION INVESTMENTS, LTD.**
Documents: **2**

SEC Accession No.
**0001193125-05-211792**
Filing date: **2005-10-31**
Accepted: **2005-10-31 11:31:00**

## Table of submitted documents:

| Seq | Type | Document | Size | Description |
|-----|------|----------|------|-------------|
| 1 | SC 13D/A | dsc13da.htm | 69526 | AMENDMENT NO. 12 TO SCHEDULE 13D |
| 2 | EX-16 | dex16.htm | 28629 | LETTER RE: DEMAND FOR INSPECTION OF BOOKS AND RECORDS |
|   |   | 0001193125-05-211792.txt | 100160 | **Complete submission text file** |

## Filer Information

**BALLY TOTAL FITNESS HOLDING CORP** (Subject) (**0000770944**)
IRS No.: **363228107** | State of Incorp.: **DE** | Fiscal Year End: **1231**
Type: **SC 13D/A** | Act: **34** | File No.: **005-47769** | Film No.: **051165325**
SIC: **7997** Services-Membership Sports & Recreation Clubs

**Business Address**
8700 WEST BRYN MAWR AVENUE
SECOND FLOOR
CHICAGO IL 60631
773-380-3000

**Mailing Address**
8700 WEST BRYN MAWR AVENUE
SECOND FLOOR
CHICAGO IL 60631

**LIBERATION INVESTMENT GROUP LLC** (Filed by) (**0001259272**)
IRS No.: **000000000** | State of Incorp.: | Fiscal Year End:
Type: **SC 13D/A** | Act: | Film No.:

**Business Address**

**Mailing Address**
11766 WILSHIRE BLVD.,
SUITE 870
LOS ANGELES CA 90025

SC 13D/A 1 dsc13da.htm AMENDMENT NO. 12 TO SCHEDULE 13D

# SECURITIES AND EXCHANGE COMMISSION
## WASHINGTON, D.C. 20549

# SCHEDULE 13D

### Information to be Included in Statements Filed Pursuant to Rule 13d-1(a) and Amendments Thereto Filed Pursuant to Rule 13d-2(a) Under the Securities Exchange Act of 1934 (Amendment No. 12)*

BALLY TOTAL FITNESS HOLDING CORPORATION

**(Name of Issuer)**

COMMON STOCK, NO PAR VALUE, $ 01 PER SHARE

**(Title of Class of Securities)**

058 73K 10 8

**(CUSIP Number)**

KENNETH J. BARONSKY
MILBANK, TWEED, HADLEY & McCLOY LLP
601 S. FIGUEROA STREET, 30TH FLOOR
LOS ANGELES, CA 90017
TELEPHONE: 213-892-4333

**(Name, address and telephone number of person authorized to receive notices and communications)**

October 31, 2005

**(Date of event which requires filing of this statement)**

If the filing person has previously filed a statement on Schedule 13G to report the acquisition which is the subject of this Schedule 13D, and is filing this schedule because of Rule 13d-1(e), 13d-1(f) or 13d-1(g), check the following box ☐.

**NOTE:** Schedules filed in paper format shall include a signed original and five copies of the schedule, including all exhibits. See Rule 13d-7 for other parties to whom copies are to be sent.

* The remainder of this cover page shall be filled out for a reporting person's initial filing on this form with respect to the subject class of securities, and for any subsequent amendment containing information which would alter disclosures provided in a prior cover page.

The information required on the remainder of this cover page shall not be deemed to be "filed" for the purpose of Section 18 of the Securities Exchange Act of 1934 ("Act") or otherwise subject to the liabilities of that section of the Act but shall be subject to all other provisions of the Act (however, see the Notes).

