**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **BALLY TOTAL FITNESS HOLDING**<br>**CORPORATION,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No. 05-841-JJF** |
| v. | ) | |
| | ) | |
| **LIBERATION INVESTMENTS, L.P.,** | ) | |
| **LIBERATION INVESTMENTS, LTD.,** | ) | |
| **LIBERATION INVESTMENT GROUP LLC** | ) | |
| **and EMANUEL R. PEARLMAN,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY

Pursuant to Rules 26(d), 33(b)(3), 34(b) and 36(a) the Federal Rules of Civil Procedure, Plaintiff Bally Total Fitness Holding Corporation ("Bally"), by its attorneys, hereby moves the Court for expedited discovery from Defendants Liberation Investment Group LLC, Liberation Investments, L.P., Liberation Investments, Ltd., and Emanuel R. Pearlman (collectively, "Defendants").

### INTRODUCTION

1.     Plaintiff Bally Total Fitness Holding Corporation ("Bally") has scheduled its next annual meeting of stockholders for January 26, 2006. At that meeting, stockholders will be asked to make a number of important decisions regarding the Company, including selecting from among multiple proposed slates of candidates for open directors' positions.

2.     Defendants have recently begun to seek stockholder support for an illegal, invalid, and misleading proposal that Defendants propose to present for consideration at the upcoming meeting of stockholders. The proposal purports to grant to stockholders the power to remove the Company's Chief Executive Officer by direct stockholder vote, even though the Company's charter provides that only the Board of Directors shall have that power. In addition, the proposal would, if accepted, immediately oust Bally's current CEO without making any

provision for a replacement, thereby leaving the Company without a CEO at a time when it is (1) struggling to turn around its fortunes following revelation of a number of accounting errors attributable to a culture of "aggressive accounting" fostered by prior management and (2) considering written demands from other shareholders that the Company take action with respect to prior management for alleged wrongdoing.

       3.      In addition to being invalid as a substantive matter, Defendants' proposal has been put forward in a series of publicly-filed disclosures that are materially incorrect, incomplete and misleading in violation of Sections 13(d) and 14(a) of the Securities Exchange Act of 1934. Among other things, Defendants have failed to disclose Defendants' support for certain director candidates put forward by other insurgent stockholders, as well as Defendants' longstanding and continuing relationship with discredited prior management and their intent to use the proxy solicitation process to prevent the current board and current management from considering all the Company's options with respect to members of prior management.

       4.      In an attempt to avoid the irreparable harm being done by Defendants' incomplete and misleading disclosures, to prevent Defendants from poisoning Bally's upcoming stockholder meeting with its illegal and invalid proposal, and to forestall the chaos that would ensue if Defendants were to succeed in their attempt to mislead stockholders into decimating Bally's current management to benefit discredited members of prior management, Bally has filed an action in the Delaware Court of Chancery seeking a declaration that Defendants' proposal is invalid under Delaware law, and concurrently filed the Complaint in the instant action seeking temporary and preliminary injunctive relief against further proxy solicitations by Defendants

       5.      Bally's request for a preliminary injunction will require that Bally be able to take limited discovery regarding Defendants' plans, preparations and disclosures regarding the proposal. This discovery must be completed in time for a hearing on Bally's motion for

preliminary injunction prior to the January 26, 2006 annual meeting of stockholders. Accordingly, Bally moves this Court for leave to take expedited discovery in advance of the meet and confer conference required under Federal Rule of Civil Procedure 26(f).

6.    The Federal Rules expressly grants to courts the power to expedite discovery. *See* Fed. R. Civ. P. 26(d) (granting broad authority to court to direct sequence of discovery); *id.*, Rules 33(a) & 34(b) (requiring "leave of court" for service of written discovery before initial conference); *id.*, Rules 33(b)(3), 34(b) & 36(a) (expressly allowing courts to shorten the time for response to written discovery).

7.    In considering such requests, courts in the Third Circuit generally employ a "reasonableness" standard, at least "when the purpose of the expedited discovery is to gather evidence for an upcoming preliminary injunction hearing." *BAE Sys. Aircraft Controls, Inc. v. Eclipse Aviation Corp.*, 224 F.R.D. 581, 587 (D. Del. 2004). Under this standard, expedited discovery will be ordered if the moving party shows that "the expedited discovery request is reasonable in light of all the circumstances," and "if the discovery requests are narrowly tailored to fit the issues raised in the preliminary injunction, expedited discovery ***should*** be granted." *Id.* (emphasis added); *see also Entertainment Tech. Corp. v. Walt Disney Imagineering*, No. Civ. A. 03-3546, 2003 WL 22519440, at *3 (E.D. Pa. Oct. 2, 2003) (collecting cases that employ the reasonableness standard to grant expedited discovery for purposes of preliminary injunction hearing); *Ellsworth Assocs., Inc. v. United States*, 917 F. Supp. 841, 844 (D.D.C. 1996) (commenting that "[e]xpedited discovery is particularly appropriate when a plaintiff seeks injunctive relief because of the expedited nature of injunctive proceedings").

