## RICHARDS, LAYTON & FINGER

A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

RAYMOND J. DICAMILLO

DIRECT DIAL NUMBER
302-651-7786
DICAMILLO@RLF.COM

December 12, 2005

**BY HAND AND EFILE**

The Honorable Joseph J. Farnan, Jr.
United States District Court
844 King Street
Wilmington, Delaware 19801

Re: ***Bally Total Fitness Holding Corporation v. Liberation Investments, L.P., et al.,***
**C.A. 05-841-JJF**

Dear Judge Farnan:

On behalf of plaintiff Bally Total Fitness Holding Corporation ("Bally"), I enclose for the Court's consideration a proposed scheduling order in connection with the anticipated preliminary injunction hearing. I am pleased to report that the parties were able to reach agreement on all but one issue. The parties were not able to agree, however, on the issue related to the timing of expert discovery set forth below.

Bally's proposed order contemplates that it will produce expert reports on December 21, 2005 and that its experts will be deposed by December 23, 2005. The proposed order also contemplates that defendants will produce expert reports on December 28, 2005 and that their experts will be deposed by December 30, 2005--one week later. In part because of the intervening Christmas holiday, defendants do not believe they should have to produce their expert reports until the week of January 2, 2006.

Defendants' proposed schedule is not practical. While Bally understands defendants' position regarding the timing of the Christmas holiday, in the context of the overall schedule that the Court has ordered and to which the parties have agreed, Bally sees no real alternative. Under defendants' proposed schedule, Bally would not receive defendants' expert reports until after Bally's opening brief is due. Thus, Bally will not be able to address any issues raised by defendants' expert reports until its reply brief--a brief which Bally must write in 24 hours, will be submitted just 24 hours before the preliminary injunction hearing and (pursuant to the parties' agreement) will only be 15 pages. Such a schedule would not only prejudice Bally's ability to address defendants' expert reports in its briefing, but it also would result in an inefficient presentation of those issues to the Court.

RLF1-2955613-2

The Honorable Joseph J. Farnan, Jr.
December 12, 2005
Page 2

    For the foregoing reasons, Bally respectfully requests that the Court enter its proposed scheduling order. If Your Honor has any questions regarding this matter, counsel are available at the Court's convenience.

Respectfully,

Raymond J. DiCamillo (#3188)

RJD:dr
Enclosure
cc:   Stephen E. Jenkins, Esquire

RLF1-2955613-2