# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

222 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

December 12, 2005

The Honorable Joseph J. Farnan, Jr.       VIA E-FILE AND HAND DELIVERY
United States District Court
844 King Street
Wilmington, Delaware 19801

    Re:    *Bally Total Fitness Holding Corp. v. Liberation Investments, L.P., et al.,*
            *C.A. No. 05-841-JJF*

Dear Judge Farnan:

       On behalf of the defendants in this expedited matter (collectively, "Liberation"), we write to briefly address the one scheduling point on which the parties have been unable to reach agreement: the schedule for expert reports and depositions. Bally submitted its proposal this shortly ago, and Liberation's proposal is attached to this letter for Your Honor's consideration.

       Liberation has proposed a schedule (based upon dates initially suggested by Bally) that takes into account the reality of the time frame within which we are operating and ensures that each party has the opposing party's expert evidence in advance of the brief where that evidence is properly addressed. Specifically, Bally's expert report/deposition will be completed in time to be addressed by Liberation's answering brief, and Liberation's rebuttal expert report/deposition will be completed in time to be addressed by Bally's reply brief. We believe that schedule is fair to both sides, reflects the nature of this proceeding, and avoids unnecessary overlap with the week during which in which the bulk of depositions will likely be taken (December 26th – 30th).

       Bally's proposed schedule, on the other hand, seeks a tactical advantage over Liberation and continues to overlook the nature of this proceeding. Bally initially took the position that Liberation should have to file an opening expert report despite the fact that Bally bears the affirmative burden of proof on all expert issues. We were ultimately able to correct that misapprehension, but Bally continues to insist that Liberation's rebuttal expert evidence must be completed before Bally begins drafting its opening brief.

The Honorable Joseph J. Farnan, Jr.
December 12, 2005
Page 2

      This despite the fact that: (i) Bally's opening brief is supposed to present its affirmative case and needs only deal with its own, affirmative expert report; (ii) Bally will have the opportunity to reply to Liberation's rebuttal arguments (including its rebuttal expert report) in the reply brief that is already built into the schedule for that very purpose; and (iii) Bally's proposed schedule has Liberation producing its rebuttal report, defending its expert deposition, and taking/defending the bulk of other depositions in this case during the same 5-day period -- a period which immediately follows the Christmas weekend.

      We submit that Bally's approach is unnecessary and unfair under the circumstances. Bally itself initially suggested expert deadlines it now opposes, and Liberation agreed to work with those dates. Then, when Bally unilaterally revised those deadlines in favor of its current proposal, we reiterated that Liberation would be willing to agree to a compromise schedule as long as it did not place us in the untenable position described above. Indeed, we even suggested that such a compromise could retain the Bally-related dates in its current proposal and the Liberation-related dates it had originally proposed. That suggestion was flatly rejected by Bally earlier today.

      We would therefore respectfully request that the Court enter the enclosed form of order or, alternatively, that it enter a compromise schedule containing Bally's proposed deadlines for its own expert report and deposition (December 21sth and 23rd) but retaining Liberation's proposed dates for its rebuttal expert report and deposition.

      Counsel is available at the Court's convenience should Your Honor wish to hold a teleconference or office conference on this matter.

      Respectfully,

      /s/ *Steven T. Margolin (I.D. #3110)*

      Steven T. Margolin

STM/amb
Attachment
cc:    Clerk, United States District Court (by hand delivery and e-filing)
        Raymond J. DiCamillo, Esq. (by e-filing)

164320.1