UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| BALLY TOTAL FITNESS HOLDING CORPORATION, </br></br>Plaintiff, </br></br>v. </br></br>LIBERATION INVESTMENTS, L.P., </br>LIBERATION INVESTMENTS, LTD., </br>LIBERATION INVESTMENT GROUP LLC </br>and EMANUEL R. PEARLMAN, </br></br>Defendants. | Civil Action No. 05-841-JJF |

### NOTICE OF DEPOSITION OF LIBERATION INVESTMENT GROUP LLC

PLEASE TAKE NOTICE that pursuant to Federal Rules of Civil Procedure 26 and 30(b)(6), beginning at 9:30 a.m. on December 21, 2005, and continuing as necessary thereafter, Plaintiff Bally Total Fitness Holding Corporation, by and through its attorneys, shall take testimony by deposition, upon oral examination, of a corporate representative of Liberation Investment Group LLC. Plaintiff will examine the deponent on the topics listed on Exhibit A to this Notice. This deposition may be videotaped and shall take place before a duly qualified notary public or some other officer authorized by law to administer oaths at Richards, Layton & Finger, P.A., One Rodney Square, 10th and King Streets, Wilmington, Delaware 19899.

*Elizabeth C. Tucker*
Gregory P. Williams (#2168)
*Williams@rlf.com*
Raymond J. DiCamillo (#3188)
*dicamillo@rlf.com*
Elizabeth C. Tucker (#4468)
*tucker@rlf.com*
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
10th and King Streets
Wilmington, Delaware 19899
Tel: (302) 651-7700
Fax: (302) 651-7701

-and-

Laurie B. Smilan
LATHAM & WATKINS LLP
11955 Freedom Drive, Suite 500
Reston, Virginia 20190
Tel: (703) 456-1000
Fax: (703) 456-1001

Date: December 13, 2005

## **EXHIBIT A**

## **DEFINITIONS AND INSTRUCTIONS**

(a) "You" and "your" shall mean defendant Liberation Investment Group LLC, all parents, subsidiaries or affiliated entities, and all agents, employees, counsel and other persons acting on its behalf

(b) "Pearlman" shall mean defendant Emanuel R. Pearlman and all agents, employees, counsel and other persons acting on his behalf.

(c) "Liberation" shall mean defendants Liberation Investment Group LLC, Liberation Investments, L.P., and Liberation Investments, Ltd., any parents, subsidiaries, or other affiliated entities, and all agents, employees, counsel and other persons acting on their behalf.

(d) "Defendants" shall mean defendants Liberation and Pearlman and all agents, employees, counsel and other persons acting on their behalf.

(e) "Bally" or "Plaintiff" or the "Company" shall mean Plaintiff Bally Total Fitness Holding Corporation, its affiliates and predecessor entities, and all current or former officers, directors, agents, employees, counsel and other persons acting on their behalf.

(f) "Pardus" shall mean Pardus European Special Opportunities Master Fund L.P., Pardus Capital Management L.P., and Pardus Capital Management LLC, any parents, subsidiaries, or other affiliated entities, and all agents, employees, counsel and other persons acting on their behalf.

(g) "Complaint" shall mean the Complaint filed by Bally against Defendants in the United States District Court for the District of Delaware, Case No. 05-841-JJF.

(h) "Hillman" shall mean Lee S. Hillman and all agents, employees, counsel and other persons acting on his behalf.

(i) "Kornstein" shall mean Donald Kornstein and all agents, employees, counsel and other persons acting on his behalf.

(j) "Stockholder Proposal" shall mean the proposal described in Defendants' Form PREN 14A filed December 8, 2005 that "would (i) amend the Amended and Restated Bylaws of the Company (the 'Bylaws') to afford stockholders the right to remove the Chief Executive Officer and President upon the affirmative vote of a majority of the Company's issued and outstanding stock then entitled to vote, (ii) prevent the Board of Directors of the Company from acting unilaterally to amend the Bylaws to eliminate the stockholder authority described in clause (i) ... and (iii) remove current Chief Executive Officer and President Paul A. Toback from office."

