# RICHARDS, LAYTON & FINGER

A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

RAYMOND J. DICAMILLO

DIRECT DIAL NUMBER
302-651-7786
DICAMILLO@RLF.COM

December 13, 2005

**VIA CM/ECF AND HAND DELIVERY**

The Honorable Joseph J. Farnan, Jr.
United States District Judge
844 North King Street
Wilmington, DE 19801

> Re: **Bally Total Fitness Holding Corporation v. Liberation Investments, L.P., et al., C.A. No 05-841-JJF**

Dear Judge Farnan:

      I write on behalf of plaintiff Bally Total Fitness Holding Corporation ("Bally") to inform the Court that the Defendants in the above-captioned action have filed a new lawsuit in the Delaware Chancery Court. Curiously, although the Defendants corresponded with the Court today, they neglected to bring the fact of the filing of this new lawsuit, which implicates important issues in the case before this Court, to your attention. A copy of that complaint is attached (the "Chancery Complaint").

      As you will recall, the above-captioned action alleges that Defendants' filings under Sections 13(d) and 14(a) of the Securities Exchange Act are false and misleading. One of the bases asserted for those claims is that Defendants have failed to disclose Defendant Pearlman's long-time relationship with Mr. Donald Kornstein and have failed to disclose that they suggested that Mr. Kornstein be nominated to the slate of another insurgent stockholder, Pardus European Special Opportunities Master Fund and others ("Pardus"). *See* Complaint ¶¶ 36 – 39. In the Complaint, Bally alleges, "upon information and belief" that "Pearlman fully supports the election of his long-time loyalist Kornstein to a director position but has chosen to dispense with the inconveniences and requirements of the securities laws regarding the solicitation of proxies or the disclosure of that plan." Complaint ¶ 38. Further, in response to the request for contentions made as part of the expedited discovery process, Bally advised Defendants that one the areas asserted on information and belief as to which Bally seeks discovery is the contention that Defendants, Hillman and Pardus are working in concert in order to elect Pardus' slate of proposed directors, including Kornstein. A copy of those contention disclosures is attached.

RLF1-2957186-1

The Honorable Joseph J. Farnan, Jr.
December 13, 2005
Page 2

In the Chancery Complaint, Defendants seek to invalidate the Company's Stockholder Rights Plan on the ground that it precludes stockholders who collectively own more than 15% of the Company's shares from entering into an agreement with respect to those shares. Chancery Complaint ¶¶ 5, 8. This is a common provision that is a feature of most Rights Plans and has repeatedly been upheld by the Delaware courts. *See Stahl v. Apple Bancorp, Inc.*, 1990 WL 114222 (Del. Ch. Aug. 9, 1990); *Moran v. Household International Inc.*, 500 A.2d 1346 (Del. 1995). In giving their reasons for seeking the invalidation of this provision, Defendants *admit* the very underlying facts that give rise to the 13(d) disclosure violation in this case. Defendants aver: "**One of Pardus' three nominees, Donald Kornstein, was suggested to Pardus by Liberation Investments.**" Chancery Complaint ¶ 11. There is no doubt that Section 13(d) and Rule 14a-9 require this information to be disclosed.

Defendants' actions betray that they care little about their obligations under the federal securities laws. They blithely concede in the Chancery Court that they have recommended Mr. Kornstein to another proxy contestant without remedying their omission in their SEC filings or apprising this Court of their admission of one of the very matters at issue here. Instead, in their Chancery Complaint Defendants betray their only true concern: That if they went *beyond* merely suggesting Mr. Kornstein to Pardus and took any further step to support his candidacy they may have triggered the Rights Plan. The actions that might constitute that further step – any understandings, agreements or the like, are the subject of current expedited discovery in this suit. *See Interrogatory No. 1; Document Request No. 2.*

In the Chancery Complaint, Defendants protest – too much it seems to us – that (1) "Bally confirmed that suggesting the names of possible directors would not trigger the Pill," and (2) that "there is no agreement between Liberation and Pardus." One wonders, then, why Defendants are so exorcised? They complain that despite the fact that they have done nothing, the Rights Plan "makes it significantly harder to wage a proxy contest." One wonders "how?" One also wonders if all that Defendants have done is to suggest a friend without any understanding that they would support him, why Defendants are seeking an order from the Chancery Court enjoining Bally from triggering the Rights Plan "against Liberation or any other stockholder claimed by Defendants to be acting in concert with it?" *Id.* at p. 12 (prayer for relief). One also wonders why Defendants, who are well aware that this litigation involving the proxy contest is before this Court and who have acknowledged this Court's ability to resolve issues of Delaware law (Transcript at 12), have seen fit to file their action in Delaware Chancery Court? Further, Defendants continue their practice of using court pleadings and preliminary proxy materials to condition the market with false and misleading statements, such as "for reasons that cannot be disclosed here, there can be no doubt that management and its advisors were focused on making a proxy contest as difficult as possible" in adopting the Rights Plan. *Id.* at p. 10.

In fact the deliberations of the Board make clear that the Rights Plan was adopted in response to Pardus' request to go above 15% and was designed to prevent anyone, acting singly or as a group (as that term is defined in Section 13(d)), from trying to usurp the Board's ability to fully pursue strategic alternatives by wresting control (without payment of a premium)

The Honorable Joseph J. Farnan, Jr.
December 13, 2005
Page 3

or otherwise improperly interfering with the process. The Board's actions were not meant in any way to preclude a proper proxy contest waged on the basis of full and fair disclosure.

Defendants' Chancery Complaint demonstrates why Bally believes that the Defendants have, at the least, undisclosed relationships with other proxy contestants – they are seeking relief that will matter only if such an agreement exists or is planned. The Chancery Complaint therefore also demonstrates why it is so very important that Bally be permitted to seek to discover and require the disclosure of the existence of any such agreements. The requirement that such agreements be disclosed under the federal securities laws is not arbitrary. The purpose of requiring such disclosure is that undisclosed groups may be acting improperly in concert in ways that significantly limit the Board's ability to protect its other shareholders. Here, any such groups may, by "fixing" the election process in ways that are not apparent to other shareholders, act to disrupt ongoing critical efforts to recapitalize the Company and to pursue strategic alternatives.

Moreover, the issues concerning undisclosed concerted agreements and understandings are inextricably intertwined with the disclosure issues we have presented to the Court. If the Chancery Court were to determine, in contravention of long-standing Delaware precedent, that the provision of the Rights Plan that precludes understandings or agreements between shareholders was invalid, it would leave Defendants free to come out of the closet with respect to any arrangements that they may have with Pardus – or any other shareholder – concerning Mr. Kornstein – or otherwise. However, if such facts come to light, it would not cure the failure to disclose any such agreement as is required under Sections 13(d) and 14a-9 of the securities laws. Indeed, it would prove Bally's allegations and should serve to invalidate any proxies that were solicited before any such understandings were disclosed.

The litigation alleging that such disclosure is required and the laws requiring that such disclosure be made are matters within the exclusive jurisdiction of this Court. Accordingly, we believe all of these related matters, including those asserted in Defendants' Chancery Court filing, should – and must – be determined by this Court.

Respectfully submitted,

/s/ Raymond J. DiCamillo

Raymond J. DiCamillo (#3188)

cc:  Stephen E. Jenkins, Esq.
     Steven T. Margolin, Esq.

RLF1-2957186-1