## RICHARDS, LAYTON & FINGER

A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

RAYMOND J. DICAMILLO

DIRECT DIAL NUMBER
302-651-7786
DICAMILLO@RLF.COM

December 14, 2005

**VIA CM/ECF AND HAND DELIVERY**

The Honorable Kent A. Jordan
United States District Judge
844 North King Street
Wilmington, DE 19801

Re: **Bally Total Fitness Holding Corporation v. Liberation Investments, L.P., et al., C.A. No 05-841-KAJ**

Dear Judge Jordan:

On behalf of Bally Total Fitness Holding Corp. ("Bally"), I am writing in response to Defendants' request that the Court schedule a hearing on their motion to dismiss Bally's complaint as moot. While we commend the fact that this lawsuit has forced Defendants to make partial curative disclosures, the suit is not moot because Defendants continue to omit certain material facts in their proxy statement.

Ironically, too, this effort to dismiss Bally's complaint as "moot" comes just as Defendants have provided further proof of matters central to Bally's claims. As Bally explained yesterday in its letter to the Court, Defendants filed a lawsuit in Delaware Chancery Court on Sunday night that clearly states that Defendants suggested a long-time loyalist as a candidate for nomination to the slate proposed by insurgent stockholder Pardus European Special Opportunities Master Fund and its affiliates and buttresses Bally's belief that Defendants have undisclosed agreements to act in concert to elect the candidate they admittedly suggested. In the Chancery suit, Defendants seek an order enjoining Bally from triggering the Stockholder Rights Plan against Defendant Liberation and other stockholders that may be acting in concert with it. This relief matters only if Liberation is acting in concert with other insurgent stockholders or plans to do so in the future.

Bally intends to file an amended complaint tomorrow to add new allegations about Defendants' failure to disclose material facts regarding its undisclosed relationships with other proxy contestants and to narrow its allegations regarding omissions to the extent that Defendants have cured. Bally respectfully requests that the Court defer setting any hearing on defendants' motion to dismiss until after Bally files its amended complaint. Bally will then agree to an expedited, briefing schedule, convenient to the Court's calendar, for resubmission of any motion to dismiss the amended complaint and the filing of its papers in opposition thereto.

CH\811231.1RLF1-2957831-1

The Honorable Kent A. Jordan
December 14, 2005
Page 2 of 2

Respectfully submitted,

*/s/ Raymond J. DiCamillo*

Raymond J. DiCamillo (#3188)

cc: Stephen E. Jenkins, Esq.
Steven T. Margolin, Esq.

CH\811231.1RLF1-2957831-1