16. Regardless, in order to moot these expensive proceedings and to stop the distraction of expedited discovery, Liberation has now disclosed those facts (and more).

**B.     The Supplemental Statement**

17. The Supplemental Statement first summarizes this proceeding and informs any interested stockholders that they can download Bally's complaint and Contention Letter -- both of which have been publicly filed with the SEC -- should they want to see those documents for themselves. *See* Exhibit B. Then, following an easy-to-read columnar format, the Supplemental Statement individually quotes *every* allegation raised in the Contention Letter and, where applicable, provides objective facts about Liberation and/or Mr. Pearlman. *Compare* Exhibit A *with* Exhibit B.

18. That disclosure exceeds what is required by law, and is more than sufficient to moot Bally's request for injunctive relief. As this Court has stated: "Once there has been compliance with [the federal securities laws] through a corrective filing, the purpose of the law has been fully served and there is no threat of continuing harm . . . which would justify injunctive relief." *Energy Ventures, Inc. v. The Appalachian Co.*, 587 F.Supp. 734, 743 (D.Del. 1984) (citing *Rondeau v. Mosinee Paper Corp.*, 422 U.S. 49, 59-60 (1975)) (denying a preliminary injunction); *accord City Capital Assocs. Ltd. P'Ship v. Interco, Inc.*, 696 F.Supp. 1551, 1557, 59 (D.Del.), aff'd 860 F.2d 60 (3d Cir. 1988) (denying a preliminary injunction where the defendants made supplemental disclosures revealing the existence of the plaintiff's action and summarizing the disclosure allegations); *Sea Containers Ltd. v. Stena AB*, 890 F.2d 1205, 1210-11 (D.C. Cir. 1989) (holding that the annexation of the complaint to a supplemental filing offset