# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

222 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

December 15, 2005

BY E-FILING AND HAND DELIVERY

The Honorable Joseph J. Farnan, Jr.
United States District Court
844 King Street
Wilmington, Delaware 19801

    Re:   *Bally Total Fitness Holding Corp. v. Liberation Investments, L.P., et al.,*
            *C.A. No. 05-841-JJF*

Dear Judge Farnan:

      I write in brief response to Bally's letters to the Court before this morning's telephone conference. At last week's hearing the Court stated if Liberation amended its disclosures and disclosed what Bally wanted us to we could moot this case. We did so. After Bally told us on Saturday what it thought was wrong with those disclosures, Liberation filed amended materials attaching Bally's letter and quoting its claims. We then filed a motion requesting that the court find the preliminary injunction moot.

      We are now told by Bally that it is not moot because – only five days after listing every conceivable disclosure point imaginable – Bally wants to add new ones that it has allegedly just discovered.

      In Bally's letter it says that it needs to add new claims because Liberation just admitted (in a Chancery Court complaint filed challenging Bally's poison pill) that it "suggested" the name of "a long-time loyalist" to another shareholder, Pardus Capital Management, for inclusion in Pardus' slate of directors.

      That candidate's name is Don Kornstein. And it is true Liberation suggested him to Pardus. But it is not even remotely correct that Bally just discovered this fact. Mr.

The Honorable Joseph J. Farnan, Jr.
December 15, 2005
Page 2

Pearlman of Liberation was asked about this in his November 22, 2005 deposition in the Chancery §220 action:

> "Q. Have you had any conversations with anyone about Pardus' director nominees?
>
> The Witness: I have spoken with one of their director nominees.
>
> Q. Which one?
>
> A. Mr. Kornstein.
>
> Q. *Mr. Kornstein is someone that you suggested to be nominated to the board, isn't that correct?*
>
> A. Correct."

(Deposition at p. 32-33; emphasis added.) (Ex. A.)

In other words, the assertion that Bally has just learned this about Mr. Kornstein is not correct. Bally knew it on November 22nd. Indeed, they knew it before that because Liberation had previously told it that fact.

In short, we think it is very clear that Bally is not interested in correct disclosure here – it is interested in inflicting a lawsuit on Liberation and it wants to engage in discovery to see what other suits it can generate. Regardless of its intentions, however, Bally has had its opportunity. Liberation has disclosed all of Bally's claims. For Bally to keep alleging new disclosure claims every few days is, quite simply, an abuse of the system.

Respectfully yours,

Stephen E. Jenkins (#2152)

SEJ/tre
164650.1
cc: Clerk of the Court
    Raymond J. DiCamillo, Esq.