

**WILCOX & FETZER LTD.**

# CONFIDENTIAL

## In the Matter Of:

# Liberation Investments, L.P.

## v.

# Bally Total Fitness Holding Corporation

## C.A. # 1779-N

---

## Transcript of:

# Emanuel Robert Pearlman

## November 22, 2005

---

Wilcox & Fetzer, Ltd.
Phone: 302-655-0477
Fax: 302-655-0497
Email: lhertzog@wilfet.com
Internet: www.wilfet.com

CONFIDENTIAL          Liberation Investments, L.P. v.          Bally Total Fitness Holding Corporation
Emanuel Robert Pearlman                                         November 22, 2005

Case 1:05-cv-00841-JJF     Document 37-2     Filed 12/15/2005     Page 2 of 2
C.A. # 1779-N

Page 30

1   And I also think it's possible there may be
2   other people who will be making nominations to the board
3   potentially. Because I think we have until Friday to find
4   out, I believe is the date. And so we are waiting to see
5   what happens. And depending on who has nominated whom, it's
6   possible that we would want to possibly get together with
7   someone and run a joint proxy solicitation.
8   Q   There is nothing in the rights plan that prevents
9   you from voting for any of those slates that somebody also
10  nominates, is there?
11  **A   It's not clear. Because under Rule 13D, if I have**
12  **an agreement with someone to do that, we could become a**
13  **group and, therefore, could trigger the pill. So it's not**
14  **clear to me, yes, you're right, come to an election, I can**
15  **vote for anyone I want. But if I actually wanted to say to**
16  **someone I'd like to vote with you and give you -- publicly**
17  **do that, it could conceivably make us a group, which would**
18  **trigger the pill. So it has prevented us from doing things.**
19  Q   Do you believe that the rights plan would prevent
20  you -- let's choose partners because they have obviously
21  proposed a slate.
22      Do you believe that the pill would prevent you
23  from publicly stating that you're going to vote for Pardus'
24  slate?
25

Page 31

1   **A   It's not clear to me.**
2   Q   You mentioned a few times in your answers today and
3   in some of your correspondence as well, a desire to
4   potentially get together with other stockholders with
5   respect to their director nominees. If Pardus or anyone
6   else is running a slate, why would you want to spend money
7   and join with them when you could just vote for them and
8   have them run the solicitation?
9       MR. JENKINS: I object to the form of the
10  question. But you may answer it.
11      THE WITNESS: Because conceivably anyone who is
12  running directors, if several large shareholders are all
13  supportive of running, not just voting for them, but sort of
14  agreeing to work together to get those people elected, there
15  may be a much higher likelihood of shareholders being able
16  to elect directors who they'd like to have at the company.
17  BY MR. DiCAMILLO:
18  Q   You could publicly announce your support for Pardus'
19  slate without reaching an agreement with Pardus, is that
20  right?
21      MR. JENKINS: Objection. That calls for a
22  legal conclusion. To the extent you think you can answer
23  it, go ahead.
24      THE WITNESS: I don't know. I have concerns
25

Page 32

1   about that.
2   BY MR. DiCAMILLO:
3   Q   You have concerns about just saying publicly without
4   any prior discussions or agreements with Pardus, I support
5   Pardus' slate?
6   A   Yes, I do.
7   Q   What's the source of that concern?
8       MR. JENKINS: Putting aside advice of counsel.
9       THE WITNESS: I am concerned that your client
10  will then try to sue us to say that we are a group. Just by
11  my publicly stating that. And so, therefore, I feel that
12  the danger of being a group, as I said before, because of
13  the poison pill, is so disastrous that it basically, you
14  know, forces us to not be able to say that. And I may also
15  want to get together with someone else and oppose Pardus'
16  directors. I don't feel I can do that either.
17  BY MR. DiCAMILLO:
18  Q   Well, you have seen Pardus' slate. Do you intend to
19  oppose Pardus' nominations --
20  **A   I don't know enough about their directors yet to**
21  **make a decision.**
22  Q   Have you had any conversations with anyone about
23  Pardus' director nominees?
24      MR. JENKINS: Putting aside counsel.
25

Page 33

1       THE WITNESS: I have spoken with one of their
2   director nominees.
3   BY MR. DiCAMILLO:
4   Q   Which one?
5   A   Mr. Kornstein.
6   Q   Mr. Kornstein is someone that you suggested to be
7   nominated to the board, isn't that correct?
8   **A   Correct.**
9   Q   So I assume you're not going to oppose
10  Mr. Kornstein's election to the board?
11  **A   I don't think I would. At least from what I know**
12  **today.**
13  Q   Have you had discussions about any of the other
14  Pardus nominees?
15  **A   I have not.**
16  Q   Have you or anyone at Liberation conducted any
17  investigation of those director nominees?
18  **A   I have not.**
19  Q   Has anyone at Liberation?
20  **A   Not to my knowledge.**
21  Q   Have you authorized anyone inside or outside of
22  Liberation to investigate those director nominees?
23  **A   No.**
24  Q   What are you going to do to decide whether or not
25

