UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| BALLY TOTAL FITNESS HOLDING CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>LIBERATION INVESTMENTS, L.P., LIBERATION INVESTMENTS, LTD., LIBERATION INVESTMENT GROUP LLC and EMANUEL R. PEARLMAN,<br><br>Defendants. | )<br>)<br>)<br>)<br>)  Civil Action No. 05-841-JJF<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE PRELIMINARY INJUNCTION PROCEEDING AS MOOT

### INTRODUCTION

Bally filed this action to prevent Defendants from continuing to engage in proxy solicitation activities without first disclosing the true facts about their concerted activities with other shareholders. Bally is informed and believes that Defendants are working in concert with another stockholder – Pardus European Special Opportunities Master Fund L.P. ("Pardus") – and that Defendants and Pardus have agreed to support each others' efforts, including by seeking to elect Defendants' long-time loyalist, Don Kornstein, who Defendants have arranged to be included on Pardus' slate. Defendants are informed and believe that Defendants and Pardus reached this understanding in the recognition that by supporting competing slates they might dilute their common objective of defeating Bally's candidates and proposals. Accordingly, they agreed to join forces and have Pardus propose a compromise slate that would to include Defendants' candidate Kornstein, as well as Pardus' own.

In response to this lawsuit, Defendants have now, belatedly, been forced to disclose some of the myriad relationships, agreements, understandings and arrangements that exist between Defendants and Pardus and Kornstein and Bally and Lee Hillman, Bally's former CEO. Defendants have admitted that Hillman and Kornstein are both Pearlman's loyalists, business associates, financial advisors, and board nominees, and that both are investors in Liberation.

However, Defendants continue to refuse to lay out all of their cards on the table and to provide full disclosure of any such concerted action as the federal securities laws expressly require. The purpose of requiring such disclosure is that undisclosed groups may be acting in ways that significantly limit the Board's ability to protect its other shareholders. Stockholders whose votes are being solicited are entitled to know who is soliciting them and who they are working in concert with and whether a contestant – who professes to be soliciting alone – has any secret understandings with others that effectively "fix" the election process in ways that are not apparent to other shareholders, and may act to disrupt ongoing critical efforts to recapitalize the Company and to pursue strategic alternatives.

Defendants are sophisticated corporate raiders who are well aware of these requirements. Yet Defendants have not disclosed *anything* concerning the arrangements, understandings or agreements they have reached with Pardus to support each others' slates and proposals and to work jointly to defeat those presented by Bally. Indeed, Defendants have not even amended their 13D filing to disclose the *admitted* fact that Liberation "suggested" Pearlman loyalist Kornstein to Pardus – a "suggestion" that Pardus readily accepted though we doubt without strings. This fact alone – that Pardus nominated Defendants' candidate – is compelling evidence of concerted activity: it strains credulity to suggest that Pardus nominated someone with whom it had no prior connection as a board representative simply because another, wholly unaffiliated

shareholder made an unsolicited "suggestion," without any explicit or implicit *quid pro quo*. Dogs occasionally do eat homework. On a motion to dismiss, however, Defendants' mere assertion that no such relationship exists cannot be accepted; rather, all of Bally's well-pleaded allegations must be accepted as true.

Plaintiffs believe that discovery will provide further evidence supporting their belief that Defendants have agreed with Pardus that (1) Pardus would slate and Defendants will support Kornstein, (2) that Defendants would put forward the Stockholder Proposal seeking to remove management as a "foil" designed to discredit management and thereby engender support for Pardus' (and Defendants') candidates, and (3) in return Defendants would not suggest an alternative slate. Moreover, Defendants' recent actions provide further evidence of concerted action. Earlier this week, Defendants filed a Complaint in the Chancery Court seeking to invalidate the Company's Stockholder Rights Plan[1] on the ground that it precludes stockholders who collectively own more than 15% of the Company's shares from entering into an agreement with respect to those shares. Chancery Complaint ¶¶ 5, 8 (attached as Ex. 27 to Bally's Proposed First Amended Complaint). Such a declaration matters only if Defendants and Pardus and/or others already have, or intend to enter into such an agreement. Notably, it was in this context – not in their proxy materials or their still – unamended 13D filings that Defendants first admitted that "*One of Pardus' three*

