# EXHIBIT 1

EDGAR Filing Documents for 0000914121-04-001114                              Page 1 of 1

## SEC EDGAR Filing Information

## Form SC 13D -- General statement of acquisition of beneficial ownership

Group Members: **EMANUEL R. PEARLMANLIBERATION INVESTMENT
GROUP, LLCLIBERATION INVESTMENTS L.P.LIBERATION INVESTMENTS
LTD.**
Documents: **5**

SEC Accession No.
**0000914121-04-
001114**
Filing date: **2004-06-
08**
Accepted: **2004-06-
08 09:09:46**

**Table of submitted documents:**

| Seq | Type | Document | Size | Description |
|---|---|---|---|---|
| 1 | SC 13D | li692528-13d.txt | 37617 | SCHEDULE 13D |
| 2 | EX-1 | li692528-ex_1.txt | 11566 | RESTRICTED STOCK AWARD AGREEMENT |
| 3 | EX-2 | li692528-ex_2.txt | 5100 | NOTICE OF STOCKHOLDER PROPOSALS |
| 4 | EX-3 | li692528-ex_3.txt | 2355 | PRESS RELEASE |
| 5 | EX-4 | li692528-ex_4.txt | 1377 | JOINT FILING AGREEMENT |
| | | 0000914121-04-001114.txt | 60628 | **Complete submission text file** |

## Filer Information

**BALLY TOTAL FITNESS HOLDING CORP** (Subject) (**0000770944**)
IRS No.: **363228107** | State of Incorp.: **DE** | Fiscal Year End: **1231**
Type: **SC 13D** | Act: **34** | File No : **005-47769** | Film No.: **04852951**
SIC: **7997** Services-Membership Sports & Recreation Clubs

**Business Address**
8700 WEST BRYN MAWR AVENUE
SECOND FLOOR
CHICAGO IL 60631
7733803000

**Mailing Address**
8700 WEST BRYN MAWR AVENUE
SECOND FLOOR
CHICAGO IL 60631

**LIBERATION INVESTMENT GROUP LLC** (Filed by) (**0001259272**)

**Business Address**

**Mailing Address**
11766 WILSHIRE BLVD ,
SUITE 870
LOS ANGELES CA 90025

```
<DOCUMENT>
<TYPE>SC 13D
<SEQUENCE>1
<FILENAME>li692528-13d.txt
<DESCRIPTION>SCHEDULE 13D
<TEXT>
```

SECURITIES AND EXCHANGE COMMISSION
Washington, D.C. 20549

SCHEDULE 13D
(Rule 13d-101)

INFORMATION TO BE INCLUDED IN STATEMENTS
FILED PURSUANT TO RULE 13d-1(a) AND AMENDMENTS
THERETO FILED PURSUANT TO RULE 13d-2(a)

Amendment No. ___

Bally Total Fitness Holding Corporation
--------------------------------------------------------------------------------
(Name of Issuer)

Common Stock, par value $.01 per share
--------------------------------------------------------------------------------
(Title of Class of Securities)

058 73K 10 8
----------------------------------------
(CUSIP Number)

Dennis J. Block, Esq.
Cadwalader, Wickersham & Taft LLP
100 Maiden Lane
New York, NY 10038
(212) 504-5555
--------------------------------------------------------------------------------

(Name, Address and Telephone Number of Person Authorized to Receive Notices and
Communications)

June 4, 2004
----------------------------------------
(Date of Event which Requires Filing of this Statement)

If the filing person has previously filed a statement on Schedule 13G to report
the acquisition that is the subject of this Schedule 13D, and is filing this
schedule because of Rule 13d-1(e), Rule 13d-1(f) or Rule 13d-1(g), check the
following box [_].

Note: Schedules filed in paper format shall include a signed original and five
copies of the schedule, including all exhibits. See Rule 13d-7(b) for other
parties to whom copies are to be sent.

*The remainder of this cover page shall be filled out for a reporting person's
initial filing on this form with respect to the subject class of securities, and

for any subsequent amendment containing information which would alter disclosures provided in a prior cover page.

The information required on the remainder of this cover page shall not be deemed to be "filed" for the purpose of Section 18 of the Securities Exchange Act of 1934 ("Act") or otherwise subject to the liabilities of that section of the Act but shall be subject to all other provisions of the Act (however, see the Notes).

<PAGE>

| CUSIP No. 058 73K 10 8 | SCHEDULE 13D | Page 2 of 14 |
| --- | --- | --- |

| 1 | NAME OF REPORTING PERSON |
| --- | --- |
| | Liberation Investments L.P. |
| | |
| | S.S. OR I.R.S. IDENTIFICATION NO. OF ABOVE PERSON |

| 2 | CHECK THE APPROPRIATE BOX IF A MEMBER OF A GROUP |
| --- | --- |
| | (See Instructions)(a) [_] (b) [X] |

| 3 | SEC USE ONLY |
| --- | --- |

| 4 | SOURCE OF FUNDS (See Instructions) |
| --- | --- |
| | WC |

| 5 | CHECK IF DISCLOSURE OF LEGAL PROCEEDINGS IS REQUIRED PURSUANT TO ITEMS 2(d) or 2(e) [_] |
| --- | --- |

| 6 | CITIZENSHIP OR PLACE OF ORGANIZATION |
| --- | --- |
| | Delaware |

| NUMBER OF SHARES BENEFICIALLY OWNED BY EACH REPORTING PERSON WITH | 7 | SOLE VOTING POWER |
| --- | --- | --- |
| | | 0 |
| | 8 | SHARED VOTING POWER |
| | | 1,271,754 |
| | 9 | SOLE DISPOSITIVE POWER |
| | | 0 |
| | 10 | SHARED DISPOSITIVE POWER |
| | | 1,271,754 |

| 11 | AGGREGATE AMOUNT BENEFICIALLY OWNED BY EACH REPORTING PERSON |
| --- | --- |
| | 1,271,754 |

```
--------------------------------------------------------------------------------
12    CHECK IF THE AGGREGATE AMOUNT IN ROW (11) EXCLUDES CERTAIN SHARES (See
      Instructions)

--------------------------------------------------------------------------------
13    PERCENT OF CLASS REPRESENTED BY AMOUNT IN ROW (11)
      3.73%

--------------------------------------------------------------------------------
14    TYPE OF REPORTING PERSON (See Instructions)
      PN

--------------------------------------------------------------------------------
```

<PAGE>

```
----------------------------                          --------------------
CUSIP No. 058 73K 10 8          SCHEDULE 13D               Page 3 of 14
----------------------------                          --------------------
```

```
--------------------------------------------------------------------------------
1     NAME OF REPORTING PERSON
      Liberation Investments Ltd.

      S.S. OR I.R.S. IDENTIFICATION NO. OF ABOVE PERSON
--------------------------------------------------------------------------------
2     CHECK THE APPROPRIATE BOX IF A MEMBER OF A GROUP
      (See Instructions)(a) [_]   (b)[X]

--------------------------------------------------------------------------------
3     SEC USE ONLY

--------------------------------------------------------------------------------
4     SOURCE OF FUNDS (See Instructions)
      WC

--------------------------------------------------------------------------------
5     CHECK IF DISCLOSURE OF LEGAL PROCEEDINGS IS REQUIRED PURSUANT TO ITEMS
      2(d) or 2(e) [_]

--------------------------------------------------------------------------------
6     CITIZENSHIP OR PLACE OF ORGANIZATION
      Cayman Islands

--------------------------------------------------------------------------------
                     7    SOLE VOTING POWER
                          0
      NUMBER OF
       SHARES       --------------------------------------------------------
    BENEFICIALLY     8    SHARED VOTING POWER
      OWNED BY            674,446
        EACH
     REPORTING      --------------------------------------------------------
       PERSON        9    SOLE DISPOSITIVE POWER
        WITH             0
```

```
         ------------------------------------------------------------------
         10    SHARED DISPOSITIVE POWER
               674,446
------------------------------------------------------------------------------
11   AGGREGATE AMOUNT BENEFICIALLY OWNED BY EACH REPORTING PERSON
     674,446
------------------------------------------------------------------------------
12   CHECK IF THE AGGREGATE AMOUNT IN ROW (11) EXCLUDES CERTAIN SHARES (See
     Instructions)
------------------------------------------------------------------------------
13   PERCENT OF CLASS REPRESENTED BY AMOUNT IN ROW (11)
     1.97%
------------------------------------------------------------------------------
14   TYPE OF REPORTING PERSON (See Instructions)
     CO
------------------------------------------------------------------------------


<PAGE>


----------------------------                    ---------------------
CUSIP No. 058 73K 10 8          SCHEDULE 13D              Page 4 of 14
----------------------------                    ---------------------


------------------------------------------------------------------------------
1    NAME OF REPORTING PERSON

     Liberation Investment Group LLC
------------------------------------------------------------------------------
2    CHECK THE APPROPRIATE BOX IF A MEMBER OF A GROUP
     (See Instructions)(a) [_] (b) [X]
------------------------------------------------------------------------------
3    SEC USE ONLY
------------------------------------------------------------------------------
4    SOURCE OF FUNDS (See Instructions)
     N/A
------------------------------------------------------------------------------
5    CHECK IF DISCLOSURE OF LEGAL PROCEEDINGS IS REQUIRED PURSUANT TO ITEMS
     2(d) or 2(e) [_]
------------------------------------------------------------------------------
6    CITIZENSHIP OR PLACE OF ORGANIZATION
     Delaware
------------------------------------------------------------------------------
                7    SOLE VOTING POWER
                     0
     NUMBER OF
     SHARES       ------------------------------------------------------------
```

```
BENEFICIALLY    8    SHARED VOTING POWER
  OWNED BY           1,946,200
    EACH
  REPORTING    --------------------------------------------------------------
   PERSON      9    SOLE DISPOSITIVE POWER
    WITH            0

               --------------------------------------------------------------
               10   SHARED DISPOSITIVE POWER
                    1,946,200
```

```
----------------------------------------------------------------------------
11    AGGREGATE AMOUNT BENEFICIALLY OWNED BY EACH REPORTING PERSON
      1,946,200

----------------------------------------------------------------------------
12    CHECK IF THE AGGREGATE AMOUNT IN ROW (11) EXCLUDES CERTAIN SHARES (See
      Instructions)

----------------------------------------------------------------------------
13    PERCENT OF CLASS REPRESENTED BY AMOUNT IN ROW (11)
      5.71%

----------------------------------------------------------------------------
14    TYPE OF REPORTING PERSON (See Instructions)
      OO,IA

----------------------------------------------------------------------------
```