CUSIP No. 058 73K 10 8

| | |
|---|---|
| (1) NAME OF REPORTING PERSON S.S. OR I.R.S. IDENTIFICATION NO. OF ABOVE PERSON | |
| Liberation Investments, L.P. | |
| (2) CHECK THE APPROPRIATE BOX IF A MEMBER OF A GROUP<br>(a) ☐<br>(b) ☒ | |
| (3) SEC USE ONLY | |
| (4) SOURCE OF FUNDS | |
| WC | |
| (5) CHECK BOX IF DISCLOSURE OF LEGAL PROCEEDINGS IS REQUIRED PURSUANT TO ITEMS 2(d) OR 2(e) | ☐ |
| (6) CITIZENSHIP OR PLACE OF ORGANIZATION | |
| Delaware | |

| NUMBER OF SHARES BENEFICIALLY OWNED BY PERSON WITH | (7) SOLE VOTING POWER | 0 |
|---|---|---|
| | (8) SHARED VOTING POWER | 2,662,963 |
| | (9) SOLE DISPOSITIVE POWER | 0 |
| | (10) SHARED DISPOSITIVE POWER | 2,662,963 |

| | |
|---|---|
| (11) AGGREGATE AMOUNT BENEFICIALLY OWNED BY EACH REPORTING PERSON | |
| 2,662,963 | |
| (12) CHECK BOX IF THE AGGREGATE AMOUNT IN ROW (11) EXCLUDES CERTAIN SHARES | ☐ |
| (13) PERCENT OF CLASS REPRESENTED BY AMOUNT IN ROW (11) | |
| 7.84% | |
| (14) TYPE OF REPORTING PERSON | |
| PN | |

Page 2

CUSIP No. 058 73K 10 8

| | |
|---|---|
| (1) NAME OF REPORTING PERSON S.S. OR I.R.S. IDENTIFICATION NO. OF ABOVE PERSON<br><br>Liberation Investments, Ltd. | |
| (2) CHECK THE APPROPRIATE BOX IF A MEMBER OF A GROUP<br>(a) ☐<br>(b) ☒ | |
| (3) SEC USE ONLY | |
| (4) SOURCE OF FUNDS<br><br>WC | |
| (5) CHECK BOX IF DISCLOSURE OF LEGAL PROCEEDINGS IS REQUIRED PURSUANT TO ITEMS 2(d) OR 2(e) | ☐ |
| (6) CITIZENSHIP OR PLACE OF ORGANIZATION<br><br>Cayman Islands | |

| NUMBER OF SHARES BENEFICIALLY OWNED BY PERSON WITH | (7) SOLE VOTING POWER<br><br>0 |
|---|---|
| | (8) SHARED VOTING POWER<br><br>1,436,487 |
| | (9) SOLE DISPOSITIVE POWER<br><br>0 |
| | (10) SHARED DISPOSITIVE POWER<br><br>1,436,487 |

| | |
|---|---|
| (11) AGGREGATE AMOUNT BENEFICIALLY OWNED BY EACH REPORTING PERSON<br><br>1,436,487 | |
| (12) CHECK BOX IF THE AGGREGATE AMOUNT IN ROW (11) EXCLUDES CERTAIN SHARES | ☐ |
| (13) PERCENT OF CLASS REPRESENTED BY AMOUNT IN ROW (11)<br><br>4.23% | |
| (14) TYPE OF REPORTING PERSON<br><br>CO | |

CUSIP No. 058 73K 10 8

| | |
|---|---|
| (1) NAME OF REPORTING PERSON S.S. OR I.R.S. IDENTIFICATION NO. OF ABOVE PERSON<br><br>Liberation Investment Group LLC | |
| (2) CHECK THE APPROPRIATE BOX IF A MEMBER OF A GROUP<br>(a) ☐<br>(b) ☒ | |
| (3) SEC USE ONLY | |
| (4) SOURCE OF FUNDS<br><br>N/A | |
| (5) CHECK BOX IF DISCLOSURE OF LEGAL PROCEEDINGS IS REQUIRED PURSUANT TO ITEMS 2(d) OR 2(e) | ☐ |
| (6) CITIZENSHIP OR PLACE OF ORGANIZATION<br><br>Delaware | |

| | | |
|---|---|---|
| | (7) SOLE VOTING POWER<br><br>0 | |
| NUMBER OF SHARES BENEFICIALLY OWNED BY PERSON WITH | (8) SHARED VOTING POWER<br><br>4,099,450 | |
| | (9) SOLE DISPOSITIVE POWER<br><br>0 | |
| | (10) SHARED DISPOSITIVE POWER<br><br>4,099,450 | |

| | |
|---|---|
| (11) AGGREGATE AMOUNT BENEFICIALLY OWNED BY EACH REPORTING PERSON<br><br>4,099,450 | |
| (12) CHECK BOX IF THE AGGREGATE AMOUNT IN ROW (11) EXCLUDES CERTAIN SHARES | ☐ |
| (13) PERCENT OF CLASS REPRESENTED BY AMOUNT IN ROW (11)<br><br>12.06% | |
| (14) TYPE OF REPORTING PERSON<br><br>OO, IA | |