8.    Cases in which injunctive relief is requested to remedy misleading shareholder proposals - - like this case - - are prime candidates for expedited discovery given the short timetables usually at issue in those cases. *See, e.g., CNW Corp/ v. Japonica Partners, L.P.*,

874 F.2d 193, 196-97, 201 (3d Cir. 1989) (noting expedited discovery and briefing in Section 14(a) case where preliminary injunction was heard, denied by district court, and granted by appeals court, all by the day following the relevant shareholder meeting); *Denison Mines Ltd. v. Fibreboard Corp.*, 388 F. Supp. 812, 815 (D. Del. 1974) (noting expedited discovery in proxy case and agreement of parties to adjourn the shareholder meeting for a week to allow the court to reach a decision on preliminary injunction).

9.    At issue in Bally's motion for preliminary injunction will be at least three primary issues: (1) whether Defendants' proposal to amend Bally's By-laws in a manner inconsistent with Delaware law and Bally's corporate charter is invalid; (2) whether Defendants' filings under Section 13(d) and Section 14(a) of the Securities Exchange Act of 1934 contained material inaccuracies or omissions, or were otherwise misleading; and (3) whether under the circumstances and applicable legal standards preliminary injunctive relief is appropriate. A hearing on these issues will require evidence regarding Defendants' plans and communications regarding the proposal, as well as evidence regarding Defendants' agreements or cooperation with other stockholder groups that have put forth slates of director candidates for consideration at the January annual meeting.

10.    Bally has prepared and intends to serve narrowly focused written discovery directed at these specific issues necessary for a ruling on its motion for preliminary injunction. For the Court's convenience, Bally has submitted with this motion a proposed set of interrogatories (Exhibit A hereto), requests for the production of documents (Exhibit B hereto) and requests for admission (Exhibit C hereto) that it intends to serve on Defendants if this motion is granted. Bally requests that Defendants be required to respond to this written discovery on an expedited schedule - - namely seven days, instead of thirty days - - due to the urgency of this matter.

11.    Bally also requests that Defendants produce for deposition a select group of employees or other persons. In addition, Bally expects to issue subpoenas to a limited number of third parties for documents and/or depositions.

12.    Bally's requested expedition of discovery is reasonable under all of the circumstances of this case.

13.    Given the fact that Bally's annual meeting will occur only 45 days from today, time is clearly of the essence. Adhering to the normal course of discovery here could destroy this Court's ability to provide an effective remedy to Defendants' violations of federal securities law, if it were impossible to end those violations and correct Defendants' false and misleading proxy solicitation disclosures well in advance of the January 26, 2006 annual meeting. As is more completely discussed in Bally's Motion for Temporary Restraining Order and Opening Brief, Defendants are attempting to usurp the powers of the Board of Directors and oust the current CEO "effective immediately." These are drastic changes to Bally's corporate structure that cannot be taken lightly. Without expedited discovery and a preliminary injunction in place by the time of the annual meeting, Bally will not be afforded the necessary protection to guard against these serious threats to its stability.

14.    Given the looming deadline of the Annual Meeting, and given Bally's limited and reasonable request, expedition of discovery in this case is reasonable and should be granted. Bally proposes the following schedule for expedited discovery:

- Bally serves written discovery requests on December 7, 2005;

- Defendants respond to Bally's written discovery requests by December 14, 2005;

- The parties take depositions of fact witnesses between December 16, 2005 and December 23, 2005;

- The parties simultaneously exchange expert reports on December 27, 2005; and

- The parties complete depositions of expert witnesses by December 30, 2005.

WHEREFORE, Defendants respectfully requests that the Court permit Bally to conduct limited expedited discovery consistent with that requested in this motion.


Date:  December 7, 2005

Respectfully submitted,

*Elizabeth C. Tucker*

Gregory P. Williams (#2168)
*Williams@rlf.com*
Raymond J. DiCamillo (#3188)
*Dicamillo@rlf.com*
Elizabeth C. Tucker (#4468)
*Tucker@rlf.com*
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
10th and King Streets
Wilmington, Delaware  19899
Tel:  (302) 651-7700
Fax:  (302) 651-7701

-and-

Laurie B. Smilan
LATHAM & WATKINS LLP
11955 Freedom Drive, Suite 500
Reston, Virginia  20190
Tel:  (703) 456-1000
Fax:  (703) 456-1001

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **BALLY TOTAL FITNESS HOLDING CORPORATION,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **Civil Action No. 05-841-JJF** |
| | ) | |
| **LIBERATION INVESTMENTS, L.P., LIBERATION INVESTMENTS, LTD., LIBERATION INVESTMENT GROUP LLC and EMANUEL R. PEARLMAN,** | ) ) ) ) ) | |
| **Defendants.** | ) | |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS**

Pursuant to Federal Rule of Civil Procedure 33, Plaintiff Bally Total Fitness Holding Corporation hereby propounds its First Set of Interrogatories on Defendants Liberation Investment Group LLC, Liberation Investments, L.P., Liberation Investments, Ltd. and Emanuel R. Pearlman.

**DEFINITIONS AND INSTRUCTIONS**

A.    "You," "your" and "Defendants" shall mean Defendants Liberation Investment Group LLC, Liberation Investments, L.P., and Liberation Investments, Ltd., any parents, subsidiaries, or other affiliated entities, and Defendant Emanuel R. Pearlman and all agents, employees, counsel and other persons acting on their behalf.

B.    "Pearlman" shall mean defendant Emanuel R. Pearlman and all agents, employees, counsel and other persons acting on his behalf.