(k) "Rights Plan Redemption Proposal" shall mean the proposal described in Defendants' Schedule 13D filed June 8, 2004 that would permit a stockholder or group of stockholders to accumulate stock aggregating in excess of ten percent of the Company's outstanding shares without prior approval of the Company's Board of Directors.

(l) "SAC" shall mean SAC Capital Advisors, LLC, SAC Capital Associates, LLC, SAC Capital management, LLC, any parent, subsidiary, fund, or affiliated entity, and all agents, employees, counsel and other persons acting on their behalf

(m) As used herein, the terms "refer or relate to," "referring or relating to," or "referred or related to" shall mean referring, reflecting, or pertaining to, or describing, in any manner, logically, factually, indirectly, or directly or in any other way supporting negating, bearing upon, incorporating, affecting or otherwise connected to, the matter discussed.

## TOPICS

1. Any of the facts alleged in the Complaint.

2. Any communications that you or any other Defendant has had with Bally between January 1, 2003 and the present.

3. Any communications (including web postings) that you or any other Defendant has had with anyone (including but not limited to Lee Hillman, Pardus, Kornstein, Wattles Capital Management LLC and Mark J. Wattles) that in any way refer or relate to the Stockholder Proposal, the Rights Plan Redemption Proposal, the Bally Board of Directors, candidates for the Bally Board of Directors, Kornstein, Pardus, or SAC.

4. The relationship of Liberation Investment Group LLC with Liberation Investments, L.P., or Liberation Investments, Ltd. any parents, subsidiaries, affiliates thereof and any interest of Liberation Investment Group LLC in these entities.

5. Any relationship, contracts, arrangements or understandings between Liberation or Pearlman on the one hand and Hillman, Pardus, SAC and/or Kornstein on the other hand.

6. Any funds or investments created or managed by Liberation or Pearlman, and the identities of all participants therein (including but not limited to Hillman, Lee S. Hillman Revocable Trust, Kornstein, Pardus and SAC).

7. Any information you possess regarding Liberation Investment Advisory Group LLC, including without limitation any relationship, contracts, arrangements or understandings between Liberation or Pearlman on the one hand and Liberation Investment Advisory Group LLC on the other.

8. Any ownership or other interest in Liberation held by Hillman or The Lee S. Hillman Revocable Trusts.

9. The nomination of Hillman and Kornstein to the Board of InterTan, Inc.

RLF1-2956878-1

10. The Rights Plan Redemption Proposal, the redemption of the Company's Stockholder Rights Plan and the "agreement with Defendants" and "agreed Stockholder Rights Policy" discussed in Paragraph 23 of the Complaint.

11. The acquisition by you or any other Defendant of Bally shares from July 1, 2004 to May 6, 2005.

12. The Stockholder Proposal.

13. The contents and preparation of your Schedule 13D and Form 14A filings from January 1, 2003 to the present.

14. Kornstein's nomination to the Bally Board of Directors.

15. Pearlman's restricted Bally stock, including but not limited to any valuations of that stock and communications with any accountant. investment advisor or tax consultant referring or relating to that stock.

16. Other proxy contests in which Liberation or Pearlman have engaged.

17. Your responses to Plaintiff's Requests for the Production of Documents and Things and Interrogatories.

## CERTIFICATE OF SERVICE

I, Elizabeth C. Tucker, hereby certify that I caused copies of the foregoing NOTICE OF DEPOSITION OF LIBERATION INVESTMENT GROUP LLC to be served by CM/ECF and hand delivery upon:

> STEPHEN E. JENKINS, ESQ.
> Ashby & Geddes
> 222 Delaware Avenue
> Wilmington, DE  19899

on this 13th day of December, 2005.

*[signature]*
Elizabeth C. Tucker (#4468)
*tucker@rlf.com*

RLF1-2956878-1