---

[1] It should be noted that, for purposes of the Rights Agreement dated October 17, 2005 between the Company and LaSalle Bank National Association (the "Rights Plan"), the First Amended Complaint (and any brief, memorandum or other other filing by the Company in connection herewith unless specifically so stated in such filing) is not and does not constitute (and is not intended to constitute) a public announcement by the Company that (i) the Defendants (or any other person or persons), alone or collectively, constitute an "Acquiring Person" or that a "Shares Acquisition Date" has occurred, as such terms are defined in the Rights Plan, and (ii) discloses information which is intended to reveal the existence of an Acquiring Person, and nothing in this Complaint (or in any brief, memorandum or other filing by the Company in connection herewith unless specifically so stated in such filing) should be construed and is not authorized by the Company to be construed to the contrary.

*nominees, Donald Kornstein, was suggested to Pardus by Liberation Investments.*" Chancery Complaint ¶ 11. Defendants' Chancery Complaint betrays their concern that they have taken actions *beyond* merely suggesting Kornstein to Pardus, and thus may have triggered the change of control provisions in the Rights Plan – otherwise, why file the suit? The Chancery Complaint correctly asserts that "Bally confirmed that suggesting the names of possible directors would not trigger the Pill," and then protests that "there is no agreement between Liberation and Pardus." If this were true and all that Defendants have done is to suggest a friend without any understanding that they would support him, why are Defendants seeking an order from the Chancery Court enjoining Bally from triggering the Rights Plan "against Liberation or any other stockholder claimed by Defendants to be acting in concert with it?" *Id.* at p. 12 (prayer for relief).

As much as Defendants might wish to end the case by making even more misleading partial disclosures of half-truths, the perpetrator is not allowed to be the referee. On a motion to dismiss, this Court may not merely credit Defendants' denials but, instead, must accept Plaintiffs' well-pleaded allegations as true and permit discovery on what are clearly issues of fact not properly resolved at this juncture: *i.e.*, Whether Defendants' have entered into undisclosed agreements and understandings with Pardus and/or others that have not been disclosed.

This Court, like most in this District and Circuit, has recognized that where objective factual matters are required to be disclosed and are alleged to be omitted from proxy materials and/or a Schedule 13D, such as the existence of arrangements, understanding or agreements among stockholders acting in concert – such issues are <u>not</u> mooted by mere disclosure of the contention and its denial and present issues of fact inappropriate for disposition on a motion to dismiss. Moreover, the company's disclosures – in proxy materials, news reports or otherwise – of its assertions that a

4

defendant made false or misleading disclosures does not somehow relieve the defendant of its disclosure obligations under the securities laws to truthfully and fully disclose *facts*, not merely the parties' contentions or opinions about these facts.

For each of these reasons, as shown below, Defendants Motion to Dismiss must be denied, and Plaintiffs permitted to proceed with the Court-ordered discovery.

## ARGUMENT

### I. DEFENDANTS' MOTION FAILS TO MEET – OR EVEN TO ACKNOWLEDGE – THE HIGH BURDEN GOVERNING MOTIONS TO DISMISS

Defendants ask this Court to dismiss Bally's Complaint in its entirety, before the Court-ordered discovery on Bally's claims has taken place, and before the Court has held a hearing on the merits of those claims.[2] "When considering a motion to dismiss, a court must accept as true all allegations in the complaint and must draw all reasonable factual inferences in the light most favorable to the plaintiff." *Tracinda Corp. v. DaimlerChrysler AG*, 197 F. Supp. 2d 42, 53 (D. Del. 2002) (denying motion to dismiss allegations of nondisclosure in proxy materials), *citing Neitzke v. Williams*, 490 U.S. 319, 326 (1989); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255 (3d Cir. 1994). *See also, In re Reliance Sec. Litig.*, 91 F. Supp. 2d 706, 729 (D. Del. 2000) (denying defendants' motion to dismiss a claim under Rule 14(a)) ("[d]ismissal is only appropriate when 'it appears beyond doubt that the plaintiff can prove no set of facts in