<PAGE>

```
----------------------------                           ---------------------
CUSIP No. 058 73K 10 8           SCHEDULE 13D                  Page 5 of 14
----------------------------                           ---------------------
```

```
----------------------------------------------------------------------------
1    NAME OF REPORTING PERSON

     Emanuel R. Pearlman

----------------------------------------------------------------------------
2    CHECK THE APPROPRIATE BOX IF A MEMBER OF A GROUP
     (See Instructions)(a) [_]  (b) [X]

----------------------------------------------------------------------------
3    SEC USE ONLY

----------------------------------------------------------------------------
4    SOURCE OF FUNDS (See Instructions)
     N/A

----------------------------------------------------------------------------
5    CHECK IF DISCLOSURE OF LEGAL PROCEEDINGS IS REQUIRED PURSUANT TO ITEMS
     2(d) or 2(e) [_]

----------------------------------------------------------------------------
6    CITIZENSHIP OR PLACE OF ORGANIZATION
```

United States

```
--------------------------------------------------------------------------
                7     SOLE VOTING POWER
                      35,000
   NUMBER OF
    SHARES      ----------------------------------------------------------
BENEFICIALLY    8     SHARED VOTING POWER
  OWNED BY            1,946,200
    EACH
  REPORTING     ----------------------------------------------------------
   PERSON       9     SOLE DISPOSITIVE POWER
    WITH              35,000

                ----------------------------------------------------------
                10    SHARED DISPOSITIVE POWER
                      1,946,200
--------------------------------------------------------------------------
11     AGGREGATE AMOUNT BENEFICIALLY OWNED BY EACH REPORTING PERSON
       1,981,200
--------------------------------------------------------------------------
12     CHECK IF THE AGGREGATE AMOUNT IN ROW (11) EXCLUDES CERTAIN SHARES (See
       Instructions)
--------------------------------------------------------------------------
13     PERCENT OF CLASS REPRESENTED BY AMOUNT IN ROW (11)
       5.81%
--------------------------------------------------------------------------
14     TYPE OF REPORTING PERSON (See Instructions)
       IN, HC
--------------------------------------------------------------------------
```

<PAGE>

```
----------------------------                     --------------------
CUSIP No. 058 73K 10 8          SCHEDULE 13D             Page 6 of 14
----------------------------                     --------------------
```

INTRODUCTION

Item 1.     Security and Issuer.

This statement relates to shares of common stock, $.01 par value per share (the
"Common Stock"), of Bally Total Fitness Holding Corporation, a Delaware
corporation (the "Company"). The Company's principal executive offices are
located at 8700 West Bryn Mawr Avenue, Chicago, Illinois 60631. The number of
issued and outstanding shares of Common Stock as of April 30, 2004, as reported
in the Company's Form 10-Q for the quarter ended March 31, 2004 is 34,072,114.

Item 2.     Identity and Background.

        (a) This statement on Schedule 13D is being filed jointly on behalf of the

following persons (collectively, the "Reporting Persons"): (i) Liberation Investments, L.P., a Delaware limited partnership ("LILP"); (ii) Liberation Investments Ltd. ("LILtd"), a private offshore investment corporation; (iii) Liberation Investment Group LLC ("LIGLLC"), a Delaware limited liability company and general partner of LILP and discretionary investment adviser to LILtd; and (iv) Emanuel R. Pearlman, as General Manager, Chief Investment Officer and majority member of LIGLLC.

CFS Company Ltd. ("CFS") is a corporate director of LILtd, and the information regarding CFS is provided solely by reason of Instruction C to Schedule 13D. CFS is not a Reporting Person for purposes of this Schedule 13D.

LILP and LILtd are the direct beneficial owners of 1,946,200 shares of Common Stock and Mr. Pearlman is the direct beneficial owner of 35,000 shares of Common Stock issued pursuant to a Restricted Stock Agreement, dated September 20, 2001, as amended, (a copy of which is attached to this filing as Exhibit 1). LIGLLC's beneficial ownership is indirect as a result of its control of LILP and LILtd., and Mr. Pearlman's ownership of the shares owned by LILP and LILtd is indirect as a result of Mr. Pearlman being the General Manager, Chief Investment Officer and majority member of LIGLLC. LIGLLC and Mr. Pearlman's indirect ownership is reported solely because Rule 13-d(1)(a) promulgated under the Securities Exchange Act of 1934, as amended, (the "Act") requires any person who is "directly or indirectly" the beneficial owner of more than five percent of any equity security of a specific class to file a Schedule 13D within the specific time period. The answers on blocks 2 and 3 on pages 4 and 5 above and in response to Item 5 by LIGLLC and Mr. Pearlman with respect to the shares owned by LILP and LILtd are given on the basis of the "indirect" beneficial ownership referred to in such Rule, based on the direct beneficial ownership of the Common Stock by LILP and LILtd and the relationship of LIGLLC and Mr. Pearlman to LILP and LILtd.

The Reporting Persons are filing this joint Schedule 13D because they may be regarded as a group. However, each Reporting Person disclaims beneficial ownership of the shares owned by the other Reporting Persons and disclaims membership in a group, and this

<PAGE>

```
----------------------------                          --------------------
CUSIP No. 058 73K 10 8          SCHEDULE 13D              Page 7 of 14
----------------------------                          --------------------
```

filing shall not constitute an acknowledgement that the Reporting Persons constitute a group.

(b)    The business address for LILP, LIGLLC and Mr. Pearlman is 11766 Wilshire Blvd, Suite #870, Los Angeles, CA 90025.

The business address for LILtd is P.O. Box 31106 SMB Corporate Centre, West Bay Road, Grand Cayman, Cayman Islands

The business address for CFS is P.O. Box 31106 SMB Corporate Centre, West Bay Road, Grand Cayman, Cayman Islands.

(c)    The business of (i) LILP is that of a private investment partnership

engaging in the purchase and sale of securities for investment for its own
account; (ii) LILtd is that of a private offshore investment corporation
engaging in the purchase and sale of securities for investment for its own
account; (iii) LIGLLC is to serve as the general partner of LILP and
discretionary investment adviser to LILtd; and (iv) Mr. Pearlman is to
provide discretionary investment management services through LIGLLC, of
which he is the majority member.

The business of CFS is to provide director services.

(d)    None of the Reporting Persons has, during the last five years, been
       convicted in a criminal proceeding (excluding traffic violations or
       similar misdemeanors).

       CFS has not, during the last five years, been convicted in a criminal
       proceeding (excluding traffic violations or similar misdemeanors).

(e)    None of the Reporting Persons has, during the last five years, been a
       party to a civil proceeding of a judicial or administrative body of
       competent jurisdiction and as a result of such proceeding was or is
       subject to a judgment, decree or final order enjoining future violations
       of, or prohibiting or mandating activities subject to, federal or state
       securities laws or finding any violation with respect to such laws.

       CFS has not, during the last five years, been a party to a civil
       proceeding of a judicial or administrative body of competent jurisdiction
       and as a result of such proceeding was or is subject to a judgment, decree
       or final order enjoining future violations of, or prohibiting or mandating
       activities subject to, federal or state securities laws or finding any
       violation with respect to such laws.

(f)    (i) LILLP is a Delaware limited partnership; (ii) LILtd is a Cayman
       Islands Corporation; (iii) LIGLLC is a Delaware limited liability company;
       and (iv) Mr. Pearlman is a United States citizen.