Page 4

CUSIP No. 058 73K 10 8

| | |
|---|---|
| (1) NAME OF REPORTING PERSON S.S. OR I.R.S. IDENTIFICATION NO. OF ABOVE PERSON <br><br> Emanuel R. Pearlman | |
| (2) CHECK THE APPROPRIATE BOX IF A MEMBER OF A GROUP <br> (a) ☐ <br> (b) ☒ | |
| (3) SEC USE ONLY | |
| (4) SOURCE OF FUNDS <br><br> N/A | |
| (5) CHECK BOX IF DISCLOSURE OF LEGAL PROCEEDINGS IS REQUIRED PURSUANT TO ITEMS 2(d) OR 2(e) | ☐ |
| (6) CITIZENSHIP OR PLACE OF ORGANIZATION <br><br> United States | |

| NUMBER OF SHARES BENEFICIALLY OWNED BY PERSON WITH | (7) SOLE VOTING POWER <br><br> 35,000 |
|---|---|
| | (8) SHARED VOTING POWER <br><br> 4,099,450 |
| | (9) SOLE DISPOSITIVE POWER <br><br> 35,000 |
| | (10) SHARED DISPOSITIVE POWER <br><br> 4,099,450 |

| | |
|---|---|
| (11) AGGREGATE AMOUNT BENEFICIALLY OWNED BY EACH REPORTING PERSON <br><br> 4,134,450 | |
| (12) CHECK BOX IF THE AGGREGATE AMOUNT IN ROW (11) EXCLUDES CERTAIN SHARES | ☐ |
| (13) PERCENT OF CLASS REPRESENTED BY AMOUNT IN ROW (11) <br><br> 12.16% | |
| (14) TYPE OF REPORTING PERSON <br><br> IN, HC | |

Page 5

## INTRODUCTORY STATEMENT

This Amendment No. 12 (this "Amendment") relates to the Schedule 13D filed on behalf of (i) Liberation Investments, L.P., a Delaware limited partnership ("LILP"); (ii) Liberation Investments Ltd. ("LILTD"), a private offshore investment corporation; (iii) Liberation Investment Group, LLC ("LIGLLC"), a Delaware limited liability company and general partner of LILP and discretionary investment advisor to LILTD; and (iv) Emanuel R. Pearlman, as General Manager, Chief Investment Officer and majority member of LIGLLC, with the Securities and Exchange Commission on June 8, 2004, as amended by Amendment No. 1 filed on July 13, 2004, Amendment No. 2 filed on August 27, 2004, Amendment No. 3 filed on September 1, 2004, Amendment No. 4 filed on September 10, 2004, Amendment No. 5 filed on December 13, 2004, Amendment No. 6 filed on April 26, 2005, Amendment No. 7 filed on May 6, 2005, Amendment No. 8 filed on July 19, 2005, Amendment No. 9 filed on July 22, 2005, Amendment No. 10 filed on September 19, 2005 and Amendment No. 11 filed on October 11, 2005 (the "Schedule 13D"), relating to shares of common stock, $.01 par value per share, of Bally Total Fitness Holding Corporation (the "Company").

Items 4 and 7 of the Schedule 13D are hereby amended and supplemented as follows:

ITEM 4. PURPOSE OF TRANSACTION

On October 31, 2005, pursuant to Section 220 of the Delaware General Corporation Law, LILP and LILTD submitted a letter (a copy of which is attached to this filing as Exhibit 16, the "Demand Letter") to the Company pursuant to Section 220 of the Delaware General Corporation Law demanding the right to inspect the Company's stockholder list and certain books and records of the Company relating to, among other things, the (i) adoption by the Company's Board of Directors (the "Board") on October 18, 2005 of a Stockholder Rights Plan (the "Poison Pill"), (ii) independence of certain directors and the circumstances of their appointment to the Board and (iii) Company's retention of Russell Reynolds Associates ("RRA") to find independent directors and the relationship between RRA and existing directors of the Company.