C.    "Liberation" shall mean defendants Liberation Investment Group LLC, Liberation Investments, L.P., and Liberation Investments, Ltd., any parents, subsidiaries, or other affiliated entities, and all agents, employees, counsel and other persons acting on their behalf.

D.    "Bally" or "Plaintiff" or the "Company" shall mean Plaintiff Bally Total Fitness Holding Corporation its predecessor entities, and all agents, employees, counsel and other persons acting on their behalf.

E.    "Pardus" shall mean Pardus European Special Opportunities Master Fund L.P., Pardus Capital Management L.P., and Pardus Capital Management LLC, any parents, subsidiaries, or other affiliated entities, and all agents, employees, counsel and other persons acting on their behalf.

F.    "Hillman" shall mean Lee S. Hillman and all agents, employees, counsel and other persons acting on his behalf.

G.    "Stockholder Proposal" shall mean the proposal described in Defendants' Form DFAN14A filed November 22, 2005 that "would (i) amend the Amended and Restated Bylaws of the Company (the 'Bylaws') to afford stockholders the right to remove the Chief Executive Officer and President upon the affirmative vote of a majority of the Company's issued and outstanding stock then entitled to vote, (ii) prevent the Board of Directors of the Company from acting unilaterally to amend the Bylaws to eliminate the stockholder authority described in clause (i) … and (iii) remove current Chief Executive Officer and President Paul A. Toback from office."

H.    "Rights Plan Redemption Proposal" shall mean the proposal described in Defendants' Schedule 13D filed June 8, 2004 that would permit a stockholder or group of stockholders to accumulate stock aggregating in excess of ten percent of the Company's outstanding shares without prior approval of the Company's Board of Directors.

I.    As used herein, the terms "refer or relate to," "referring or relating to," or "referred or related to" shall mean referring, reflecting, or pertaining to, or describing, in any

2

manner, logically, factually, indirectly, or directly or in any other way supporting negating, bearing upon, incorporating, affecting or otherwise connected to, the matter discussed.

        J.     The term "person" refers to both natural persons and legal entities.

        K.     The term "document" is used herein within its broadest sense as used in Federal Rule of Civil Procedure 34(a)(1), and thus includes without limitation originals (or high quality duplicates) and non-identical copies of letters, telegrams, memoranda, reports, drafts, notes, summaries or records of conversations and interviews, diary entries, notebooks, agreements, printed publications, drawings and sketches, graphs, charts, photographs, motion pictures, brochures, intra- and inter-company communications, promotional and advertising materials, marginal comments, patents, computer inputs, outputs, and all other computer data (whether stored by means of computer tape, disk, file or any other form of computer-related memory system), and all other writings or graphic matter or other tangible things, whether printed, recorded by any process, including tapes, phonorecords, and electronic and other data compilations from which information can be obtained or translated, if necessary, through detection devices into usable form. Any document bearing on any sheet or side thereof, any marks, including without limitation initials, stamped indicia, comments, or notations of any character which are not part of the original text or reproduction thereof, shall be considered a separate document.

        L.     As used herein, the term "communication" shall mean the transmission or receipt of information of any kind through any means, including but not limited to speech, writing, language (machine, foreign, or otherwise), computer electronics of any kind, magnetic tape, video tape, photograph, graph, symbol, sign, magnetic disk, sound, radio and/or video

3

signal, telephone, teletype, telecommunication, telegram, microfilm, microfiche, film or media of any kind.

M.    As used herein, the term "identify" as applied to a document means that the following information shall be provided; in the alternative, the identified document may be produced to Plaintiffs along with your responses to these interrogatories:

1.    the date appearing on such document, and if no date appears thereon, the answer shall so state and shall give the date or approximate date such document was prepared;

2.    the identifying or descriptive code number, file number, title or label of such document;

3.    the general nature or description of such document (*i e.*, whether it is a letter, memorandum, drawing, etc.) and the number of pages of which it consists;

4.    the name of the person who signed such document, and if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

5.    the name of the person to whom such document was addressed and the name of each person other than such addressee to whom such document or copies thereof were given or sent;

6.    the name of the person having possession, custody or control of such document;

7.    whether or not any draft, copy, or reproduction of such document contains any postscript, notation, change, or addendum not appearing

4

Case 1:05-cv-00841-JJF    Document 14    Filed 12/07/2005    Page 12 of 37

on the original of said document, and if so, the answer shall give the description as herein defined of each such draft, copy, or reproduction;

        8.    if any document was, but is no longer, in Plaintiff's possession or subject to its control, state what disposition was made of such document and when;

        9.    if any document is claimed to be privileged, state the basis on which the claim of privilege is asserted and describe the subject matter covered in the document; and

        10.    if any document is presently located in the hands of legal counsel, the term "identify" additionally means to state the location of the document immediately prior to its coming into the hands of legal counsel and to identify the person who had prior custody of the document.

        N.    As used herein, the term "identify" as applied to a natural person means to give the following information:

        1.  full name;

        2.  present or last known business address and telephone number;

        3.  title or occupation;

        4.  present or last known employer; and

        5.  if the person's present whereabouts are unknown to you, state all information known to you that reasonably may be helpful in locating said person.

        O.    As used herein, the term "identify" as applied to a corporation, company or person other than a natural person means to give the following information:

5

       1.  the name;

       2.  the place of incorporation or organization;

       3.  the principal place of business; and

       4.  the identity of all natural persons having knowledge of the

matter with respect to which it is named in response to a interrogatory.