---

[2] A motion contending that a plaintiff's claim has been rendered moot is in essence a challenge to the court's jurisdiction to hear the case or controversy under Federal Rule of Civil Procedure 12(b)(1). As one court has noted, however, in vacating a dismissal of a mootness challenge to a Section 13(d) claim, "where the mootness issue is inextricably intertwined with the merits, *deferral of the jurisdictional issues until the summary judgment stage* is appropriate." *Horsehead Resource Dev. Co. v. B.U.S. Env. Svcs., Inc.*, 928 F. Supp. 287, 290 (S.D.N.Y. 1996).

5

RLF1-2959461-1

support of his claims which would entitle him to relief.'") (*citing Conley v. Gibson*, 355 U.S. 41, 45 (1957)).[3]

In the context of alleged misrepresentations and omissions in proxy solicitation materials, courts are reluctant to deny plaintiffs adequate opportunity to prove their claims. *Tracinda Corp. v. DaimlerChrysler AG*, 197 F. Supp. 2d at 53. Indeed, the Third Circuit has reversed a district court for granting motions to dismiss claims alleging that proxy materials were false or misleading where plaintiff was not first given "the opportunity to substantiate some of his allegations." *See Shaev v. Saper*, 320 F.3d 373, 375, 384-85 (3d Cir. 2003) (vacating district court's dismissal of plaintiff's proxy statement claims). Consistent with these rulings, almost all of Defendants' cases were decided after discovery and an evidentiary hearing, or trial on the merits.[4] Indeed, in a case in which Pearlman was a defendant, the court declined to dismiss claims against him on grounds of mootness noting that "where there exists a reasonable basis for assailing the truthfulness or motive and intent of a party's Schedule 13D, such dispute should not

---

[3] The burden of demonstrating that the plaintiff has failed to state a claim upon which relief may be granted rests squarely on the defendants. *Id.; see also Young v. West Coast Industrial Relations Assoc., Inc.*, 763 F. Supp. 64, 67 (D. Del. 1991).

[4] *See, e.g., Energy Ventures, Inc. v. Appalachian Co.*, 587 F. Supp. 734 (D. Del. 1984) (denying preliminary injunction after expedited discovery and hearing); *City Capital Assocs. Ltd. P'Ship v. Interco, Inc.*, 696 F. Supp. 1551 (D. Del. 1988) (providing findings of fact and conclusions of law after hearing on application for preliminary injunction); *Sea Containers Ltd. v. Stena AB*, 890 F.2d 1205, 1210-11 (D.C. Cir. 1989) (appeal from grant of preliminary injunction); *Howell v. Mgmt. Assistance, Inc.*, 519 F. Supp. 83 (S.D.N.Y. 1981) (order on summary judgment motion after discovery permitted but plaintiff declined to pursue it); *Condec Corp. v. Farley*, 573 F. Supp. 1382 (S.D.N.Y. 1983) (order on preliminary injunction hearing following expedited discovery); *Capital Realty Investors Tax Exempt Fund L.P. v. Dominium Tax Exempt Fund L.L.P.*, 944 F. Supp. 250 (S.D.N.Y. 1996) (ruling on motion for preliminary injunction); *Seibert v. Sperry Rand Corp.*, 586 F.2d 949 (2d Cir. 1978) (appeal from grant of summary judgment motion); *Vestcom International, Inc. v. Chopra*, 114 F. Supp. 2d 292 (D.N.J. 2000) (order partially granting summary judgment motion); *Treadway Companies, Inc. v. Care Corp.*, 638 F.2d 357 (2d Cir. 1980) (appeal of judgment after trial of claims). As discussed below, the few cases cited by Defendants actually decided at the pleading stage, before discovery, either favor Plaintiff and counsel in favor of denial of the Motion, or are eminently distinguishable.

be resolved on a motion dismiss. Rather, the use of discovery and hearings are the judicial devices employed to resolve such disputes." *Foster Wheeler Corp. v. Edelman*, 1987 WL 61446 at *5 (D.N.J. Dec. 9, 1987).