       CFS is a Cayman Islands corporation.

<PAGE>

```
----------------------------                         --------------------
CUSIP No. 058 73K 10 8          SCHEDULE 13D             Page 8 of 14
----------------------------                         --------------------
```

Item 3.    Source and Amount of Funds or Other Consideration.

The net investment cost (including commissions, if any) of the shares of Common
Stock beneficially owned by the Reporting Persons is $7,836,257. The source of
funds for this consideration was working capital of LILP and LILtd.

Item 4.    Purpose of Transaction.

The Reporting Persons acquired the shares of Common Stock reported herein in the
ordinary course of business for investment purposes. The Reporting Persons
believe their investment has significant potential for increased value and
intend to urge management and the board of directors to take steps to maximize
shareholder value, including through a possible sale of the Company's business,
merger, sale of assets, consolidation, reorganization or other business

combination or a recapitalization or refinancing. The Reporting Persons may
actively engage in discussions with other stockholders and third parties
regarding efforts to maximize shareholder value.

The Reporting Persons believe that fundamental changes in the Company's
corporate governance, such as the removal of anti-takeover devices, are
necessary and appropriate in order to maximize shareholder value and encourage
third party interest in an acquisition of the Company. In addition, the
Reporting Persons believe that sound corporate governance practices will impose
a level of management and board accountability necessary to help insure that a
good performance record is established and maintained, thereby increasing
shareholder value.

A representative of the Reporting Persons has, on several occasions, discussed
with the Company's Chief Executive Officer and one of its independent directors,
the Reporting Persons' willingness to work with management to develop a strategy
to maximize shareholder value, as well as the Reporting Persons' views regarding
corporate governance issues.

On May 28, 2004, the Reporting Persons delivered a letter to the Company's
secretary (a copy of which is attached to this filing as Exhibit 1), in
accordance with the Company's by-laws, providing notice of their intent to
present certain governance proposals for approval at the Company's 2004 Annual
Meeting of Stockholders relating to: (i) separation of the offices of Chief
Executive Officer and Chairman of the Board, (ii) removal of the Company's
stockholder rights plan, (iii) declassification of the Company's board of
directors, and (iv) adoption of a mandatory retirement age for directors at 75
years old. The proposals, if approved, would involve amendments to the Company's
by-laws and certificate of incorporation. The Reporting Persons intend to file a
proxy statement and other relevant documents with the Securities and Exchange
Commission and to solicit proxies in support of some or all of these proposals.

The Reporting Persons may pursue other alternatives available in order to
maximize the value of their investment in the Company. Such alternatives could
include, without limitation, (i) the purchase of additional Common Stock in the
open market, in privately negotiated transactions or otherwise, and (ii) the
sale of all or a portion of the Common Stock now owned or hereafter acquired by
them. The Reporting Persons intend to contact and consult with other
shareholders of the Company concerning the Company, its prospects, and any or
all of the foregoing matters.


<PAGE>


----------------------------                    --------------------
CUSIP No. 058 73K 10 8          SCHEDULE 13D              Page 9 of 14
----------------------------                    --------------------


The Reporting Persons may also transfer shares to or from a Reporting Person to
another Reporting Person.

The Reporting Persons reserve the right to change their plans or intentions and
to take any and all actions that they may deem appropriate to maximize the value
of their investment in the Company in light of their general investment
policies, market conditions, subsequent developments affecting the Company and
the general business and future prospects of the Company.

Except as set forth above, the Reporting Persons do not have any current

intention, plan or proposal with respect to: (a) the acquisition by any person of additional securities of the Company, or the disposition of securities of the Company; (b) an extraordinary corporate transaction, such as a merger, reorganization or liquidation, involving the Company or any of its subsidiaries; (c) a sale or transfer of a material amount of assets of the Company or any of its subsidiaries; (d) any change in the present board of directors or management of the Company, including any plans or proposals to change the number or term of directors or to fill any existing vacancies on the board; (e) any material change in the present capitalization or dividend policy of the Company; (f) any other material change in the Company's business or corporate structure; (g) changes in the Company's charter, bylaws or instruments corresponding thereto or other actions which may impede the acquisition of control of the Company by any person; (h) causing a class of securities of the Company to be delisted from a national securities exchange, if any, or cease to be authorized to be quoted in an inter-dealer quotation system of a registered national securities association; (i) a class of equity securities of the Company becoming eligible for termination of a registration pursuant to Section 12(g)(4) of the Act; or (j) any action similar to any of those enumerated above.

Item 5.       Interest in Securities of the Issuer.

        (a) As of the date hereof, the Reporting Persons have the following interest in the securities of the Company:

    (i)    LILP beneficially owns 1,271,754 shares of Common Stock and is the beneficial owner of 3.73% of the Common Stock.

    (ii)   LILtd beneficially owns 674,446 shares of Common Stock and is the beneficial owner of 1.98% of the Common Stock.

    (iii)  LIGLLC, as the sole general partner of LILP and the sole investment advisor to LILtd, beneficially owns 1,946,200 shares of Common Stock and is the beneficial owner of 5.71% of the Common Stock.

    (iv)   Mr. Pearlman beneficially owns 35,000 shares of Common Stock and, as the majority member and General Manager of LIGLLC, beneficially owns 1,946,200 shares of Common Stock and is the beneficial owner of 5.81% of the Common Stock.

<PAGE>

--------------------------                              --------------------
CUSIP No. 058 73K 10 8          SCHEDULE 13D                 Page 10 of 14
--------------------------                              --------------------

        The Reporting Persons in the aggregate may be deemed to own an aggregate of 5.81% of the Common Stock.

        (b) The table below sets forth for each Reporting Person, the numbers of shares of Common Stock for which there is sole power to vote or to direct the vote, shared power to vote or direct the vote, or sole or shared power to dispose or to direct the disposition.

| LILP | LILTD | LIGLLC | Mr. Pearlman |
| --------- | ------- | --------- | --------- |

| | | | | |
|---|---|---|---|---|
| Sole Power to Vote/ Direct Vote | 0 | 0 | 0 | 35,000 |
| Shared Power to Vote/ Direct Vote | 1,271,754 | 674,446 | 1,946,200 | 1,946,200 |
| Sole Power to Dispose/ Direct Disposition | 0 | 0 | 0 | 35,000 |
| Shared Power to Dispose/ Direct Disposition | 1,271,754 | 674,446 | 1,946,200 | 1,946,200 |

(c) There have been no purchases or sales of the Company's stock by the Reporting Persons within the last sixty days, except that:

(1) On April 29, 2004, (i) LILP purchased 57,950 shares of Common Stock on the open market, at a price of $4.1988 per share, and (ii) LILtd purchased 37,050 shares of Common Stock on the open market, at a price of $4.1988 per share.

(2) On April 30, 2004, (i) LILP purchased 44,505 shares of Common Stock on the open market, at a price of $4.2249 per share, and (ii) LILtd purchased 19,995 shares of Common Stock on the open market, at a price of $4.2249 per share.

(3) On April 30, 2004, (i) LILP purchased 24,150 shares of Common Stock on the open market, at a price of $4.2180 per share, and (ii) LILtd purchased 10,850 shares of Common Stock on the open market, at a price of $4.2180 per share.

(4) On April 30, 2004, (i) LILP purchased 69,000 shares of Common Stock on the open market, at a price of $4.1900 per share, and (ii) LILtd purchased 31,000 shares of Common Stock on the open market, at a price of $4.1900 per share.

(5) On May 3, 2004, (i) LILP purchased 34,500 shares of Common Stock on the open market, at a price of $4.2500 per share, and (ii) LILtd purchased 15,500 shares of Common Stock on the open market, at a price of $4.2500 per share.

<PAGE>

```
----------------------------                                  --------------------
CUSIP No. 058 73K 10 8          SCHEDULE 13D                    Page 11 of 14
----------------------------                                  --------------------
```

(6) On May 3, 2004, (i) LILP purchased 16,284 shares of Common Stock on the open market, at a price of $4.2625 per share, and (ii) LILtd purchased 7,316 shares of Common Stock on the open market, at a price of $4.2625 per share.

(7) On May 4, 2004, (i) LILP purchased 25,600 shares of Common Stock on the open market, at a price of $4.1783 per share, and (ii) LILtd purchased 14,400 shares of Common Stock on the open market, at a price of

$4.1783 per share.

(8) On May 5, 2004, (i) LILP purchased 26,000 shares of Common Stock on the open market, at a price of $4.1700 per share, and (ii) LILtd purchased 14,000 shares of Common Stock on the open market, at a price of $4.1700 per share.

(9) On May 5, 2004, (i) LILP purchased 16,380 shares of Common Stock on the open market, at a price of $4.1249 per share, and (ii) LILtd purchased 8,820 shares of Common Stock on the open market, at a price of $4.1249 per share.