LILP and LILTD submitted the Demand Letter to the Company in order to investigate the adoption of a management protection provision in the Poison Pill. In addition, LILP and LILTD seek to investigate whether all of the "independent" members of the Board are in fact independent of the influence of the Company's management and whether their connections with the Company's management were properly disclosed before they were appointed. LILP and LILTD intend to examine all of the documentary materials and other information made available to them by the Company pursuant to the Demand Letter and, if appropriate, use such materials in a legal action against the Company. In addition, LILP and LILTD are weighing the possibility of running a proxy contest to, among other possibilities, elect directors or change the Company's by-laws to permit the stockholders to vote to remove Mr. Paul Toback as Chief Executive Officer of the Company.

As a result of their submission of the Demand Letter to the Company, LILP and LILTD may engage in discussions with the Company's stockholders, management or Board concerning the matters set forth in clauses (i) through (iii) of this Item 4 of the Schedule 13D.

ITEM 7. MATERIAL TO BE FILED AS EXHIBITS

The following exhibit is filed with this Amendment:

Exhibit 16.    Letter Re: Demand For Inspection Of Books And Records Of Bally Total Fitness Holding Corporation Pursuant to 8 Del.C. §220, dated as of October 28, 2005, submitted by LILP and LILTD to the Company.

## SIGNATURE

After reasonable inquiry and to the best of my knowledge and belief, I certify that the information set forth in this statement is true, complete and correct.

Dated: October 31, 2005

LIBERATION INVESTMENTS, L.P.
By: Liberation Investment Group LLC, general
    partner

By: /s/ Emanuel R. Pearlman
    ————————————————————
    Emanuel R. Pearlman
    General Manager

LIBERATION INVESTMENTS LTD.

By: /s/ Emanuel R. Pearlman
    ————————————————————
    Emanuel R. Pearlman
    Director

LIBERATION INVESTMENT GROUP LLC

By: /s/ Emanuel R. Pearlman
    ————————————————————
    Emanuel R. Pearlman
    General Manager

EMANUEL R. PEARLMAN

/s/ Emanuel R. Pearlman
————————————————————

EX-16 2 dex16.htm LETTER RE: DEMAND FOR INSPECTION OF BOOKS AND RECORDS

Exhibit 16

**LIBERATION INVESTMENTS, L.P.**
11766 Wilshire Blvd, Suite No. 870
Los Angeles, CA 90025

**LIBERATION INVESTMENTS, LTD.**
11766 Wilshire Blvd, Suite No. 870
Los Angeles, CA 90025

October 31, 2005

*By Hand*
The Board of Directors
Bally Total Fitness Holding Corporation
c/o CT Corporation
1209 Orange Street
Wilmington, DE 19801

*By Federal Express*
The Board of Directors
Bally Total Fitness Holding Corporation
8700 West Bryn Mawr Avenue
Chicago, IL 60631
C/o: Marc D. Bassewitz, Esq.

*Re: Demand For Inspection Of Books And Records Of Bally Total
Fitness Holding Corporation Pursuant to 8 Del.C. §220*

Gentlemen:

As you are aware Liberation Investments, L.P. and Liberation Investments, Ltd. (collectively, "Liberation") are record and beneficial holders of shares of Bally Total Fitness Holding Corporation, a Delaware corporation ("Bally" or the "Company").

Pursuant to Section 220 of the Delaware General Corporation Law, Liberation hereby demands the right (by its attorneys, consultants, or other agents), during the usual hours of business, to inspect the following books and records of the Company and to make copies or extracts therefrom.

Corporate Books and Records

1. All written or electronic documents or other records pertaining to the Company's adoption of the "Stockholder Rights Plan" (the "Poison Pill") announced on October 18, 2005, or any other anti-takeover measures being contemplated by the board, including, without limitation, copies of all minutes of board or board committee meetings discussing or considering whether a poison pill should be adopted.

Bally Total Fitness Holdings Corporation
October 31, 2005
Page 2

2. All written or electronic documents or other records relating to the information provided to the board of directors – or its individual members – about the Poison Pill or other anti-takeover measures, including, without limitation, with respect to the effect that the Poison Pill would have on a proxy contest for the election of directors.