       P.     "Describe with full particularity," as used herein, shall mean to recite, in writing, all facts that you or your counsel have obtained, have access to and/or are aware of, that refer or relate to the subject matter about which an interrogatory is being made, including but not limited to:

       1.  the source or sources of each stated fact;

       2.  the date upon which you obtained and/or became aware of each stated fact;

       3.  all persons with knowledge of each stated fact;

       4.  the identity of all documents which support, negate or otherwise refer or relate to each stated fact; and

       5.  all communications referring or relating to each stated fact.

       Q.     The words "and" and "or," as used herein, shall be construed either conjunctively or disjunctively, as required by the context, to bring within the scope of these interrogatories any information that might be deemed outside their scope by any other construction.

       N.     For every objection to an interrogatory on the grounds of privilege, provide any non-privileged information as is responsive, identify the nature of the information withheld as privileged and specify the basis for your claim of privilege.

6

O.    These interrogatories seek information in your possession as of the date of your response and shall be deemed to be continuing under Federal Rule of Civil Procedure 26(e), so that any additional information referring or relating in any way to these requests that you acquire or that becomes known to you up to and including the time of trial shall be furnished to Bally promptly after being so acquired or known by you.

## INTERROGATORIES

### INTERROGATORY NO. 1:

For each request to admit in the accompanying First Set of Requests for Admission to Defendants to which you responded with anything other than an unequivocal admission (*i e* , "Admitted"), state with full particularity all facts upon which you base your denial, objection, or non-admission.

### INTERROGATORY NO. 2:

For each request to admit in the accompanying First Set of Requests for Admission to Defendants to which you responded with anything other than an unequivocal admission (*i e*., "Admitted"), identify all documents upon which you base your denial, objection, or non-admission.

### INTERROGATORY NO. 3:

For each communication between any person employed by or representing you and anyone else referring or relating to the Stockholder Proposal, the Rights Plan Redemption Proposal, the Bally Board of Directors, candidates for the Bally Board of Directors or Pardus, identify the participants in the communication and the date of the communication.

RLF1-2954346-1

**INTERROGATORY NO. 4:**

Identify all investors in Liberation Investment Group LLC, Liberation Investments, L.P., and Liberation Investments, Ltd.

**INTERROGATORY NO. 5:**

Describe with full particularity any investment that Lee Hillman and The Lee S. Hillman Revocable Trust made in Liberation Investment Group LLC, Liberation Investments, L.P., and Liberation Investments, Ltd. or any fund created or operated by one of those entities.

**INTERROGATORY NO. 6:**

State the number of shares, partnership units, or other ownership interest of Liberation Investment Group LLC, Liberation Investments, L.P., and Liberation Investments, Ltd. that Lee Hillman or The Lee S. Hillman Revocable Trust have purchased and the dates of purchase.

**INTERROGATORY NO. 7:**

Describe with particularity Lee Hillman's and The Lee S. Hillman Revocable Trust's partnership interest in Liberation Investments, L.P.

**INTERROGATORY NO. 8:**

Identify each person with knowledge referring or relating to the allegations in the Complaint.

**INTERROGATORY NO. 9:**

Identify all documents or other tangible items you relied on in any manner in answering the Interrogatories, and identify the custodian, location and general description of any such documents or items.

8

**INTERROGATORY NO. 10:**

Do you contend that you would suffer prejudice if you were precluded from soliciting proxies and stockholder support for the Stockholder Proposal? If so, describe with full particularity all such prejudice, including but not limited to the types and amounts of damages that you contend you would incur and the alternate plans you may have considered or adopted to mitigate such prejudice.

**INTERROGATORY NO. 11:**

Identify all witnesses you plan to call at the preliminary injunction hearing and/or trial in this matter.

Date: December 7, 2005                                    Respectfully submitted,


                                         _____
                                         Gregory P. Williams (#2168)
                                         *Williams@rlf.com*
                                         Raymond J. DiCamillo (#3188)
                                         *DiCamillo@rlf.com*
                                         Elizabeth C. Tucker (#4468)
                                         *Tucker@rlf.com*
                                         RICHARDS, LAYTON & FINGER, P.A.
                                         One Rodney Square
                                         10th and King Streets
                                         Wilmington, Delaware  19899
                                         Tel:  (302) 651-7700
                                         Fax:  (302) 651-7701

                                         -and-

                                         Laurie B. Smilan
                                         LATHAM & WATKINS LLP
                                         11955 Freedom Drive, Suite 500
                                         Reston, Virginia  20190
                                         Tel:  (703) 456-1000
                                         Fax:  (703) 456-1001

9

# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **BALLY TOTAL FITNESS HOLDING CORPORATION,** | ) ) ) | |
| Plaintiff, | ) ) | **Civil Action No. 05-841-JJF** |
| v. | ) ) | |
| **LIBERATION INVESTMENTS, L.P., LIBERATION INVESTMENTS, LTD., LIBERATION INVESTMENT GROUP LLC and EMANUEL R. PEARLMAN,** | ) ) ) ) ) | |
| Defendants. | ) | |

### PLAINTIFFS' FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANTS

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff Bally Total Fitness Holding Corporation hereby propounds its First Set of Requests for the Production of Documents and Things on Defendants Liberation Investment Group LLC, Liberation Investments, L.P., Liberation Investments, Ltd. and Emanuel R. Pearlman.