Because Defendants have not shown – or even attempted to show – that "under no set of facts will the plaintiff[ ] be able to establish that the alleged misrepresentations and omissions were material" (*In re ValueVision Int'l Inc. Securities Litigation*, 896 F. Supp. 434, 442 (E.D.Pa.1995)), their motion to dismiss is premature and must be denied.

## II. DEFENDANTS' FORCED BUT ONLY PARTIAL AND STILL MISLEADING DISCLOSURES DO NOT MOOT BUT INSTEAD PROVIDE FURTHER SUPPORT FOR DEFENDANTS' REMAINING CLAIMS

### A. Defendants Disclosure That The Sufficiency Of Their Disclosures Is In Dispute Does Not Cure Defendants Non-Disclosures

Defendants argue that they have satisfied their obligation under Exchange Act Sections 13(a) and 14(d) merely by (i) disclosing Bally's allegations that Defendants' disclosures are incomplete and providing incomplete responses – some disclosure of some omitted items and abject denials of others, including the ultimate undisclosed "group" issue in this case. (AC ¶¶ 17-18). This argument, that the disclosure of the dispute suffices, has a certain level of superficial appeal but it has been properly rejected by this Court as an easy out that actually undermines the purposes of the securities laws.

As this Court observed, "the question arises of whether disclosures of the adverse claims completely satisfies § 13(d)'s disclosure obligations and moots any issue as to the ultimate merits of the claim. Permitting this type of cure would eliminate costly and often vexatious litigation under § 13(d)." *Warner Communincations, Inc. v. Murdoch*, 581 F. Supp. 1482, 1501 (D. Del. 1984). However, the *Warner* Court then *rejected* that argument as contrary to the spirit of the securities laws, and denied the pending motion to dismiss because such a rule

7

> …might also significantly circumvent the disclosure goals of § 13(d). Material facts might often be concealed and omitted from initial 13D Statements, to be cured only by subsequent disclosure of adverse claims which allege the omissions but which are disputed by the disclosing party. **As a result, the true facts would often remain obscured and hidden from investors.**

*Id.* (emphasis added).

That is the very danger here. The disclosure of the dispute about whether Defendants and Pardus are acting in concert still fails to disclose the true facts about the existence of those contestants' agreements. Absent voluntary disclosure by Defendants, those facts can only be determined after discovery and an evidentiary hearing or trial. *See also Sea Containers*, 890 F.2d at 1210 ("the *Warner* court held that if the disclosing party is found on the merits to have filed a false Schedule 13D, that party cannot cure the defect merely by annexing an adverse claim."). As this Court held in *Tracinda*, Defendants cannot evade a claim of non-disclosure merely by claiming that they have cured or by disputing allegations where the allegations of the Complaint are that "Defendants made affirmative false statements and that the [matters at issue] were not fully and accurately disclosed." 197 F. Supp.2d at 63.

Defendants' cases from other jurisdictions are at odds with *Warner*[5] and/or are inapt. *See* MTD ¶¶ 18-21. Defendants only on-point case from this jurisdiction[6], *City Capital Assocs. Ltd.*

---

[5]   Two out-of-Circuit district courts took the easy out this Court considered but rejected in *Warner*. *See Condec Corp. v. Farley*, 573 F. Supp. 1382 (S.D.N.Y. 1983) (denying preliminary injunction after expedited discovery and hearing); *Weeden v. Continental Health Affiliates, Inc.*, 713 F. Supp. 396, 399-400 & n.3 (N.D. Ga. 1989) (granting motion to dismiss disclosure claims). In addition, as noted above, all but one of Plaintiffs' cases (*Avnet v. Scope Industries*, 499 F. Supp. 1121 (S.D.N.Y. 1980) were decided not at the motion to dismiss stage, but after discovery and an evidentiary hearing or trial.