(10) On May 6, 2004, (i) LILP purchased 32,500 shares of Common Stock on the open market, at a price of $4.0951 per share, and (ii) LILtd purchased 17,500 shares of Common Stock on the open market, at a price of $4.0951 per share.

(11) On May 6, 2004, (i) LILP purchased 2,860 shares of Common Stock on the open market, at a price of $4.1200 per share, and (ii) LILtd purchased 1,540 shares of Common Stock on the open market, at a price of $4.1200 per share.

(12) On May 7, 2004, (i) LILP purchased 10,595 shares of Common Stock on the open market, at a price of $4.0456 per share, and (ii) LILtd purchased 5,705 shares of Common Stock on the open market, at a price of $4.0456 per share.

(13) On May 7, 2004, (i) LILP purchased 142,220 shares of Common Stock on the open market, at a price of $4.0529 per share, and (ii) LILtd purchased 76,580 shares of Common Stock on the open market, at a price of $4.0529 per share.

(14) On May 10, 2004, (i) LILP purchased 22,750 shares of Common Stock on the open market, at a price of $3.7403 per share, and (ii) LILtd purchased 12,250 shares of Common Stock on the open market, at a price of $3.7403 per share.

(15) On May 10, 2004, (i) LILP purchased 8,450 shares of Common Stock on the open market, at a price of $3.7726 per share, and (ii) LILtd purchased 4,550 shares of Common Stock on the open market, at a price of $3.7726 per share.

(16) On May 10, 2004, (i) LILP purchased 25,480 shares of Common Stock on the open market, at a price of $3.7634 per share, and (ii) LILtd purchased 13,720 shares of Common Stock on the open market, at a price of $3.7634 per share.

(17) On May 13, 2004, (i) LILP purchased 20,150 shares of Common Stock on the open market, at a price of $3.8734 per share, and (ii) LILtd purchased 10,850 shares of Common Stock on the open market, at a price of $3.8734 per share.

<PAGE>

(18) On May 13, 2004, (i) LILP purchased 45,500 shares of Common Stock on the open market, at a price of $3.9045 per share, and (ii) LILtd purchased 24,500 shares of Common Stock on the open market, at a price of $3.9045 per share.

(19) On May 14, 2004, (i) LILP purchased 32,500 shares of Common Stock on the open market, at a price of $3.9091 per share, and (ii) LILtd purchased 17,500 shares of Common Stock on the open market, at a price of $3.9091 per share.

(20) May 17, 2004, (i) LILP purchased 61,750 shares of Common Stock on the open market, at a price of $3.8628 per share, and (ii) LILtd purchased 33,250 shares of Common Stock on the open market, at a price of $3.8628 per share.

(21) May 18, 2004, (i) LILP purchased 65,000 shares of Common Stock on the open market, at a price of $3.7931 per share, and (ii) LILtd purchased 35,000 shares of Common Stock on the open market, at a price of $3.7931 per share.

(22) May 19, 2004, (i) LILP purchased 35,100 shares of Common Stock on the open market, at a price of $3.8895 per share, and (ii) LILtd purchased 18,900 shares of Common Stock on the open market, at a price of $3.8895 per share.

(23) May 19, 2004, (i) LILP purchased 32,500 shares of Common Stock on the open market, at a price of $3.8790 per share, and (ii) LILtd purchased 17,500 shares of Common Stock on the open market, at a price of $3.8790 per share.

(24) May 19, 2004, (i) LILP purchased 5,330 shares of Common Stock on the open market, at a price of $3.8500 per share, and (ii) LILtd purchased 2,870 shares of Common Stock on the open market, at a price of $3.8500 per share.

(25) May 20, 2004, (i) LILP purchased 99,450 shares of Common Stock on the open market, at a price of $3.7504 per share, and (ii) LILtd purchased 53,550 shares of Common Stock on the open market, at a price of $3.7504 per share.

(26) May 21, 2004, (i) LILP purchased 84,500 shares of Common Stock on the open market, at a price of $3.7227 per share, and (ii) LILtd purchased 45,500 shares of Common Stock on the open market, at a price of $3.7227 per share.

(27) June 1, 2004, (i) LILP purchased 39,000 shares of Common Stock on the open market, at a price of $4.3200 per share, and (ii) LILtd purchased 21,000 shares of Common Stock on the open market, at a price of $4.3200 per share.

(28) June 4, 2004, (i) LILP purchased 100,750 shares of Common Stock on the open market, at a price of $4.3729 per share, and (ii) LILtd purchased 54,250 shares of Common Stock on the open market, at a price of $4.3729 per share.

(29) On June 7, 2004, (i) LILP purchased 91,000 shares of Common Stock on the open market, at a price of $4.6128 per share, and (ii) LILtd purchased 49,000 shares of Common Stock on the open market, at a price of $4.6128 per share.

<PAGE>

```
----------------------------                          --------------------
CUSIP No. 058 73K 10 8            SCHEDULE 13D                 Page 13 of 14
----------------------------                          --------------------
```

        (d) No person other than each respective owner referred to herein of
Common Stock is known to have the right to receive or the power to direct the
receipt of dividends from or the proceeds from the sale of such Common Stock.

        (e) Not applicable.


Item 7.    Materials to be Filed as Exhibits.

EXHIBIT 1          Restricted Stock Agreement dated September 20, 2001, as
                   amended.

EXHIBIT 2          Letter dated May 27, 2004, from the Reporting Persons to the
                   Corporate Secretary of Bally Total Fitness Holding Corporation
                   notifying the Company of the Reporting Persons' intent to
                   present proposals at the next annual meeting.

EXHIBIT 3          Press Release, dated June 8, 2004.

EXHIBIT 4          Statement with Respect to Joint Filing of Schedule 13D.


<PAGE>

```
----------------------------                          --------------------
CUSIP No. 058 73K 10 8            SCHEDULE 13D                 Page 14 of 14
----------------------------                          --------------------
```

Signature.

        After reasonable inquiry and to the best of my knowledge and belief,
I certify that the information set forth in this statement is true, complete and
correct.

Dated:     June 8, 2004


LIBERATION INVESTMENTS, L.P.
By: Liberation Investment Group LLC, general partner


By: /s/ Emanuel R. Pearlman
    ------------------------
    Emanuel R. Pearlman
    General Manager


LIBERATION INVESTMENTS LTD.

```
By:  /s/ Emanuel R. Pearlman
     ------------------------
     Emanuel R. Pearlman
     Director


LIBERATION INVESTMENT GROUP LLC

By:  /s/ Emanuel R. Pearlman
     ------------------------
     Emanuel R. Pearlman
     General Manager


Emanuel R. Pearlman


 /s/ Emanuel R. Pearlman
 ------------------------

</TEXT>
</DOCUMENT>
```

```
<DOCUMENT>
<TYPE>EX-1
<SEQUENCE>2
<FILENAME>li692528-ex_1.txt
<DESCRIPTION>RESTRICTED STOCK AWARD AGREEMENT
<TEXT>
```

EXHIBIT 1

## RESTRICTED STOCK AWARD AGREEMENT
--------------------------------

This Restricted Stock Award Agreement is made as of September 20, 2001 between BALLY TOTAL FITNESS HOLDING CORPORATION, a Delaware corporation (hereinafter called the Company), and Emanuel Pearlman, an employee of the Company or one or more of its subsidiaries (hereinafter called the Employee).

WHEREAS, the Company has heretofore adopted the 1996 Long-Term Incentive Plan of Bally Total Fitness Holding Corporation, as amended, (the Plan); and

WHEREAS, it is a requirement of the Plan that a Restricted Stock Award Agreement be executed to evidence the Restricted Stock Award granted to the Employee.

NOW, THEREFORE, in consideration of the mutual covenants hereinafter set forth, and for other good and valuable consideration, the parties hereto have agreed, and do hereby agree, as follows:

(1) Grant of Award. The Company hereby grants to the Employee a Restricted Stock Award of an aggregate of 35,000 shares of the common stock, $.01 par value, of the Company (Shares) on the terms and conditions set forth herein.

(2) Issuance of Shares. As soon as reasonably practical after the payment by the Employee of an amount equal to the aggregate par value of the Shares issuable under the Restricted Stock Award and the delivery by the Employee to the Company of an executed stock power signed by the Employee and suitable to the Board, the Shares shall be issued in the Employees name. Upon issuance of the certificate or certificates for the Shares, the Employee shall be a stockholder with respect to the Shares and shall have all the rights of a stockholder with respect to the Shares, including but not limited to, the right to vote the Shares and to receive dividends and other distributions paid with respect to the Shares. The certificate or certificates for the Shares, together with the executed stock power shall be held by the Company in its control for the account of the Employee until the restrictions set forth in Section 3 of this

<PAGE>

Restricted Stock Award Agreement lapse (at which time the appropriate number of Shares shall be delivered to the Employee) or, if earlier, until the Shares are forfeited to the Company and canceled as provided in Section 3 of this Restricted Stock Award Agreement.