3. All written or electronic documents or other records relating to or evidencing communication between the Company and its agents or advisors and JPMorgan Chase Bank or its agents in connection with the Company's efforts to obtain the consent of JPMorgan Chase Bank and the lender group under the Company's Credit Agreement to the adoption of the Poison Pill, including, without limitation, any and all email communications sent or received in connection therewith.

4. All written and electronic documents from or to any professionals, including investment bankers and proxy solicitors, who assisted or advised the Company in the adoption of the Poison Pill.

5. All written or electronic documents or other records pertaining to Bally's hiring of Russell Reynolds Associates ("RRA"), and all information concerning the relationship between RRA and/or any of its officers and employees, on one hand, and the Company and and/or any of its officers and employees, on the other hand.

6. All written or electronic documents or other records provided to or generated by the board or any committee thereof concerning the following persons before they were invited to become directors: Mr. Wilhelm, Dr. Seymann, Mr. Rogers, Mr. Deutsch, and Mr. Langshur.

7. Any written or electronic documents or other records in the Company's possession relating to the personal or business relationships between or among Mr. Toback and Messrs. Wilhelm, Rogers, Deutsch and Langshur and Dr. Seymann.

8. All written or electronic documents or other records concerning any person that Mr. Toback has proposed or recommended be added to the board of directors, and all documents relating to the resignations of Mr. Wilhelm, Dr. Seyman and Mr. Swid.

Stocklist Materials

9. The most recent complete record or list of the stockholders of record of the Company, certified by its transfer agent, showing the name and address of each stockholder and the number of shares of stock registered in the name of each stockholder.

Bally Total Fitness Holdings Corporation
October 31, 2005
Page 3

10. All information in the Company's possession or control, or which can reasonably be obtained from nominees of any central certificate depository system, or from banks, brokers or dealers, concerning the number and identity of the actual beneficial owners of the Company's stock including, but not limited to, all "CEDE breakdowns" omnibus proxies from such entities.

11. All information in, or which comes into, the possession or control of the Company, or which can reasonably be obtained from brokers, dealers, banks, clearing agencies, voting trustees or other nominees concerning the names, addresses and number of shares of the non-objecting beneficial owners and consenting beneficial owners of the stock of the Company ("NOBOs").

Purpose. As you are aware, Liberation has long been concerned about the quality of corporate governance at Bally. It is our view that Mr. Toback has not performed adequately as CEO and has spent far too much energy manipulating the corporate machinery to his own advantage, including attempts to entrench his position in office, rather than focusing his efforts on maximizing value for shareholders. The Company's recent adoption of the Poison Pill has greatly increased these concerns. As you are aware, we privately informed the Company that while we supported the use of a poison pill to prevent the takeover of the Company for an unfair price, we believe that the provisions of this Poison Pill that purport to prevent the formation of proxy groups are illegal and inequitable under Delaware law. Specifically, the Poison Pill prevents shareholders holding in excess of 15% of the Company's stock from jointly nominating a slate of directors or from seeking to change the by-laws (the "Management Protection Provision").

The Poison Pill – including the Management Protection Provision – was enacted only after we obtained a court order requiring the Company to hold a shareholder meeting, and only after another stockholder group filed a preliminary proxy statement. Thus, the Management Protection Provision was adopted only after the Company was confronted with the prospect of a proxy fight. As far as we know the Poison Pill was not adopted in the face of a hostile bid. We asked the Company to revise or dispense with the Management Protection Provision, and – as you know – we advised the Company that we would allow it to announce such a change on its own and that we would seek no public credit for it. The Company, however, refused to make such a change, which leads us to believe that the Company's primary purpose in adopting the Management Protection Provision was to prevent its many disgruntled stockholders from joining together in a proxy fight. What other purpose might the board have for adopting such a provision behind closed doors and without shareholder consent on the eve of a court-mandated shareholder meeting?