### DEFINITIONS AND INSTRUCTIONS

A.    "You," "your" and "Defendants" shall mean Defendants Liberation Investment Group LLC, Liberation Investments, L.P., Liberation Investments, Ltd., any parents, subsidiaries, or other affiliated entities, and Emanuel R. Pearlman and all agents, employees, counsel and other persons acting on their behalf.

B.    "Pearlman" shall mean defendant Emanuel R. Pearlman and all agents, employees, counsel and other persons acting on his behalf.

C.    "Liberation" shall mean defendants Liberation Investment Group LLC, Liberation Investments, L.P., and Liberation Investments, Ltd., any parents, subsidiaries, or other affiliated entities, and all agents, employees, counsel and other persons acting on their behalf.

D.     "Bally" or "Plaintiff" or the "Company" shall mean Plaintiff Bally Total Fitness Holding Corporation s predecessor entities, and all agents, employees, counsel and other persons acting on their behalf.

E.     "Pardus" shall mean Pardus European Special Opportunities Master Fund L.P., Pardus Capital Management L.P., and Pardus Capital Management LLC, any parents, subsidiaries, or other affiliated entities, and all agents, employees, counsel and other persons acting on their behalf.

F.     "Hillman" shall mean Lee S. Hillman and all agents, employees, counsel and other persons acting on his behalf.

G.     "Stockholder Proposal" shall mean the proposal described in Defendants' Form DFAN14A filed November 22, 2005 that "would (i) amend the Amended and Restated Bylaws of the Company (the 'Bylaws') to afford stockholders the right to remove the Chief Executive Officer and President upon the affirmative vote of a majority of the Company's issued and outstanding stock then entitled to vote, (ii) prevent the Board of Directors of the Company from acting unilaterally to amend the Bylaws to eliminate the stockholder authority described in clause (i) ... and (iii) remove current Chief Executive Officer and President Paul A. Toback from office."

H.     "Rights Plan Redemption Proposal" shall mean the proposal described in Defendants' Schedule 13D filed June 8, 2004 that would permit a stockholder or group of stockholders to accumulate stock aggregating in excess of ten percent of the Company's outstanding shares without prior approval of the Company's Board of Directors.

I.     As used herein, the terms "refer or relate to," "referring or relating to," or "referred or related to" shall mean referring, reflecting, or pertaining to, or describing, in any

2

manner, logically, factually, indirectly, or directly or in any other way supporting negating, bearing upon, incorporating, affecting or otherwise connected to, the matter discussed.

        J.    The term "person" refers to both natural persons and legal entities.

        K.    The term "document" is used herein within its broadest sense as used in Federal Rule of Civil Procedure 34(a)(1), and thus includes without limitation originals (or high quality duplicates) and non-identical copies of letters, telegrams, memoranda, reports, drafts, notes, summaries or records of conversations and interviews, diary entries, notebooks, agreements, printed publications, drawings and sketches, graphs, charts, photographs, motion pictures, brochures, intra- and inter-company communications, promotional and advertising materials, marginal comments, patents, computer inputs, outputs, and all other computer data (whether stored by means of computer tape, disk, file or any other form of computer-related memory system), and all other writings or graphic matter or other tangible things, whether printed, recorded by any process, including tapes, phonorecords, and electronic and other data compilations from which information can be obtained or translated, if necessary, through detection devices into usable form. Any document bearing on any sheet or side thereof, any marks, including without limitation initials, stamped indicia, comments, or notations of any character which are not part of the original text or reproduction thereof, shall be considered a separate document.

        L.    As used herein, the term "communication" shall mean the transmission or receipt of information of any kind through any means, including but not limited to speech, writing, language (machine, foreign, or otherwise), computer electronics of any kind, magnetic tape, video tape, photograph, graph, symbol, sign, magnetic disk, sound, radio and/or video

signal, telephone, teletype, telecommunication, telegram, microfilm, microfiche, film or media of any kind.

M.     The words "and" and "or," as used herein, shall be construed either conjunctively or disjunctively, as required by the context, to bring within the scope of these interrogatories any information that might be deemed outside their scope by any other construction.

J.     For every objection to a document request on the grounds of privilege, provide any non-privileged documents as are responsive, identify the nature of the documents withheld as privileged and specify the basis for your claim of privilege.

K.     These document requests seek documents in your possession as of the date of your response and shall be deemed to be continuing under Federal Rule of Civil Procedure 26(e), so that any additional documents referring or relating in any way to these requests that you acquire or that becomes known to you up to and including the time of trial shall be furnished to Bally promptly after being so acquired or known by you.

L.     These document requests do not seek documents that are otherwise publicly available.

## DOCUMENT REQUESTS

### DOCUMENT REQUEST NO. 1:

Any and all documents that refer or relate to or reflect any communications with Bally (including but not limited to communications with current and former directors and current and former employees) from January 1, 2003 to the present.

### DOCUMENT REQUEST NO. 2:

Any and all documents that refer or relate to or reflect your communications with Lee Hillman that in any way refer or relate to Bally, the Stockholder Proposal, the Rights Plan

4

Redemption Proposal, the Bally Board of Directors, candidates for the Bally Board of Directors or Pardus.