[6]   *Energy Ventures*, 587 F. Supp. at 743, stands only for the unremarkable proposition that where a party makes the disclosure that the plaintiff requested, that disclosure cures the disclosure violation. Plaintiffs do not dispute this proposition, and do not seek to maintain a further claim with respect to facts that Liberation and Pearlman have now disclosed, such as the length of Pearlman's tenure at Bally. This principle does not, however, preclude Bally from

8

*P'Ship v. Interco, Inc.*, 696 F. Supp. 1551 (D.Del. 1988), is distinguishable because the dispute there involved pure issues of law: (1) whether certain preferred stock was equity or debt, (2) whether certain third parties were "bidders" under applicable law, and (3) whether defendants' actions violated the Hart-Scott Act. *Id.* at 1556. In denying a preliminary injunction motion, this Court determined that the parties were not required to disclose legal conclusions as opposed to facts. Plaintiffs other out-of-jurisdiction case are to the same effect.[7] That is not the issue here.

In sum, Defendants' contention that by merely disclosing Bally's allegations they can end the proceedings, has no support. Instead, many courts, including this Court, have held that the issue of proper disclosure is an intensely fact specific one, and that claims of nondisclosure should be allowed to be developed through discovery and a hearing. Indeed, in *Tracinda*, this Court denied a motion to dismiss on just these grounds. *Tracinda*, 197 F. Supp. 2d at 63.

### B. Defendants Are Not Relieved Of Their Disclosure Requirements By Bally's Statements In Its Proxy Materials

Plaintiffs also contend that "Bally mooted its own claims" by including information in its own proxy materials advising stockholders of information it believed was undisclosed. This argument fares no better than Defendants' argument that disclosure of the mere existence of a dispute suffices to moot the claim. Again, this is because Bally can inform stockholders of the existence of the controversy; only Defendants can cure their omission by providing the factual information the securities laws require. *See Kohn v. American Metal Climax, Inc.*, 458 F.2d 255,

---

seeking injunctive relief with respect to the continued partial and misleading disclosures that persist in Defendants' proxy materials, as discussed below.

[7] *Avnet*, 499 F. Supp. at 1126 (defendant not required to admit legal conclusion about whether it fell within the legal definition of an investment company, requiring it only to state the existence the plaintiffs' allegation.); *Vestcom*, 114 F. Supp.2d at 296 (*summary judgment* where "the basic facts are not in dispute" and that the contested issues were "primarily legal" questions of "interpretation of documents and their legality"); *Howell*, 519 F. Supp. at 86-89 (factual showing at *summary judgment* revealed allegations lacked any basis).

265 (3d Cir. 1992), partially overruled on other grounds Kershner v. Mazurkiewicz, 670 F.2d 440, 448 (3d Cir. 1982), (rejecting defendants' contention that their inadequate disclosure of the benefits they would receive from a proposed merger were cured by the fact that plaintiff's proxy materials "apprised [stockholders] of the benefits to [defendants].") As the Third Circuit noted in *Kohn*, the securities laws "do[] not authorize opposing sides in proxy contests to use one another's materials by reference. Consequently, any otherwise material violation of the disclosure rules is not obviated by referring to materials of an opposing party." *Id* See also, *Bertoglio v. Texas Int'l Co.*, 488 F. Supp. 630, 642-44 (D. Del. 1980), (plaintiffs' letter to shareholders disclosing material information – could not cure defendants' failure to disclose in their own proxy materials).

Defendants' cases are not to the contrary. Indeed one of plaintiffs' cases, *Warner*, *rejected* the notion that disclosure of the controversy itself – even in the <u>defendant's</u> proxy materials – could cure nondisclosure of material underlying facts. *See Warner*, 581 F. Supp. at 1500-01 (cited at 7, *supra*).[8] Here, by contrast, the alleged omissions – regarding understandings and relationships among Pearlman, Liberation, Pardus, and Kornstein – are *hidden* from public knowledge, are affecting this proxy contest, are expressly required to be disclosed under the federal securities laws and can only be ascertained through discovery.[9]

---

[8] The omission excused in *Seibert v. Sperry Rand Corp.*, 586 F.2d 949, 952 (2d Cir. 1978), that a company for which a proposed director had also served as a director had experienced significant labor disputes – was broad public knowledge, bears no resemblance to the undisclosed secret dealings allegations at issue here.