(3) Restrictions on Award. The Restricted Stock Award shall be

subject to the following terms and conditions:

(a) In the event the Employee sells, exchanges, transfers, pledges, hypothecates or otherwise disposes of (or purports or attempts to do any of the foregoing) any or all of the Shares then held by the Company pursuant to Section 2 of this Restricted Stock Award Agreement (including any Shares issuable, but not yet issued) with respect to which the restrictions set forth in this Section 3 have not lapsed in accordance with paragraph (c) below, then all of such disposed (or purportedly disposed) Shares will be immediately forfeited to the Company without notice and without consideration.

(b) Upon the earlier of (i) December 31, 2002 or (ii) the termination of the Employee's employment with the Company and all Subsidiaries of the Company for any reason other than the Employee's death or by reason of the Employee having become "disabled" within the meaning of Section 22(e)(3) of the Code, all of the Shares then held by the Company pursuant to Section 2 of this Restricted Stock Award Agreement with respect to which the restrictions set forth in this Section 3 have not lapsed in accordance with paragraph (c) below will be immediately forfeited to the Company without notice and without consideration.

(c) All restrictions set forth in this Section 3 shall lapse on, and certificates for those Shares which have not already been distributed to the Employee shall, subject to

2

<PAGE>

the provisions of Section 2 of this Restricted Stock Award Agreement, be appropriately distributed to the Employee as soon as reasonably practical after, the earlier of:

(i)    a Change in Control of the Company prior to December 31, 2002;

(ii)   the Employees death prior to December 31, 2002;

(iii)  the termination of the Employees employment by reason of the Employee being disabled as defined in Section 22(e)(3) of the Code prior to December 31, 2002;

(iv)   the first date prior to December 31, 2002 which follows seven consecutive trading days on which the Fair Market Value of a Share equals or exceeds $42.00.

(4) Taxes. The Company shall have the right to deduct, from any amounts payable then or any time thereafter to the Employee, the amount of any taxes which the Company is or will be required by law to withhold, as and when required by law, with respect to the Shares received or to be received by the Employee pursuant to this Restricted Stock Award. The Company shall have the right to require a person entitled to receive Shares pursuant to this Restricted Stock Award Agreement to pay the Company the amount of any taxes which the Company is or will be required to withhold with respect to such Shares before the certificate for such Shares are delivered pursuant to the Restricted Stock Award.

(5) Delivery of Shares on Exercise. Delivery of certificates for Shares pursuant to this Restricted Stock Award may be postponed by the Company

for such period as may be required for it with reasonable diligence to comply with any applicable requirements of any federal, state or local law or regulation or any administrative or quasi-administrative requirement applicable to the sale, issuance, distribution or delivery of such Shares. The

3

&lt;PAGE&gt;

Committee may, in its sole discretion, require the Employee to furnish the Company with appropriate representations and a written investment letter prior to the delivery of any Shares pursuant to this Restricted Stock Award.

(6) Incorporation of Provisions of the Plan. All of the provisions of the Plan pursuant to which this Restricted Stock Award Agreement is granted are hereby incorporated by reference and made a part hereof as if specifically set forth herein, and to the extent of any conflict between this Restricted Stock Award Agreement and the terms in the aforesaid Plan, the Plan shall control. To the extent any capitalized terms are not otherwise defined herein, they shall have the meaning set forth in the Plan.

(7) Invalidity of Provisions. The invalidity or unenforceability of any provision of this Restricted Stock Award Agreement as a result of a violation of any state or federal law, or of the rules or regulations of any governmental regulatory body, or any securities exchange shall not affect the validity or enforceability of the remainder of this Restricted Stock Award Agreement.

(8) Waiver and Modification. The provisions of this Restricted Stock Award Agreement may not be waived or modified unless such waiver or modification is in writing and signed by the parties hereto.

(9) Interpretation. All decisions or interpretations made by the Committee with regard to any question arising under the Plan or this Restricted Stock Award Agreement shall be binding and conclusive on the Company and the Employee.

(10) Multiple Counterparts. This Restricted Stock Award Agreement may be signed in multiple counterparts, all of which taken together shall constitute an original

4

&lt;PAGE&gt;

agreement. The execution by one party of any counterpart shall be sufficient execution by that party, whether or not the same counterpart has been executed by any other party.

(11) Governing Law. This Restricted Stock Award Agreement shall be governed by the laws of the State of Delaware.

IN WITNESS WHEREOF, the Company has caused this Restricted Stock Award Agreement to be duly executed by its duly authorized officer, and the Employee has hereunto set his hand, all as of the day and year first above written.

Page 4 of 5

BALLY TOTAL FITNESS

HOLDING CORPORATION


By: /s/
    ----------------------------------------
    Its Senior Vice President


/s/
----------------------------------------
Employee


5

\<PAGE\>


AMENDMENT TO
RESTRICTED STOCK AWARD AGREEMENT

WHEREAS, Bally Total Fitness Holding Corporation, a Delaware corporation (the "Company") and Emanuel R. Pearlman (the "Employee") entered into a Restricted Stock Award Agreement dated September 15, 1998 (the "Award Agreement") pursuant to which the Company granted Employee 35,000 shares of the common stock subject to certain restrictions set forth in the Award Agreement.

WHEREAS, the Company and Employee mutually desire to amend the Award Agreement.

NOW THEREFORE, the Award Agreement is amended effective July 30, 2003, by deleting paragraphs (b) and (c) of Section 3 and substituting the following therefore:

"(b) All of the Shares held by the Company pursuant to Section 2 of this Restricted Stock Award Agreement with respect to which the restrictions set forth in this Section 3 have not lapsed in accordance with paragraph (c) below will be immediately forfeited to the Company without notice and without considerations on December 31, 2005.

(c) All restrictions set forth in this Section 3 shall lapse on, and certificates for those Shares which have not already been distributed to the Employee shall, subject to the provisions of Section 2 of this Restricted Stock Award Agreement, be appropriately distributed to the Employee as soon as reasonably practical after, the earlier of:

(i) a Change in Control of the Company prior to December 31, 2005;

(ii) the Employee's death prior to December 31, 2005;

(iii) the first date prior to December 31, 2005 which follows seven consecutive trading days on which the Fair Market Value of a Share equals exceeds $42.00."

In all other regards the Award Agreement shall remain in full force and effect.

    IN WITNESS WHEREOF, the Company has caused this Amendment to be duly executed by its duly authorized officer and the Employee has hereunto set his hand, as of the day and year indicated below:

BALLY TOTAL FITNESS                          EMPLOYEE
HOLDING CORPORATION

By:/S/                                       /S/
    ---------------------------              ----------------------------------
Its:                                         Dated:
    ---------------------------                      ----------------------------
Dated:
    ---------------------------

&lt;/TEXT&gt;
&lt;/DOCUMENT&gt;

```
<DOCUMENT>
<TYPE>EX-2
<SEQUENCE>3
<FILENAME>li692528-ex_2.txt
<DESCRIPTION>NOTICE OF STOCKHOLDER PROPOSALS
<TEXT>
```

EXHIBIT 2

Liberation Investments L.P.
11766 Wilshire Blvd, Suite #870
Los Angeles, CA 90025

Liberation Investments Ltd.
Corporate Center
West Bay Road
P.O. Box 31106 SMB
Grand Cayman, Cayman Islands

May 27, 2004

BY HAND DELIVERY

Mr. Cary A. Gaan
Secretary
Bally Total Fitness Holding Corporation
8700 West Bryn Mawr Avenue
Chicago, Illinois 60631

Re: Notice of Stockholder Proposals
    -------------------------------

Dear Mr. Gaan:

Pursuant to Article II, Section 2 of the Amended and Restated By-Laws of Bally Total Fitness Holding Corporation (the "Company"), Liberation Investments L.P. and Liberation Investments Ltd. (collectively, "Liberation") hereby give notice of their intention to submit the following proposals for approval at the 2004 Annual Meeting of Stockholders of the Company, including any adjournments or postponements thereof or any special meeting that may be called in lieu thereof (the "Annual Meeting").

Liberation believes that these proposals are necessary to improve the Company's corporate governance and to enhance shareholder rights. The proposals are intended to improve the effectiveness of the Company's Board of Directors by requiring leadership that is independent of the Company's management, increasing the accountability of the Board of Directors to the Company's stockholders and ensuring that new directors will be introduced who will bring new ideas and approaches to bear on Company issues. Liberation intends to deliver a proxy statement and form of proxy to stockholders of the Company and solicit a sufficient number of the Company's voting shares to approve the resolutions described below.

Liberation intends to propose that the stockholders of the Company approve resolutions substantially in the form set forth below:

```
<PAGE>
```

Proposal 1 - Separation of the office of the Chief Executive Officer and the Chairman of the Board.

RESOLVED, that the stockholders of the Company urge the Board of Directors to take the necessary steps to amend the by-laws to require that, subject to any presently existing contractual obligations of the Company, an independent director shall serve as the Chairman of the Board of Directors, and that the Chairman of the Board of Directors shall not concurrently serve as the Chief Executive Officer.