We are considering bringing an action in the Delaware Chancery Court to enjoin the application of the Management Protection Provision in time to allow all stockholders a full and

Bally Total Fitness Holdings Corporation
October 31, 2005
Page 4

fair opportunity to vote on director candidates and other shareholder proposals. At present though, we seek to inspect certain of the Company's books and records relating to its adoption of the Poison Pill, including materials that relate to the Management Protection Provision. In its press release, the Company claims that it had been discussing the Poison Pill "with its advisors for some time" prior to enacting it. We would like to see all the board materials supporting that claim as well as evidence of the timing and substance of the Company's and its advisors' communications with JPMorgan Chase Bank to obtain the consent to the adoption of the Poison Pill required under the Credit Agreement.

We also seek documents concerning how certain directors came to hold seats on the board and whether they are in fact "independent," as the Company claims. Bally currently has six directors: Paul Toback and five additional members We understand that one of those directors, Mr. Deutsch, is a childhood friend of Mr. Toback. We have been informed that another director has told friends that he joined the board to "protect" Mr. Toback. Clearly, if this information is true, it would show that at least half the board is not independent. We have also been told that Mr. Toback has been very influential in causing the selection of directors with whom he had had a prior relationship. In this connection, we note that the Charter of the Nominating Committee mandates a markedly different approach to the selection of directors, requiring that Committee (and not the CEO) to "lead the search for individuals qualified to become members of the board." It goes on to provide that "[c]andidates for nomination as director are considered on the basis of their broad business, financial and public service experience, and should not represent any particular constituency, but rather the stockholders generally. . . . In addition, the activities or associations of the nominees should not constitute conflicts of interest or legal impediments that might preclude service as a director."

We also intend to investigate the Company's curious decision to hire RRA. The Company has publicly trumpeted the fact that it has hired RRA to help find suitable independent directors. It is our understanding, however, that RRA is not, as advertised, a wholly independent actor in this episode, but that a senior official in its Chicago office is a very close friend of a director who is, in turn, close to Mr. Toback. In other words, we understand that there is every reason to believe that Mr. Toback will have the ability to unduly influence this search in order to make sure that the "independent" candidates will not be independent enough to oppose his views. We wish to review whatever documentary materials or other information the Company has on this subject.

We intend to examine all the information we receive and then, if appropriate, use it in either the potential Chancery Court action described above, or in some other appropriate proceeding. Finally, we are seeking the Company's stocklist materials because we are weighing running a proxy contest to, among other possibilities, elect directors or change the Company's by-laws to permit the stockholders to vote to remove Mr. Toback as CEO.

Bally Total Fitness Holdings Corporation
October 31, 2005
Page 5

We will agree to a reasonable confidentiality agreement in order to review the information requested in this letter.

Please have your counsel advise our counsel, Kenneth Baronsky or Stephen E. Jenkins where and when the aforementioned books, records and other documents will be available for inspection and copying. Mr. Baronsky can be reached at Milbank, Tweed, Hadley & McCloy, LLP, 602 South Figueroa Street, Suite 3000, Los Angeles, CA 90017 (telephone 213-892-4333; facsimile 213-892-4733; e-mail kbaronsky@milbank.com). Mr. Jenkins can be reached at Ashby & Geddes, P.O. Box 1150, 222 Delaware Avenue, Wilmington, DE 19899 (telephone: 302-654-1888; facsimile: 302-654-2067; email: sjenkins@ashby-geddes.com).

Very truly yours,

/s/ Emanuel R. Pearlman

Emanuel R. Pearlman General Manager/Director

**Verification and Power of Attorney**

State of California
County of Los Angeles

BE IT REMEMBERED that, the undersigned, Emanuel R. Pearlman personally appeared before me, who being duly sworn, deposes and says:

1.  That the foregoing is the undersigned's letter of demand for the inspection of designated stocklist materials and books and records of Bally Total Fitness Holding Company and that the statements made in such letter are true and correct.

2.  That the letter designates Milbank, Tweed, Hadley & McCloy, LLP and Kenneth Baronsky, and Ashby & Geddes and Stephen E. Jenkins and their respective partners, associates, employees, and other persons to be designated by them, acting together, singly, or in combination, as the undersigned's attorney or agent to conduct such inspection, and that the foregoing and this verification are the undersigned's power of attorney authorizing the foregoing persons to act on behalf of the undersigned.

/s/ Emanuel R. Pearlman
_____

Emanuel R. Pearlman

SWORN TO AND SUBSCRIBED BEFORE ME

this 31st day of October, 2005

_____
Notary Public