**DOCUMENT REQUEST NO. 3:**

Any and all documents that refer or relate to or reflect your communications with Pardus that in any way refer or relate to Bally, the Stockholder Proposal, the Rights Plan Redemption Proposal, the Bally Board of Directors, or candidates for the Bally Board of Directors.

**DOCUMENT REQUEST NO. 4:**

Any and all documents that refer or relate to or reflect your communications with Donald Kornstein that in any way refer or relate to Bally, the Stockholder Proposal, the Rights Plan Redemption Proposal, the Bally Board of Directors, candidates for the Bally Board of Directors or Pardus.

**DOCUMENT REQUEST NO. 5:**

Any and all documents that refer or relate to or reflect your communications with Wattles Capital Management LLC and/or Mark J. Wattles that in any way refer or relate to the Stockholder Proposal, the Rights Plan Redemption Proposal, the Bally Board of Directors, candidates for the Bally Board of Directors or Pardus.

**DOCUMENT REQUEST NO. 6:**

Any and all documents that refer or relate to or reflect your communications with anyone (including web postings) that in any way refer or relate to the Stockholder Proposal.

**DOCUMENT REQUEST NO. 7:**

Any and all documents that refer or relate to or reflect your communications with anyone (including web postings) that in any way refer or relate to the Rights Plan Redemption Proposal.

5

**DOCUMENT REQUEST NO. 8:**

Any and all documents that refer or relate to or reflect your communications with anyone (including web postings) that in any way refer or relate to Bally's Board of Directors or candidates for Bally's Board of Directors.

**DOCUMENT REQUEST NO. 9:**

Organization charts sufficient to show the relationships among Liberation Investment Group LLC, Liberation Investments, L.P., or Liberation Investments, Ltd.

**DOCUMENT REQUEST NO. 10:**

Any and all charters, bylaws and/or partnership agreements referring or relating to Liberation Investment Group LLC, Liberation Investments, L.P., or Liberation Investments, Ltd.

**DOCUMENT REQUEST NO. 11:**

Any and all documents referring or relating to Liberation Investment Advisory Group LLC.

**DOCUMENT REQUEST NO. 12:**

Any and all documents that refer or relate to funds or investments of Liberation Investment Group LLC, Liberation Investments, L.P., or Liberation Investments, Ltd. (aside from Bally) in which Hillman or the Lee S. Hillman Revocable Trust participated.

**DOCUMENT REQUEST NO. 13:**

Any documents sufficient to show Hillman's and Lee S. Hillman Revocable Trust's interest or partnership in Liberation Investment Group LLC, Liberation Investments, L.P., or Liberation Investments, Ltd.

**DOCUMENT REQUEST NO. 14:**

Any and all documents that refer or relate to funds or investments of Liberation Investment Group LLC, Liberation Investments, L.P., or Liberation Investments, Ltd. (aside from Bally) in which Pardus participated.

**DOCUMENT REQUEST NO. 15:**

Any and all documents that refer or relate to the nomination of Hillman and Kornstein to the Board of InterTan, Inc.

**DOCUMENT REQUEST NO. 16:**

Any and all documents that refer or relate to the Rights Plan Redemption Proposal.

**DOCUMENT REQUEST NO. 17:**

Any and all documents that refer or relate to the redemption of the Company's Stockholder Rights Plan.

**DOCUMENT REQUEST NO. 18:**

Any and all documents that refer or relate to the "agreement with Defendants" and "agreed Stockholder Rights Policy" discussed in Paragraph 23 of the Complaint.

**DOCUMENT REQUEST NO. 19:**

Any and all documents that refer or relate to your acquisition of Bally shares from July 1, 2004 to May 6, 2005.

**DOCUMENT REQUEST NO. 20:**

Any and all phone bills, phone records or phone logs for Pearlman's office, cell and home phones from January 1, 2005 to the present.

**DOCUMENT REQUEST NO. 21:**

Any and all drafts of any Schedule 13D or Schedule 13D/A that you have filed since June 1, 2004 that relates to Bally.

**DOCUMENT REQUEST NO. 22:**

Any and all documents that refer or relate to the Stockholder Proposal.

**DOCUMENT REQUEST NO. 23:**

Any and all drafts of your letter to Marc D. Bassewitz dated November 21, 2005.

**DOCUMENT REQUEST NO. 24:**

Any and all drafts of the Form DFAN14A that you filed November 22, 2005.

**DOCUMENT REQUEST NO. 25:**

Any and all documents that refer or relate to the Form 14A filed by Pardus on November 17, 2005 or the slate of directors proposed by Pardus.

**DOCUMENT REQUEST NO. 26:**

Any and all documents that refer or relate to Kornstein's nomination to the Bally Board of Directors.

**DOCUMENT REQUEST NO. 27:**

Any and all documents that refer or relate to your communications with anyone regarding your restricted stock in any publicly-traded company.

**DOCUMENT REQUEST NO. 28:**

Any and all documents that refer or relate to Pearlman's restricted Bally stock, including but not limited to any valuations of that stock and communications with any accountant or investment advisor referring or relating to that stock.

**DOCUMENT REQUEST NO. 29:**

Any and all documents that refer or relate to any of the facts alleged in the Complaint.

**DOCUMENT REQUEST NO. 30:**

All exhibits you intend to use at the preliminary injunction hearing and/or trial of this matter.

**DOCUMENT REQUEST NO. 31:**

Any and all documents that you identified, relied upon, referred to or reviewed in responding to Plaintiff's First Set of Interrogatories to Defendants.