[9] *Capital Realty Investors Tax Exempt Fund L.P. v. Dominium Tax Exempt Fund L.L.P.*, 944 F. Supp. 250 (S.D.N.Y. 1996), is off-point. Plaintiffs cite it for the proposition that because Defendants have already provided Bally stockholders with the facts whose alleged omission "provided the only cognizable grounds for this case." MTD ¶ 26. Defendants' premise is incorrect – as demonstrated in depth herein and in the Proposed Amended Complaint, Defendants continue to conceal and misrepresent numerous material facts, which are not cured by Defendants' disclosure of the existence of the dispute. *Capital Realty*'s assumption – that the parties will put the material

Further, Defendants' contention that Bally's own proxy materials mooted its claims is misguided. Bally does not, and cannot, disclose the facts concerning Defendants' group action with Pardus and understandings regarding Kornstein and the Stockholder Proposal for the very reason that the facts concerning those arrangements remain undisclosed. Accordingly, Defendants' mootness argument based on Plaintiffs' disclosures, like that based on Defendants' own disclosures of disputed issues, cannot suffice to "cure" Plaintiff's claims.

C. **Defendants' Partial and Forced Disclosures Continue To Omit Material Information**

As noted, rather than "cure" their violations of Sections 13(d) and 14(a) Defendants recent disclosures, purporting to address the omissions that Bally has identified are, in large part, half-truths and partial disclosures of selected facts that are in some ways more misleading than no disclosure at all. Accordingly, Defendants have not even begun to remedy their violations of the securities laws and have not mooted Bally's claims. Indeed, because Defendants' belated and forced admissions purport to be fully curative, they serve only to further compound the misimpressions and confusion that existed before. For example:

- While Defendants now admit that Pearlman used to work for Bally, they continue to fail to disclose important facts concerning Defendant Pearlman's role and lucrative compensation, including investment advisory fees received for entering into transactions that were required to be restated and/or have saddled the Company with potentially enterprise-threatening debt if a restructuring or recapitalization or both cannot be achieved. Indeed, by disclosing only a small fraction of Pearlman's compensation from Bally, Defendants have attempted to

---

facts into the hands of the shareholders prior to the vote, thus nullifying any harm – is thus inapplicable here.

affirmatively mislead investors and minimize Pearlman's financial dealings with Bally.

- While Defendants now disclose that Pearlman had and has a close personal and business relationship with Bally's former CEO, Lee Hillman, they fail to disclose that Hillman was a founding member of Defendant Liberation Investment Group LLC, established soon after Hillman and Pearlman left Bally, and that Hillman and Pearlman, on information and belief, planned to cause Liberation to "liberate" Bally from current management so as to be able to use the Company, once again, to advance their own personal agendas – *i.e.*, awarding themselves significant fees and perquisites and preventing Bally from taking action against them for the accounting improprieties Hillman encouraged and the ill-advised transactions that Hillman and Pearlman advocated.

- While Defendants now admit that they are responsible for suggesting the candidacy of Kornstein to Pardus for inclusion on its slate for election to the Company's Board – though not in their 13D filing – they continue to represent that they take no position concerning their candidate. It is not plausible that Defendants suggested their loyalist Kornstein but do not intend to support him or to agree with Pardus to do so. The more likely scenario is that to avoid filing competing slates that might dilute their ability to defeat Bally's candidates and proposals, Pardus and Defendants agreed that Pardus would include Pearlstein's candidate, Kornstein, in its own slate.