Proposal 2 - Removal of the Company's Stockholder Rights Plan.

RESOLVED, that the stockholders of the Company request that the Board of Directors redeem the Company's stockholder rights plan and the rights issued thereunder and not adopt any new stockholder rights plan unless the holders of a majority of the outstanding shares approve the plan and the issuance of the rights thereunder at a meeting of the stockholders.

Proposal 3 - Declassification of the Board.

RESOLVED, that the stockholders request the Board of Directors to take the steps necessary to declassify the Board of Directors so that all directors are elected annually and that the Company's certificate of incorporation and by-laws be amended accordingly.

Proposal 4 - Adoption of Mandatory Retirement Age.

RESOLVED, that the stockholders request the Board of Directors to take the steps necessary to amend the by-laws to require that directors retire upon attaining the age of 75.

Liberation Investments L.P. is the record holder of 100 shares of the Company's common stock, par value $.01 per share (the "Common Stock"), represented by stock certificate #32148 and the beneficial owner of 956,504 shares of Common Stock, and Liberation Investments Ltd. is the record holder of 100 shares of Common Stock, represented by stock certificate #32145, and the beneficial owner of 504,696 shares of Common Stock. The record address of Liberation Investments L.P. is 11766 Wilshire Blvd, Suite #870 Los Angeles, CA 90025 and the record address of Liberation Investments, Ltd. is Corporate Center, West Bay Road P.O. Box 31106 SMB, Grand Cayman, Cayman Islands. Emanuel R. Pearlman, General Manager, Chief Investment Officer and majority member of Liberation Investments Group LLC, is also the beneficial owner of 35,000 restricted shares of the Company's common stock.

Please direct any questions regarding the information contained in this notice to Emanuel R. Pearlman at (310) 479-3434 (Phone), (310) 479-3363 (Facsimile).

    [remainder of page intentionally left blank; signature page follows]

                                    2

<PAGE>


Sincerely,

LIBERATION INVESTMENTS L.P.
By: Liberation Investment Group LLC, general partner

```
By:  /s/ Emanuel R. Pearlman
     ------------------------
     Emanuel R. Pearlman
     General Manager


LIBERATION INVESTMENTS LTD.

By:  /s/ Emanuel R. Pearlman
     ------------------------
     Emanuel R. Pearlman
     Director
```

3

```
</TEXT>
</DOCUMENT>
```

```
<DOCUMENT>
<TYPE>EX-3
<SEQUENCE>4
<FILENAME>li692528-ex_3.txt
<DESCRIPTION>PRESS RELEASE
<TEXT>
```

EXHIBIT 3

11766 Wilshire Blvd, Suite #870
Los Angeles, CA 90025
(310) 479-3434

LIBERATION INVESTMENTS TO SUBMIT SHAREHOLDER PROPOSALS AT BALLY
TOTAL FITNESS CORPORATION ANNUAL MEETING

Los Angeles, CA - June 8, 2004 - Investment funds Liberation Investments, L.P.
and Liberation Investments Ltd. announced today that they have notified Bally
Total Fitness Holding Corporation (NYSE: BFT) of their intention to submit
certain governance proposals for approval at the Company's July 29, 2004 Annual
Meeting of Stockholders. The proposals relate to: (i) separation of the offices
of Chief Executive Officer and Chairman of the Board, (ii) removal of the
Company's stockholder rights plan, (iii) declassification of the Company's board
of directors, and (iv) adoption of a mandatory retirement age for directors at
75 years old. The Liberation funds own approximately 5.81% of the company's
outstanding shares.

Liberation Investments, L.P. and Liberation Investments Ltd. are private
investment funds managed by Liberation Investment Group LLC. Emanuel R. Pearlman
is the majority member and general manager of Liberation Investment Group LLC,
and as such may be deemed to be the beneficial owner of the shares of Bally
Total Fitness owned by the Liberation funds.

The Liberation funds intend to file a proxy statement and other relevant
documents with the SEC in support of the proposals. INVESTORS ARE URGED TO READ
THE PROXY STATEMENT WHEN IT BECOMES AVAILABLE AND ANY OTHER RELEVANT DOCUMENTS
FILED WITH THE SEC BECAUSE THEY WILL CONTAIN IMPORTANT INFORMATION. You will be
able to obtain the documents free of charge at the website maintained by the SEC
at www.sec.gov. The Liberation funds and Mr. Pearlman may be deemed to be
participants in the solicitation of proxies from the stockholders of Bally Total
Fitness in connection with the annual meeting. Information about these
participants and their ownership of Bally Total Fitness shares can be found in
the Liberation funds Schedule 13D filings with the SEC and will be set forth in
the proxy statement filed by the Liberation funds with the SEC. Investors may
obtain additional information regarding the interests of such participants by
reading the proxy statement when it becomes available.

```
</TEXT>
</DOCUMENT>
```

```
<DOCUMENT>
<TYPE>EX-4
<SEQUENCE>5
<FILENAME>li692528-ex_4.txt
<DESCRIPTION>JOINT FILING AGREEMENT
<TEXT>
```

EXHIBIT 4

JOINT FILING AGREEMENT PURSUANT TO RULE 13d-1(k)(1)
----------------------------------------------------

This agreement is made pursuant to Rule 13d-1(k)(1) under the Securities
Exchange Act of 1934, as amended (the "Act") by and among the parties listed
below, each referred to herein as a "Joint Filer." The Joint Filers agree that a
statement of beneficial ownership as required by Section 13([D]) of the Act and
the Rules thereunder may be filed on each of their behalf on Schedule 13D or
Schedule 13G, as appropriate, and that said joint filing may thereafter be
amended by further joint filings. The Joint Filers state that they each satisfy
the requirements for making a joint filing under Rule 13d-1.

Dated:      June 8, 2004


LIBERATION INVESTMENTS, L.P.
By: Liberation Investment Group LLC, general partner

By:  /s/ Emanuel R. Pearlman
     ------------------------
     Emanuel R. Pearlman
     General Manager

LIBERATION INVESTMENTS LTD.

By:  /s/ Emanuel R. Pearlman
     ------------------------
     Emanuel R. Pearlman
     Director

LIBERATION INVESTMENT GROUP LLC

By:  /s/ Emanuel R. Pearlman
     ------------------------
     Emanuel R. Pearlman
     General Manager

Emanuel R. Pearlman

 /s/ Emanuel R. Pearlman
 ------------------------

```
</TEXT>
</DOCUMENT>
```

# EXHIBIT 2

EDGAR Filing Documents for 0000914121-04-001335                                      Page 1 of 1

# SEC EDGAR Filing Information

## Form SC 13D/A -- General statement of acquisition of beneficial ownership [amend]

Group Members: **EMANUEL R. PEARLMANLIBERATION INVESTMENT GROUP LLCLIBERATION INVESTMENTS L.P.LIBERATION INVESTMENTS LTD.** Documents: 2

SEC Accession No.
**0000914121-04-001335**
Filing date: **2004-07-13**
Accepted: **2004-07-13 11:27:08**

## Table of submitted documents:

| Seq | Type | Document | Size | Description |
|-----|------|----------|------|-------------|
| 1 | SC 13D/A | li695224-13da.txt | 20382 | AMENDMENT NO. 1 TO STATEMENT OF ACQUISITION |
| 2 | EX-5 | ll695224-13da_ex5.txt | 1254 | LETTER FROM LIBERATION INVESTMENTS |
| | | 0000914121-04-001335.txt | 23919 | **Complete submission text file** |

## Filer Information

**BALLY TOTAL FITNESS HOLDING CORP** (Subject) (<u>0000770944</u>)
IRS No.: 363228107 | State of Incorp.: DE | Fiscal Year End: **1231**
Type: **SC 13D/A** | Act: **34** | File No.: <u>005-47769</u> | Film No : 04911401
SIC: <u>7997</u> Services-Membership Sports & Recreation Clubs

| **Business Address** | **Mailing Address** |
|---|---|
| 8700 WEST BRYN MAWR AVENUE | 8700 WEST BRYN MAWR AVENUE |
| SECOND FLOOR | SECOND FLOOR |
| CHICAGO IL 60631 | CHICAGO IL 60631 |
| 7733803000 | |

**LIBERATION INVESTMENT GROUP LLC** (Filed by) (<u>0001259272</u>)

| **Business Address** | **Mailing Address** |
|---|---|
| | 11766 WILSHIRE BLVD , |
| | SUITE 870 |
| | LOS ANGELES CA 90025 |

```
<DOCUMENT>
<TYPE>SC 13D/A
<SEQUENCE>1
<FILENAME>li695224-13da.txt
<DESCRIPTION>AMENDMENT NO. 1 TO STATEMENT OF ACQUISITION
<TEXT>
```

SECURITIES AND EXCHANGE COMMISSION
Washington, D.C. 20549

SCHEDULE 13D
(Rule 13d-101)

INFORMATION TO BE INCLUDED IN STATEMENTS
FILED PURSUANT TO RULE 13d-1(a) AND AMENDMENTS
THERETO FILED PURSUANT TO RULE 13d-2(a)

Amendment No. 1

Bally Total Fitness Holding Corporation
--------------------------------------------------------------------------------
(Name of Issuer)

Common Stock, par value $.01 per share
--------------------------------------------------------------------------------
(Title of Class of Securities)

058 73K 10 8
-----------------------------------------------------------------
(CUSIP Number)

Dennis J. Block, Esq.
Cadwalader, Wickersham & Taft LLP
100 Maiden Lane
New York, NY 10038
(212) 504-5555
--------------------------------------------------------------------------------

(Name, Address and Telephone Number of Person Authorized to Receive Notices and
Communications)

July 9, 2004
-----------------------------------------------------------------
(Date of Event which Requires Filing of this Statement)

If the filing person has previously filed a statement on Schedule 13G to report
the acquisition that is the subject of this Schedule 13D, and is filing this
schedule because of Rule 13d-1(e), Rule 13d-1(f) or Rule 13d-1(g), check the
following box [_].