Date:  December 7, 2005                              Respectfully submitted,

_____

Gregory P. Williams (#2168)
*Williams@rlf.com*
Raymond J. DiCamillo (#3188)
*DiCamillo@rlf.com*
Elizabeth C. Tucker (#4468)
*Tucker@rlf.com*
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
10th and King Streets
Wilmington, Delaware  19899
Tel:  (302) 651-7700
Fax:  (302) 651-7701

-and-

Laurie B. Smilan
LATHAM & WATKINS LLP
11955 Freedom Drive, Suite 500
Reston, Virginia  20190
Tel:  (703) 456-1000
Fax:  (703) 456-1001

9

# EXHIBIT C

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **BALLY TOTAL FITNESS HOLDING CORPORATION,** | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | **Civil Action No. 05-841-JJF** |
| **LIBERATION INVESTMENTS, L.P., LIBERATION INVESTMENTS, LTD., LIBERATION INVESTMENT GROUP LLC and EMANUEL R. PEARLMAN,** | ) ) ) ) ) | |
| Defendants. | ) | |

## PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANTS

Pursuant to Federal Rule of Civil Procedure 36, Plaintiff Bally Total Fitness Holding Corporation hereby propounds its First Set of Requests for Admission on Defendants Liberation Investment Group LLC, Liberation Investments, L.P., Liberation Investments, Ltd. and Emanuel R. Pearlman.

### DEFINITIONS AND INSTRUCTIONS

A.    "You," "your" and "Defendants" shall mean Defendants Liberation Investment Group LLC, Liberation Investments, L.P., Liberation Investments, Ltd., any parents, subsidiaries, or other affiliated entities, and Defendant Emanuel R. Pearlman, and all agents, employees, counsel and other persons acting on their behalf.

B.    "Pearlman" shall mean defendant Emanuel R. Pearlman and all agents, employees, counsel and other persons acting on his behalf.

C.    "Liberation" shall mean defendants Liberation Investment Group LLC, Liberation Investments, L.P., and Liberation Investments, Ltd. any parents, subsidiaries, or other affiliated entities, and all agents, employees, counsel and other persons acting on their behalf.

D.      "Bally" or "Plaintiff" or the "Company" shall mean Plaintiff Bally Total Fitness Holding Corporation and its predecessor entities, and all agents, employees, counsel and other persons acting on their behalf.

E.      "Pardus" shall mean Pardus European Special Opportunities Master Fund L.P., Pardus Capital Management L.P., and Pardus Capital Management LLC, any parents, subsidiaries, or other affiliated entities, and all agents, employees, counsel and other persons acting on their behalf.

F.      "Hillman" shall mean Lee S. Hillman and all agents, employees, counsel and other persons acting on his behalf.

G.      "Stockholder Proposal" shall mean the proposal described in Defendants' Form DFAN14A filed November 22, 2005 that "would (i) amend the Amended and Restated Bylaws of the Company (the 'Bylaws') to afford stockholders the right to remove the Chief Executive Officer and President upon the affirmative vote of a majority of the Company's issued and outstanding stock then entitled to vote, (ii) prevent the Board of Directors of the Company from acting unilaterally to amend the Bylaws to eliminate the stockholder authority described in clause (i) ... and (iii) remove current Chief Executive Officer and President Paul A. Toback from office."

H.      "Rights Plan Redemption Proposal" shall mean the proposal described in Defendants' Schedule 13D filed June 8, 2004 that would permit a stockholder or group of stockholders to accumulate stock aggregating in excess of ten percent of the Company's outstanding shares without prior approval of the Company's Board of Directors.

I.      As used herein, the terms "refer or relate to," "referring or relating to," or "referred or related to" shall mean referring, reflecting, or pertaining to, or describing, in any

2

manner, logically, factually, indirectly, or directly or in any other way supporting negating, bearing upon, incorporating, affecting or otherwise connected to, the matter discussed.

          J.      The term "person" refers to both natural persons and legal entities.

## REQUESTS FOR ADMISSION

**REQUEST NO. 1:**

Admit that Liberation Investments, L.P., Liberation Investments, Ltd., Liberation Investment Group LLC and Pearlman are owners of record of approximately 200 shares of Bally stock.

**REQUEST NO. 2**

Admit that Liberation Investments, L.P., Liberation Investments, Ltd., Liberation Investment Group LLC and Pearlman are beneficial owners of approximately 4.1 million shares of Bally stock.

**REQUEST NO. 3:**

Admit that Pearlman is the Managing Member of Liberation Investment Group, LLC.

**REQUEST NO. 4**

Admit that Liberation Investment Group, LLC is the general partner of Liberation Investments, L.P.

**REQUEST NO. 5**

Admit that Liberation Investments, L.P. is an investment advisor to Liberation Investments, Ltd.

**REQUEST NO. 6:**

Admit that from 1990 to 1996, Pearlman worked for Bally Manufacturing and/or Bally Entertainment.

3

RLF1-2954352-1

**REQUEST NO. 7:**

Admit that Pearlman served as an employee consultant to Bally at various times from 1993 through June 2003.

**REQUEST NO. 8:**

Admit that as part of his compensation as an employee consultant to Bally, Pearlman was granted 35,000 shares of restricted stock under Bally's Long Term Incentive Plan.