Defendants cannot cure omissions and misleading statements with more misleading statements. "Because, as one court has stated, 'a false filing may be more detrimental to the

informed operation of the securities markets than no filing at all'... a court simply cannot turn a blind eye to a potentially inaccurate filing when it possesses the injunctive power to have that filing corrected before irreparable harm occurs to the investing public." *Dan River, Inc. v. Unitex Ltd.*, 624 F.2d 1216, 1227 (4th Cir. 1980) (reversing dismissal of 13(d) disclosure claims and returning case to court for discovery) (*quoting GAF Corporation v. Milstein*, 453 F.2d 709, 720 (2d Cir. 1971)). In *Dan River*, defendants in a Section 13(d) action amended their proxy materials in an attempt to moot the plaintiff's claims. The Fourth Circuit noted that the defendants' amended proxy materials may have provided some additional information but that on a motion to dismiss, the amendment was not necessarily sufficient given the doubts that the plaintiffs had raised about the defendants' intentions toward the company and group activity that may have been geared toward obtaining control of the company. 624 F.2d at 1226-27. The same conclusion and result are warranted here.

### III. BALLY IS ENTITLED TO DISCOVERY AND A HEARING ON ITS ALLEGATIONS REGARDING DEFENDANTS' INTENTIONS AND MOTIVE

Defendants also contend Bally cannot assert a claim of nondisclosure as to "subjective motives rather than objective facts." MTD ¶ 10 (citing *Virginia Bankshares, Inc. v. Sandberg*, 501 U.S. 1083 (1991) as establishing a "bright-line rule" prevents Courts from looking into the "'impurities' of an 'unclean heart.'"). However, Bally is not looking to require disclosure that Defendants are bad guys. Instead, Bally is complaining because Defendants have failed to disclose their purpose, intentions and motives *as the proxy rules explicitly require*. See 15 U.S.C. § 78m(d)(1); *see also Dan River*, 624 F.2d at 1225 ("The particular statement on which Dan River centers its attack is the statement of purpose of acquisition, as required under the statute"). As alleged in the Proposed Amended Complaint, Defendants' disclosures are

replete with misrepresentations and omissions regarding their motives and purposes, and understandings with other shareholders.

Here, Bally has alleged on the basis of sound circumstantial evidence that Defendants have undisclosed motives that shareholders would find material in deciding how to vote. On a motion to dismiss, this Court must accept those allegations as true. Defendants' bald denial is of no relevance at this stage of the proceeding. As the Fourth Circuit has stated in reversing the district court's dismissal of a motion to dismiss under virtually identical circumstances:

> The key issue in this case is the defendants' motive and intent in buying Dan River stock. Dan River wants to know this, and the investing public has a right to know it as well. Yet only the defendants can clarify the confusion they have created on this point; the proof is in their hands. If Dan River is not allowed to obtain from the defendants through discovery the facts vital to prosecuting this action, the defendants are effectively freed from the obligation of filing a complete and accurate Schedule 13D for only they can publish their motives and intent as the law requires them to do.

*Dan River*, 624 F.2d at 1228.

*Virginia Bankshares* actually supports Plaintiff's point. There, the board allegedly made inaccurate statements regarding the fairness of a merger price and acted out of an entrenchment motive. The Supreme Court held that allegations of undisclosed motive or belief in making false or misleading statements supports a cause of action under the proxy rules.

Indeed, in *Tracinda Corp. v. DaimlerChrysler AG*, 197 F. Supp. 2d 42 (D. Del. 2002), this Court rejected this very same argument, *i.e.*, that a failure to disclose alleged motives is not actionable under Section 14(a):

> The difficulty with Defendants' argument is that its premise rests on the assumption that the operative facts surrounding the transaction had been fully and accurately disclosed in the Proxy/Prospectus and that the Proxy/Prospectus was not false or misleading. Indeed each of the cases upon which Defendants rely for their undisclosed motive argument involve the absence of any

14

>   allegations by the plaintiffs that the disclosures that were made
>   were either false or misleading

197 F. Supp. 2d at 62. *See also, e.g., Lichtenberg v. Besicorp Group Inc.*, 43 F. Supp. 2d 376, 388-89 (S.D.N.Y. 1999) (proxy materials supporting a merger that did not disclose that defendants' ulterior motives for the merger would result in dismissal of shareholder derivative suits against defendants violated Section 14(a) by omitting to "state all the important purposes of the merger"); *Securities and Exchange Commission v. Parklane Hosiery Co., Inc.*, 558 F. 2d 1083, 1088 (2d Cir. 1977) (proxy materials failed to disclose that the motive behind the merger was to enable defendants to pay off personal debts).