Note: Schedules filed in paper format shall include a signed original and five
copies of the schedule, including all exhibits. See Rule 13d-7(b) for other
parties to whom copies are to be sent.

*The remainder of this cover page shall be filled out for a reporting person's
initial filing on this form with respect to the subject class of securities, and
for any subsequent amendment containing information which would alter
disclosures provided in a prior cover page.

The information required on the remainder of this cover page shall not be deemed

to be "filed" for the purpose of Section 18 of the Securities Exchange Act of 1934 ("Act") or otherwise subject to the liabilities of that section of the Act but shall be subject to all other provisions of the Act (however, see the Notes).

```
<PAGE>
---------------------------                              --------------------
CUSIP No. 058 73K 10 8          SCHEDULE 13D             Page 2 of 8
---------------------------                              --------------------


--------------------------------------------------------------------------------
1    NAME OF REPORTING PERSON
     Liberation Investments L.P.
     S.S. OR I.R.S. IDENTIFICATION NO. OF ABOVE PERSON

--------------------------------------------------------------------------------
2    CHECK THE APPROPRIATE BOX IF A MEMBER OF A GROUP (See Instructions)
     (a) [_]  (b) [X]

--------------------------------------------------------------------------------
3    SEC USE ONLY

--------------------------------------------------------------------------------
4    SOURCE OF FUNDS (See Instructions)
     WC

--------------------------------------------------------------------------------
5    CHECK IF DISCLOSURE OF LEGAL PROCEEDINGS IS REQUIRED PURSUANT TO ITEMS 2(d)
     or 2(e) [_]

--------------------------------------------------------------------------------
6    CITIZENSHIP OR PLACE OF ORGANIZATION
     Delaware

--------------------------------------------------------------------------------
                    7    SOLE VOTING POWER
                         0
   NUMBER OF
     SHARES       --------------------------------------------------------------
 BENEFICIALLY       8    SHARED VOTING POWER
   OWNED BY              1,271,754
     EACH
   REPORTING      --------------------------------------------------------------
    PERSON          9    SOLE DISPOSITIVE POWER
     WITH               0


                  --------------------------------------------------------------
                    10   SHARED DISPOSITIVE POWER
                         1,271,754
--------------------------------------------------------------------------------
11   AGGREGATE AMOUNT BENEFICIALLY OWNED BY EACH REPORTING PERSON
     1,271,754

--------------------------------------------------------------------------------
12   CHECK IF THE AGGREGATE AMOUNT IN ROW (11) EXCLUDES CERTAIN SHARES (See
     Instructions) [_]

--------------------------------------------------------------------------------
```

```
13      PERCENT OF CLASS REPRESENTED BY AMOUNT IN ROW (11)
        3.74%
```
--------------------------------------------------------------------------------
```
14      TYPE OF REPORTING PERSON (See Instructions)
        PN
```
--------------------------------------------------------------------------------

<PAGE>
---------------------------------                          --------------------
CUSIP No. 058 73K 10 8              SCHEDULE 13D            Page 3 of 8
---------------------------------                          --------------------


--------------------------------------------------------------------------------
```
1    NAME OF REPORTING PERSON
     Liberation Investments Ltd.
     S.S. OR I.R.S. IDENTIFICATION NO. OF ABOVE PERSON
```
--------------------------------------------------------------------------------
```
2    CHECK THE APPROPRIATE BOX IF A MEMBER OF A GROUP (See Instructions)
     (a) [_]  (b) [X]
```
--------------------------------------------------------------------------------
```
3    SEC USE ONLY
```
--------------------------------------------------------------------------------
```
4    SOURCE OF FUNDS (See Instructions)
     WC
```
--------------------------------------------------------------------------------
```
5    CHECK IF DISCLOSURE OF LEGAL PROCEEDINGS IS REQUIRED PURSUANT TO ITEMS 2(d)
     or 2(e) [_]
```
--------------------------------------------------------------------------------
```
6    CITIZENSHIP OR PLACE OF ORGANIZATION
     Cayman Islands
```
--------------------------------------------------------------------------------
```
                 7    SOLE VOTING POWER
                      0
     NUMBER OF
      SHARES      -----------------------------------------------------------
   BENEFICIALLY   8    SHARED VOTING POWER
    OWNED BY           674,446
      EACH
    REPORTING    -----------------------------------------------------------
     PERSON       9    SOLE DISPOSITIVE POWER
      WITH             0

                 -----------------------------------------------------------
                 10   SHARED DISPOSITIVE POWER
                      674,446
```
--------------------------------------------------------------------------------
```
11    AGGREGATE AMOUNT BENEFICIALLY OWNED BY EACH REPORTING PERSON
      674,446
```
--------------------------------------------------------------------------------
```
12    CHECK IF THE AGGREGATE AMOUNT IN ROW (11) EXCLUDES CERTAIN SHARES (See
```

```
    Instructions) [_]
--------------------------------------------------------------------------------
13    PERCENT OF CLASS REPRESENTED BY AMOUNT IN ROW (11)
      1.98%
--------------------------------------------------------------------------------
14    TYPE OF REPORTING PERSON (See Instructions)
      CO
--------------------------------------------------------------------------------

<PAGE>
---------------------------                         --------------------
CUSIP No  058 73K 10 8              SCHEDULE 13D     Page 4 of 8
---------------------------                         --------------------


--------------------------------------------------------------------------------
1    NAME OF REPORTING PERSON

     Liberation Investment Group LLC
--------------------------------------------------------------------------------
2    CHECK THE APPROPRIATE BOX IF A MEMBER OF A GROUP (See Instructions)
     (a) [_]  (b) [X]
--------------------------------------------------------------------------------
3    SEC USE ONLY

--------------------------------------------------------------------------------
4    SOURCE OF FUNDS (See Instructions)
     N/A
--------------------------------------------------------------------------------
5    CHECK IF DISCLOSURE OF LEGAL PROCEEDINGS IS REQUIRED PURSUANT TO ITEMS 2(d)
     or 2(e)  [_]
--------------------------------------------------------------------------------
6    CITIZENSHIP OR PLACE OF ORGANIZATION
     Delaware
--------------------------------------------------------------------------------
                  7    SOLE VOTING POWER
                       0
  NUMBER OF
   SHARES        ---------------------------------------------------------------
BENEFICIALLY      8    SHARED VOTING POWER
  OWNED BY             1,946,200
    EACH
 REPORTING       ---------------------------------------------------------------
  PERSON          9    SOLE DISPOSITIVE POWER
    WITH               0

                 ---------------------------------------------------------------
                 10    SHARED DISPOSITIVE POWER
                       1,946,200
--------------------------------------------------------------------------------
11    AGGREGATE AMOUNT BENEFICIALLY OWNED BY EACH REPORTING PERSON
```

```
     1,946,200
------------------------------------------------------------------------
12    CHECK IF THE AGGREGATE AMOUNT IN ROW (11) EXCLUDES CERTAIN SHARES (See
      Instructions) [_]

------------------------------------------------------------------------
13    PERCENT OF CLASS REPRESENTED BY AMOUNT IN ROW (11)
      5.73%

------------------------------------------------------------------------
14    TYPE OF REPORTING PERSON (See Instructions)
      OO,IA

------------------------------------------------------------------------

<PAGE>
--------------------------                                    --------------------
CUSIP No. 058 73K 10 8              SCHEDULE 13D               Page 5 of 8
--------------------------                                    --------------------


------------------------------------------------------------------------
1    NAME OF REPORTING PERSON

     Emanuel R. Pearlman

------------------------------------------------------------------------
2    CHECK THE APPROPRIATE BOX IF A MEMBER OF A GROUP (See Instructions)
     (a) [_]  (b) [X]

------------------------------------------------------------------------
3    SEC USE ONLY

------------------------------------------------------------------------
4    SOURCE OF FUNDS (See Instructions)
     N/A

------------------------------------------------------------------------
5    CHECK IF DISCLOSURE OF LEGAL PROCEEDINGS IS REQUIRED PURSUANT TO ITEMS 2(d)
     or 2(e) [_]

------------------------------------------------------------------------
6    CITIZENSHIP OR PLACE OF ORGANIZATION
     United States

------------------------------------------------------------------------
                    7    SOLE VOTING POWER
                         35,000
     NUMBER OF
      SHARES        ----------------------------------------------------
  BENEFICIALLY      8    SHARED VOTING POWER
    OWNED BY             1,946,200
      EACH
   REPORTING        ----------------------------------------------------
     PERSON         9    SOLE DISPOSITIVE POWER
      WITH              35,000

                    ----------------------------------------------------
                    10   SHARED DISPOSITIVE POWER
                         1,946,200
```



```
------------------------------------------------------------------------
11     AGGREGATE AMOUNT BENEFICIALLY OWNED BY EACH REPORTING PERSON
       1,981,200

------------------------------------------------------------------------
12     CHECK IF THE AGGREGATE AMOUNT IN ROW (11) EXCLUDES CERTAIN SHARES (See
       Instructions) [_]

------------------------------------------------------------------------
13     PERCENT OF CLASS REPRESENTED BY AMOUNT IN ROW (11)
       5.83%

------------------------------------------------------------------------
14     TYPE OF REPORTING PERSON (See Instructions)
       IN, HC

------------------------------------------------------------------------

<PAGE>
---------------------------                        ---------------------
CUSIP No. 058 73K 10 8              SCHEDULE 13D    Page 6 of 8
---------------------------                        ---------------------
```