**REQUEST NO. 9:**

Admit that from October 1996 to December 2002, Pearlman served as an advisor to the then President and CEO of Bally, Lee Hillman.

**REQUEST NO. 10:**

Admit that shortly after Pearlman stopped working for Bally, Pearlman started Liberation Investment Group LLC.

**REQUEST NO. 11:**

Admit that Pearlman started Liberation Investment Group LLC with backing from an investor group that included Hillman.

**REQUEST NO. 12:**

Admit that the Lee S. Hillman Revocable Trust was an initial investor in Liberation Investments, L.P.

**REQUEST NO. 13:**

Admit that the Lee S. Hillman Revocable Trust is a limited partner in Liberation Investments, L.P.

4

**REQUEST NO. 14:**

Admit that Hillman has served as an investment advisory consultant to Liberation.

**REQUEST NO. 15:**

Admit that in 2003, Pearlman nominated Hillman as a member of an insurgent slate of directors

proposed for the board of InterTan, Inc.

**REQUEST NO. 16:**

Admit that in 2003, Pearlman nominated Donald Kornstein as a member of an insurgent slate of

directors proposed for the board of InterTan, Inc.

**REQUEST NO. 17:**

Admit that Pearlman has been involved in numerous corporate takeover attempts since the late

1980s.

**REQUEST NO. 18:**

Admit that in June 2004, Defendants notified Bally that they intended to present the Rights Plan

Redemption Proposal for stockholder consideration at the Company's 2004 Annual Meeting.

**REQUEST NO. 19:**

Admit that when vested, the grants under the Bally's Long Term Incentive Plan entitled

Pearlman to receive 35,000 unrestricted shares of Bally stock.

**REQUEST NO. 20:**

Admit that Defendants acquired Bally stock through open market purchases from July 9, 2004 to

May 6, 2005.

RLF1-2954352-1

**REQUEST NO. 21:**

Admit that by May 6, 2005, Defendants had acquired over 12% of Bally's outstanding shares.

**REQUEST NO. 22:**

Admit that on November 17, 2005, Pardus filed a Form 14A disclosing its intent to nominate Donald Kornstein and two others as a slate of directors to be considered for election to the Bally Board of Directors at the Annual Meeting.

**REQUEST NO. 23:**

Admit that Pearlman suggested to Pardus that Pardus nominate Kornstein to the Bally Board of Directors.

**REQUEST NO. 24:**

Admit that from 1994 until 2000, Kornstein served as the Chief Executive Officer, President, and director of Jackpot Enterprises, Inc.

**REQUEST NO. 25:**

Admit that Pearlman was a financial and strategic development advisor of Jackpot Enterprises, Inc.

**REQUEST NO. 26:**

Admit that Pearlman supports the election of Kornstein to a director position at Bally.

Date:  December 7, 2005                    Respectfully submitted,

_____
Gregory P. Williams (#2168)
*Williams@rlf.com*
Raymond J. DiCamillo (#3188)
*DiCamillo@rlf.com*
Elizabeth C. Tucker (#4468)
*Tucker@rlf.com*
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
10th and King Streets
Wilmington, Delaware  19899
Tel:  (302) 651-7700
Fax:  (302) 651-7701

-and-

Laurie B. Smilan
LATHAM & WATKINS LLP
11955 Freedom Drive, Suite 500
Reston, Virginia  20190
Tel:  (703) 456-1000
Fax:  (703) 456-1001

7

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **BALLY TOTAL FITNESS HOLDING CORPORATION,** | ) ) ) | |
| **Plaintiff,** | ) ) ) | **No. 05-841-JJF** |
| **v.** | ) ) | |
| **LIBERATION INVESTMENTS, L.P., LIBERATION INVESTMENTS, LTD., LIBERATION INVESTMENT GROUP LLC and EMANUEL R. PEARLMAN,** | ) ) ) ) ) | |
| **Defendants.** | ) ) | |

## (PROPOSED) SCHEDULING ORDER

The Court has reviewed Plaintiff's motion for expedited discovery and has heard argument from counsel for both parties. The Court hereby grants the motion and enters the following scheduling order for discovery:

- Plaintiff shall serve its written discovery requests on **December 7, 2005**;

- Defendants shall serve their responses to Plaintiff's written discovery requests on or before **December 14, 2005**;

- The parties shall take the depositions of fact witnesses between **December 16** and **December 23, 2005**;

- The parties shall exchange expert reports on or before **December 27, 2005**; and

- The parties shall take any expert witness depositions on or before **December 30, 2005**.

The Court also schedules a preliminary injunction hearing for **January 13, 2006**. In connection with that hearing, the Court orders that:

- The parties exchange and file opening trial briefs on or before **January 3, 2006**; and

- The parties file any reply briefs on or before **January 10, 2006**.

IT IS SO ORDERED.

Dated: December ____, 2005

                                     _____
                                     The Honorable Joseph J. Farnan, Jr.
                                     United States District Judge

## CERTIFICATE OF SERVICE

I, Elizabeth C. Tucker, hereby certify that on this 7th day of December, 2005, I

caused copies of the foregoing PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY and

PROPOSED ORDER to be served by CM/ECF and hand delivery upon:

STEPHEN E. JENKINS, ESQ.
Ashby & Geddes
222 Delaware Avenue
Wilmington, DE  19899

Elizabeth C. Tucker (#4468)
*tucker@rlf.com*