In fact, Pearlman has lost this argument before. In *Foster Wheeler Corp. v. Edelman*, Civ. No. 87-4346, 1987 WL 61446 (D.N.J. Dec. 9, 1987), Plaintiffs challenged Pearlman's statement of intention to acquire and hold their stock. The Court rejected Pearlman's motion to dismiss, stating:

>   where there exists a reasonable basis for assailing the truthfulness
>   or motive and intent of a party's Schedule 13D, such dispute
>   should not be resolved in a motion dismiss. Rather, the use of
>   discovery and hearings are the judicial devices employed to
>   resolve such disputes.

*Id.* at *5.

Twenty years later, Pearlman ought not to be trotting out his oft rejected argument again.

## IV. PLAINTIFF IS ENTITLED TO AMEND ITS COMPLAINT, AND IN ANY EVENT AMENDMENT IS APPROPRIATE IN LIGHT OF DEFENDANTS RECENTLY-FILED PROXY MATERIALS

Plaintiff is filing its First Amended Complaint (the "Amended Complaint") contemporaneously with this Opposition. As it has not previously amended the Complaint, under the Federal Rules of Civil Procedure, Plaintiff is entitled to do so "as a matter of course"

15

because no responsive pleading has yet been served. Fed. R. Civ. P. 15(a); *Centifanti v. Nix*, 865 F.2d 1422, 1431 n.9 (3d Cir. 1989) (permitting amendment as a matter of course without leave of court because no responsive pleading had been served). Defendants' "motion to dismiss ... [does not] constitute[] a responsive pleading under Federal Rule of Civil Procedure 15(a)." *Id.* Accordingly, Plaintiff respectfully submits that it is permitted to amend its Complaint.

In any event, even if Plaintiff was not entitled to do so as of right, amendment would be appropriate here because Defendants recently-filed Disclosure Documents have added additional facts to the background in this case, and Plaintiff is acting expeditiously to respond to Defendants' new proxy materials filed only three days ago. As this Court has noted, "[t]he liberal nature of Rule 15 has led the Supreme Court to hold that a motion to amend should be granted unless the Court finds that there has been" undue delay, bad faith, inadequate prior amendments, or undue prejudice to the non-movant. *U.S. for Use and Ben. of B & R, Inc. v. Donald Lane Const.*, 19 F. Supp. 2d 217, 221 (D. Del. 1998). Plainly, no such dilatory behavior or prejudice is present here.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that Defendants' motion to dismiss be denied.

Date: December 16, 2005

Respectfully submitted,

*[signature]*

One of the Attorneys for Plaintiff
Bally Total Fitness Holding Corporation

Gregory P. Williams (#2168)
Raymond J. DiCamillo (#3188)
Elizabeth C. Tucker (#4468)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
10th and King Streets
Wilmington, Delaware 19899
Tel: (302) 651-7700
Fax: (302) 651-7701

-and-

Laurie B. Smilan
LATHAM & WATKINS LLP
11955 Freedom Drive, Suite 500
Reston, Virginia 20190
Tel: (703) 456-1000
Fax: (703) 456-1001

17

## CERTIFICATE OF SERVICE

I, Elizabeth C. Tucker, hereby certify that I caused copies of the foregoing PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE PRELIMINARY INJUNCTION PROCEEDING AS MOOT to be served by hand delivery upon:

> STEPHEN E. JENKINS, ESQ.
> Ashby & Geddes
> 222 Delaware Avenue
> Wilmington, DE  19899

on this 16th day of December, 2005.

/s/ Elizabeth C. Tucker
Elizabeth C. Tucker (#4468)
Tucker@rlf.com

RLF1-2959461-1