INTRODUCTION

         This Amendment No. 1 relates to the Schedule 13D filed on behalf of
(i) Liberation Investments, L.P., a Delaware limited partnership ("LILP"); (ii)
Liberation Investments Ltd. ("LILtd"), a private offshore investment
corporation; (iii) Liberation Investment Group LLC ("LIGLLC"), a Delaware
limited liability company and general partner of LILP and discretionary
investment adviser to LILtd; and (iv) Emanuel R. Pearlman, as General Manager,
Chief Investment Officer and majority member of LIGLLC (collectively, the
"Reporting Persons"), with the Securities and Exchange Commission on June 8,
2004, relating to shares of common stock, $.01 par value per share, of Bally
Total Fitness Holding Corporation (the "Company").

         Items 4, 5 and 7 of the Schedule 13D are amended and supplemented as
follows:

Item 4.      Purpose of Transaction.

         After discussions with Mr. Pearlman, as representative of the
Reporting Persons, on July 9, 2004, the Company issued a press release
announcing that the Company has agreed to redeem its stockholder rights plan and
the Company said it reinforced its strong commitment to enhance stockholder
value. The Company also announced that the Board will adopt a "poison pill"
policy under which any new poison pill will require prior stockholder approval.
The Company said the independent directors of the Board may act on their own to
reinstate a pill, so long as the Board subsequently submits the pill to a
binding stockholder vote by the later of the Company's next annual meeting or
270 days after the pill is adopted.

         In light of this announcement, Liberation Investments, L.P. and
Liberation Investments Ltd. (collectively, "Liberation") have agreed to withdraw
the stockholder proposals set forth in Liberation's letter to the Company dated
May 27, 2004. In addition, Liberation has agreed to terminate its solicitation
of proxies for use at the Company's 2004 Annual Meeting and at such meeting
plans to vote all Bally Common Stock owned by Liberation for the election of the

current nominees for director and will not encourage any person to withhold votes for such nominees.

The Reporting Persons intend to evaluate, on an ongoing basis, the Company's financial condition, business, operations and prospects, the market price for the shares of Common Stock, conditions in the securities markets and general economic conditions. In particular, the Reporting Persons intend to monitor and review the Company's redemption of its stockholder rights plan and the Company's policies with respect thereto.

Subject to the foregoing, the Reporting Persons reserve the right to communicate with, and make proposals to, the Company's board of directors and management regarding their investment in the Company and strategies to maximize shareholder value, contact and consult with other stockholders of the Company concerning the Company and its prospects, formulate other plans and/or make proposals, and take such actions with respect to their investment in the Company as the Reporting Persons may determine to be appropriate.

<PAGE>
----------------------------                                  --------------------
CUSIP No. 058 73K 10 8              SCHEDULE 13D          Page 7 of 8
----------------------------                                  --------------------

The Reporting Persons may pursue alternatives to maximize the value of their investment in the Company. Such alternatives could include, without limitation, (i) the purchase of additional Common Stock in the open market, in privately negotiated transactions or otherwise, and (ii) the sale of all or a portion of the Common Stock now owned or hereafter acquired by them. The Reporting Persons may also transfer shares to or from a Reporting Person to another Reporting Person

The Reporting Persons reserve the right to change their plans or intentions and to take any and all actions that they may deem appropriate to maximize the value of their investment in the Company in light of their general investment policies, market conditions, subsequent developments affecting the Company and the general business and future prospects of the Company.

Except as set forth above in this Amendment No. 1, the Reporting Persons do not have any current intention, plan or proposal with respect to: (a) the acquisition by any person of additional securities of the Company, or the disposition of securities of the Company; (b) an extraordinary corporate transaction, such as a merger, reorganization or liquidation, involving the Company or any of its subsidiaries; (c) a sale or transfer of a material amount of assets of the Company or any of its subsidiaries; (d) any change in the present board of directors or management of the Company, including any plans or proposals to change the number or term of directors or to fill any existing vacancies on the board; (e) any material change in the present capitalization or dividend policy of the Company; (f) any other material change in the Company's business or corporate structure; (g) changes in the Company's charter, bylaws or instruments corresponding thereto or other actions which may impede the acquisition of control of the Company by any person; (h) causing a class of securities of the Company to be delisted from a national securities exchange, if any, or cease to be authorized to be quoted in an inter-dealer quotation system of a registered national securities association; (i) a class of equity securities of the Company becoming eligible for termination of a registration pursuant to Section 12(g)(4) of the Act; or (j) any action similar to any of those enumerated above.

Item 5.     Interest in Securities of the Issuer

           (1) The responses of the Reporting Persons with respect to Rows 11,
12 and 13 of the cover pages of this Schedule 13D/A that relate to the aggregate
number and percentage of Common Stock are incorporated by reference.

Item 7.    Material to be Filed as Exhibits

Exhibit 5  Letter dated July 9, 2004 from Liberation Investments, L.P. and
           Liberation Investments Ltd. to Bally Total Fitness Holding
           Corporation

<PAGE>
---------------------------                        --------------------
CUSIP No. 058 73K 10 8              SCHEDULE 13D    Page 8 of 8
---------------------------                        --------------------


Signature.

           After reasonable inquiry and to the best of my knowledge and belief,
I certify that the information set forth in this statement is true, complete and
correct.

Dated:        July 12, 2004


LIBERATION INVESTMENTS, L.P.
By:  Liberation Investment Group LLC, general partner


By:  /s/ Emanuel R. Pearlman
     ------------------------
     Emanuel R. Pearlman
     General Manager


LIBERATION INVESTMENTS LTD.


By:  /s/ Emanuel R. Pearlman
     ------------------------
     Emanuel R. Pearlman
     Director


LIBERATION INVESTMENT GROUP LLC


By:  /s/ Emanuel R. Pearlman
     ------------------------
     Emanuel R. Pearlman
     General Manager


Emanuel R. Pearlman


 /s/ Emanuel R. Pearlman
 ------------------------

```
</TEXT>
</DOCUMENT>
```

```
<DOCUMENT>
<TYPE>EX-5
<SEQUENCE>2
<FILENAME>li695224-13da_ex5.txt
<DESCRIPTION>LETTER FROM LIBERATION INVESTMENTS
<TEXT>
```

Exhibit 5

[LIGLLC Letterhead]

July 9, 2004

Mr. Paul A. Toback
Chairman, Chief Executive Officer and President
Bally Total Fitness Holding Corporation
8700 West Bryn Mawr Avenue
Chicago, IL 60631

Dear Paul:

Based on our recent conversations and the information contained in the press release we have agreed upon to be issued by Bally, Liberation Investments, L.P. and Liberation Investments Ltd. (collectively, "Liberation"), are withdrawing the stockholder proposals set forth in Liberation's May 27, 2004 letter to Cary Gaan. In addition, Liberation is terminating its solicitation of proxies for use at Bally's 2004 Annual Meeting and at such meeting will vote all Bally common shares owned by Liberation for the election of the current nominees for director and will not encourage any person to withhold votes for such nominees. Finally, Liberation will modify its Schedule 13D in a manner consistent with the press release and the foregoing.

Very truly yours,

Liberation Investments, L.P.

By:  /s/ Emanuel R. Pearlman
     -----------------------

Liberation Investments Ltd.

By:  /s/ Emanuel R. Pearlman
     -----------------------

```
</TEXT>
</DOCUMENT>
```