# EXHIBIT 15

# SEC EDGAR Filing Information

## Form SC 13D/A -- General statement of acquisition of beneficial ownership [amend]

Filing Date Changed: **2005-11-22**
Group Members: **EMANUEL R. PEARLMANLIBERATION INVESTMENTS, L.P.LIBERATION INVESTMENTS, LTD.**
Documents: **2**

SEC Accession No.
**0001193125-05-230639**
Filing date: **2005-11-22**
Accepted: **2005-11-22 08:32:46**

### Table of submitted documents:

| Seq | Type | Document | Size | Description |
|---|---|---|---|---|
| 1 | SC 13D/A | dsc13da.htm | 69697 | SCHEDULE 13D AMENDMENT NO. 14 |
| 2 | EX-20 | dex20.htm | 25168 | NOTICE LETTER TO THE COMPANY, DATED NOVEMBER 21, 2005 |
| | | 0001193125-05-230639.txt | 96870 | **Complete submission text file** |

## Filer Information

**BALLY TOTAL FITNESS HOLDING CORP** (Subject) (**0000770944**)
IRS No.: **363228107** | State of Incorp.: **DE** | Fiscal Year End: **1231**
Type: **SC 13D/A** | Act: **34** | File No.: **005-47769** | Film No : **051219824**
SIC: **7997** Services-Membership Sports & Recreation Clubs

**Business Address**
8700 WEST BRYN MAWR AVENUE
SECOND FLOOR
CHICAGO IL 60631
773-380-3000

**Mailing Address**
8700 WEST BRYN MAWR AVENUE
SECOND FLOOR
CHICAGO IL 60631

**LIBERATION INVESTMENT GROUP LLC** (Filed by) (**0001259272**)
IRS No.: **000000000** | State of Incorp.: | Fiscal Year End:
Type: **SC 13D/A** | Act: | Film No :

**Business Address**

**Mailing Address**
11766 WILSHIRE BLVD ,
SUITE 870
LOS ANGELES CA 90025

SC 13D/A 1 dsc13da htm SCHEDULE 13D AMENDMENT NO. 14

## SECURITIES AND EXCHANGE COMMISSION
### WASHINGTON, D.C. 20549

---

# SCHEDULE 13D

**Information to be Included in Statements Filed Pursuant to Rule
13d-1(a) and Amendments Thereto Filed Pursuant to Rule 13d-2(a)
Under the Securities Exchange Act of 1934
(Amendment No. 14)***

## BALLY TOTAL FITNESS HOLDING CORPORATION
(Name of Issuer)

**COMMON STOCK, NO PAR VALUE, $.01 PER SHARE**
(Title of Class of Securities)

**058 73K 10 8**
(CUSIP Number)

**KENNETH J. BARONSKY
MILBANK, TWEED, HADLEY & McCLOY LLP
601 S. FIGUEROA STREET, 30TH FLOOR
LOS ANGELES, CA 90017
TELEPHONE: 213-892-4333**
(Name, address and telephone number of person authorized to receive notices and communications)

**November 21, 2005**
(Date of event which requires filing of this statement)

If the filing person has previously filed a statement on Schedule 13G to report the acquisition which is the subject of this Schedule 13D, and is filing this schedule because of Rule 13d-1(e), 13d-1(f) or 13d-1(g), check the following box ☐

NOTE: Schedules filed in paper format shall include a signed original and five copies of the schedule, including all exhibits See Rule 13d-7 for other parties to whom copies are to be sent

---

\* The remainder of this cover page shall be filled out for a reporting person's initial filing on this form with respect to the subject class of securities, and for any subsequent amendment containing information which would alter disclosures provided in a prior cover page.

The information required on the remainder of this cover page shall not be deemed to be "filed" for the purpose of Section 18 of the Securities Exchange Act of 1934 ("Act") or otherwise subject to the liabilities of that section of the Act but shall be subject to all other provisions of the Act (however, see the Notes)

Schedule 13D Amendment No. 14

CUSIP No. 058 73K 10 8

| | | |
|---|---|---|
| (1) NAME OF REPORTING PERSON S.S. OR I.R.S. IDENTIFICATION NO. OF ABOVE PERSON | | |
| Liberation Investments, L.P. | | |
| (2) CHECK THE APPROPRIATE BOX IF A MEMBER OF A GROUP | | |
| (a) ☐ | | |
| (b) ☒ | | |
| (3) SEC USE ONLY | | |
| (4) SOURCE OF FUNDS | | |
| WC | | |
| (5) CHECK BOX IF DISCLOSURE OF LEGAL PROCEEDINGS IS REQUIRED PURSUANT TO ITEMS 2(d) OR 2(e) | | ☐ |
| (6) CITIZENSHIP OR PLACE OF ORGANIZATION | | |
| Delaware | | |

| NUMBER OF SHARES BENEFICIALLY OWNED BY PERSON WITH | (7) SOLE VOTING POWER |
| | 0 |
| | (8) SHARED VOTING POWER |
| | 2,662,963 |
| | (9) SOLE DISPOSITIVE POWER |
| | 0 |
| | (10) SHARED DISPOSITIVE POWER |
| | 2,662,963 |

| | | |
|---|---|---|
| (11) AGGREGATE AMOUNT BENEFICIALLY OWNED BY EACH REPORTING PERSON | | |
| 2,662,963 | | |
| (12) CHECK BOX IF THE AGGREGATE AMOUNT IN ROW (11) EXCLUDES CERTAIN SHARES | | ☐ |
| (13) PERCENT OF CLASS REPRESENTED BY AMOUNT IN ROW (11) | | |
| 7.84% | | |
| (14) TYPE OF REPORTING PERSON | | |
| PN | | |

Page 2

Schedule 13D Amendment No 14                                    Page 3 of 7

CUSIP No 058 73K 10 8

(1) NAME OF REPORTING PERSON S S OR I R S IDENTIFICATION NO OF ABOVE PERSON

Liberation Investments, Ltd.

(2) CHECK THE APPROPRIATE BOX IF A MEMBER OF A GROUP
   (a) ☐
   (b) ☒

(3) SEC USE ONLY

(4) SOURCE OF FUNDS

WC

(5) CHECK BOX IF DISCLOSURE OF LEGAL PROCEEDINGS IS REQUIRED PURSUANT TO ITEMS 2(d)    ☐
OR 2(e)

(6) CITIZENSHIP OR PLACE OF ORGANIZATION

Cayman Islands

| NUMBER OF SHARES BENEFICIALLY OWNED BY PERSON WITH | (7) SOLE VOTING POWER |
| | 0 |
| | (8) SHARED VOTING POWER |
| | 1,436,487 |
| | (9) SOLE DISPOSITIVE POWER |
| | 0 |
| | (10) SHARED DISPOSITIVE POWER |
| | 1,436,487 |

(11) AGGREGATE AMOUNT BENEFICIALLY OWNED BY EACH REPORTING PERSON

1,436,487

(12) CHECK BOX IF THE AGGREGATE AMOUNT IN ROW (11) EXCLUDES CERTAIN SHARES    ☐

(13) PERCENT OF CLASS REPRESENTED BY AMOUNT IN ROW (11)

4.23%

(14) TYPE OF REPORTING PERSON

CO

Page 3

Schedule 13D Amendment No. 14                                Page 4 of 7

CUSIP No 058 73K 10 8

(1) NAME OF REPORTING PERSON S S OR I R.S IDENTIFICATION NO OF ABOVE PERSON

Liberation Investment Group LLC

(2) CHECK THE APPROPRIATE BOX IF A MEMBER OF A GROUP
   (a) ☐
   (b) ☒

(3) SEC USE ONLY

(4) SOURCE OF FUNDS

N/A

(5) CHECK BOX IF DISCLOSURE OF LEGAL PROCEEDINGS IS REQUIRED PURSUANT TO ITEMS 2(d)    ☐
OR 2(e)

(6) CITIZENSHIP OR PLACE OF ORGANIZATION

Delaware

| | | |
|---|---|---|
| | (7) | SOLE VOTING POWER |
| | | 0 |
| NUMBER OF SHARES BENEFICIALLY OWNED BY PERSON WITH | (8) | SHARED VOTING POWER |
| | | 4,099,450 |
| | (9) | SOLE DISPOSITIVE POWER |
| | | 0 |
| | (10) | SHARED DISPOSITIVE POWER |
| | | 4,099,450 |

(11) AGGREGATE AMOUNT BENEFICIALLY OWNED BY EACH REPORTING PERSON

4,099,450

(12) CHECK BOX IF THE AGGREGATE AMOUNT IN ROW (11) EXCLUDES CERTAIN SHARES    ☐

(13) PERCENT OF CLASS REPRESENTED BY AMOUNT IN ROW (11)

12.06%

(14) TYPE OF REPORTING PERSON

OO, IA

Page 4

Schedule 13D Amendment No. 14                                                    Page 5 of 7

CUSIP No 058 73K 10 8

(1) NAME OF REPORTING PERSON S S OR I R S IDENTIFICATION NO OF ABOVE PERSON

   Emanuel R. Pearlman

(2) CHECK THE APPROPRIATE BOX IF A MEMBER OF A GROUP
   (a) ☐
   (b) ☒

(3) SEC USE ONLY

(4) SOURCE OF FUNDS

   N/A

(5) CHECK BOX IF DISCLOSURE OF LEGAL PROCEEDINGS IS REQUIRED PURSUANT TO ITEMS 2(d)    ☐
   OR 2(e)

(6) CITIZENSHIP OR PLACE OF ORGANIZATION

   United States

| NUMBER OF SHARES BENEFICIALLY OWNED BY PERSON WITH | (7) SOLE VOTING POWER |
| | 35,000 |
| | (8) SHARED VOTING POWER |
| | 4,099,450 |
| | (9) SOLE DISPOSITIVE POWER |
| | 35,000 |
| | (10) SHARED DISPOSITIVE POWER |
| | 4,099,450 |

(11) AGGREGATE AMOUNT BENEFICIALLY OWNED BY EACH REPORTING PERSON

   4,134,450

(12) CHECK BOX IF THE AGGREGATE AMOUNT IN ROW (11) EXCLUDES CERTAIN SHARES    ☐

(13) PERCENT OF CLASS REPRESENTED BY AMOUNT IN ROW (11)

   12.16%

(14) TYPE OF REPORTING PERSON

   IN, HC

Page 5

## INTRODUCTORY STATEMENT

This Amendment No 14 (this "Amendment") relates to the Schedule 13D filed on behalf of (i) Liberation Investments, L P , a Delaware limited partnership ("LILP"); (ii) Liberation Investments Ltd ("LILTD"), a private offshore investment corporation; (iii) Liberation Investment Group, LLC ("LIGLLC"), a Delaware limited liability company and general partner of LILP and discretionary investment advisor to LILTD; and (iv) Emanuel R Pearlman, as General Manager and majority member of LIGLLC, with the Securities and Exchange Commission on June 8, 2004, as amended by Amendment No. 1 filed on July 13, 2004, Amendment No. 2 filed on August 27, 2004, Amendment No. 3 filed on September 1, 2004, Amendment No 4 filed on September 10, 2004, Amendment No 5 filed on December 13, 2004, Amendment No 6 filed on April 26, 2005, Amendment No 7 filed on May 6, 2005, Amendment No 8 filed on July 19, 2005, Amendment No 9 filed on July 22, 2005, Amendment No 10 filed on September 19, 2005, Amendment No 11 filed on October 11, 2005, Amendment No. 12 filed on October 31, 2005 and Amendment No 13 filed on November 14, 2005 (the "Schedule 13D"), relating to shares of common stock, $ 01 par value per share, of Bally Total Fitness Holding Corporation (the "Company")

Items 4 and 7 of the Schedule 13D are hereby amended and supplemented as follows:

### ITEM 4. PURPOSE OF TRANSACTION

On November 21, 2005, LILP and LILTD submitted a notice (a copy of which is attached to this filing as Exhibit 20, the "Notice") to the Company advising it that LILP and LILTD intend to present a stockholder proposal (the "Proposal") at the annual meeting of the Company's stockholders slated for January 26, 2005 If adopted, the Proposal would (i) amend the Amended and Restated Bylaws of the Company (the "Bylaws") to afford stockholders the right to remove the Chief Executive Officer and President upon the affirmative vote of a majority of the Company's issued and outstanding stock then entitled to vote, (ii) prevent the Board of Directors of the Company from acting unilaterally to amend the Bylaws to eliminate the stockholder authority described in clause (i) of this paragraph and (iii) remove current Chief Executive Officer and President Paul A Toback from office

As a result of the delivery of the Notice to the Company, LILP and LILTD may engage in discussions with the Company's stockholders, management or Board concerning the matters described above

### ITEM 7  MATERIAL TO BE FILED AS EXHIBITS

The following exhibit is filed with this Amendment:

Exhibit 20    Notice Letter to the Company, dated November 21, 2005, submitted by LILP and LILTD

Schedule 13D Amendment No. 14                                    Page 7 of 7

SIGNATURE

After reasonable inquiry and to the best of my knowledge and belief, I certify that the information set forth in this statement is true, complete and correct

Dated: November 22, 2005

LIBERATION INVESTMENTS, L P

By: Liberation Investment Group LLC, general partner

By: _____ /s/   EMANUEL R. PEARLMAN _____
                  Emanuel R. Pearlman
                  General Manager

LIBERATION INVESTMENTS LTD

By: _____ /s/   EMANUEL R. PEARLMAN _____.
                  Emanuel R. Pearlman
                  Director

LIBERATION INVESTMENT GROUP LLC

By: _____ /s/   EMANUEL R. PEARLMAN _____
                  Emanuel R. Pearlman
                  General Manager

EMANUEL R. PEARLMAN

        _____ /s/   EMANUEL R. PEARLMAN _____.

Notice Letter to the Company, dated November 21, 2005                                        Page 1 of 5

EX-20 2 dex20.htm NOTICE LETTER TO THE COMPANY, DATED NOVEMBER 21, 2005
Exhibit 20

LIBERATION INVESTMENTS, L.P.
11766 Wilshire Blvd, Suite No 870
Los Angeles, CA 90025

LIBERATION INVESTMENTS, LTD.
11766 Wilshire Blvd, Suite No 870
Los Angeles, CA 90025

November 21, 2005

BY FEDERAL EXPRESS AND FACSIMILE
Bally Total Fitness Holding Corporation
8700 West Bryn Mawr
Chicago, IL 60631
Attention: Marc D Bassewitz, Esq,
    Senior Vice President, Secretary and General Counsel

BY FEDERAL EXPRESS
Corporate Secretary
Bally Total Fitness Holding Corporation
c/o The Corporation Trust Company
1209 Orange Street
Wilmington, DE 19801
    Re   *Notice of Intention to Present a Stockholder Proposal at the Upcoming Annual Meeting of Bally Total Fitness Holding Corporation*

Dear Secretary:

    This is a notice (the "Notice") of the decision of Liberation Investments, L P ("LILP") and Liberation Investments Ltd ("LILTD", collectively with LILP, the "Liberation Funds", "we" or "our"), which, with Liberation Investment Group LLC ("LIGLLC"), general partner of LILP and discretionary investment adviser to LILTD, and Emanuel R Pearlman, General Manager and majority member of LIGLLC, collectively beneficially own 4,134,450 shares (the "Shares") of common stock, par value $0 01, of Bally Total Fitness Holding Corporation, a Delaware corporation (the "Company"), to present a stockholder proposal at the upcoming Annual Meeting of stockholders of the Company presently scheduled for January 26, 2006, including any adjournments or postponements thereof or any special meeting that may be called in lieu thereof (the "Annual Meeting") This Notice is being delivered in accordance with the requirements set forth in Article II, Section 2 (the "Proposal Requirements") of the Amended and Restated Bylaws of the Company (the "Bylaws").

    We have repeatedly urged the Company to bolster stockholder democracy by providing stockholders with a voice in determining the tenure of the Company's senior management team  In addition, we have shared our view that the capital markets have

lost confidence in the performance of current senior management and that it would thus be advantageous to the Company and its stockholders to remove Mr. Paul Toback as Chief Executive Officer and President. We have advocated replacing him with a more seasoned professional manager who engenders such confidence from the capital markets. However, the Company has rebuffed these suggestions at every turn. As a result, we intend to make the proposal described below in order to place these concepts directly before the Company's stockholders for their consideration

We regret that the intransigence of the Company has prevented it to date from recognizing the value of the suggestions we have advanced and independently implementing them. We firmly believe that the Company is not well served by expending its limited resources to aggressively defend against a proposal that is in its best interests. Accordingly, although we remain firmly committed to our proposal and are prepared to continue with our proxy campaign if necessary, we are also receptive to the possibility of reaching a consensual accommodation which takes seriously our expressed concerns

NOTICE OF INTENTION TO PRESENT A STOCKHOLDER PROPOSAL

Pursuant to the Proposal Requirements, this Notice sets forth (a) a brief description of the business desired to be brought before the Annual Meeting and the reasons for conducting such business at the Annual Meeting; (b) any material interest of the Liberation Funds in such business; (c) the name and record address of the Liberation Funds; and (d) the class, series and number of shares of capital stock of the Company which are beneficially owned by the Liberation Funds. In addition, in the interest of completeness, we have included a description of the beneficial interests of LIGLLC and Mr Pearlman in the Shares (although each of them disclaims membership in a group with Liberation Investments) and disclosed the record address of each of them.

**Proposal:** The Liberation Funds hereby notify the Company that they intend to bring the below described business before the Annual Meeting in the form of a proposal (the "Proposal") to the stockholders to adopt the following resolution:

"**RESOLVED,** that the stockholders of the Company do hereby amend Article IV, Section 1, Article IV, Section 2 and Article VIII, Section 5 of the Amended and Restated Bylaws of Bally Total Fitness Holding Corporation by deleting such sections in their entirety and replacing them as follows (text to be added to the existing text of the Bylaws hereby is underscored herein):

*Article IV, Section 1, is amended and restated to read*

"The officers of the Corporation shall be chosen by the Board of Directors, provided that the stockholders shall be empowered to remove the Corporation's Chief Executive Officer and President from office by the affirmative vote of the holders of a majority of the Corporation's issued and outstanding stock then entitled to vote. The Corporation's officers shall be a Chief Executive Officer, who shall also be the Corporation's President, a Secretary and a Treasurer The Board of Directors, in its discretion, may also choose a Chairman of the Board of Directors (who must be a director) and one or more Vice Presidents, Assistant Secretaries, Assistant Treasurers and other officers. Any number of offices may be held by the same person, unless otherwise prohibited by law, the Certificate of Incorporation or these Bylaws The officers of the Corporation need not be stockholders of the Corporation nor, except in the case of the Chairman of the Board of Directors, need such officers be directors of the Corporation "

*Article IV, Section 2, is amended and restated to read*

"The Board of Directors at its first meeting held after each annual meeting of stockholders shall elect the officers of the Corporation who shall hold their offices for such terms and shall exercise such powers and perform such duties as shall be determined from time to time by the Board of Directors or the stockholders, as the case may be  All officers of the Corporation shall hold office until their successors are chosen and qualified, or until their earlier resignation or removal by the Board of Directors or the stockholders  Any officer elected by the Board of Directors may be removed at any time by the affirmative vote of a majority of the Board of Directors  The Corporation's Chief Executive Officer and President may also be removed by the stockholders as provided in Section 1 of this Article IV, and no person removed as Chief Executive Officer and President shall thereafter be appointed or reappointed by the Board of Directors to serve as an officer of the Corporation  Any vacancy occurring in any office of the Corporation shall be filled by the Board of Directors  The salaries of all officers who are directors of the Corporation shall be fixed by the Board of Directors "

*Article VIII, Section 5, is amended and restated to read*

"Section 2 of Article III, Section 1 of Article IV, Section 2 of Article IV and this Section 5 of Article VIII of these Bylaws may only be altered, amended, changed or repealed by action of the stockholders of the Corporation."

**FURTHER RESOLVED,** that Paul A  Toback is hereby removed as the Chief Executive Officer and President of the Company, effective immediately "

The Proposal is being brought before the Annual Meeting pursuant to (i) Article Fifth, Section B of the Restated Certificate of Incorporation of the Company, which provides in relevant part that the Bylaws may be amended upon the affirmative vote of not less than 75% of the votes entitled to be cast by the holders of all outstanding shares of the Company's stock then entitled to vote, and (ii) Section 109 of the Delaware General Corporation law, which provides stockholders with the authority to amend bylaws

The Proposal is meant to afford the Company with an improved opportunity to achieve a successful turnaround by removing its current Chief Executive Officer and President Paul A  Toback, in whom we believe the capital markets have lost confidence. In addition, the Proposal is also meant to ensure the vitality of stockholder democracy at the Company by providing the stockholders with the right to remove a future member of senior management if his or her performance falls well short of the mark  While it is expected that this right would only very rarely be exercised by stockholders, its very existence would serve as a powerful incentive to members of senior management to pay careful attention to their fiduciary duties and focus keenly on maximizing value for all stockholders  Finally, the Proposal would also prevent the Board of Directors of the Company from acting unilaterally to amend the Bylaws to eliminate the contemplated authority of stockholders to remove the Chief Executive Officer and President of the Company

Notice Letter to the Company, dated November 21, 2005                    Page 4 of 5

We may be deemed to have an interest in the Proposal insofar as adoption of the Proposal by the stockholders is likely to yield more effective leadership of the Company, which would in turn increase the value of the Shares held by the Liberation Funds

LILP beneficially owns 2,662,963 Shares and LILTD beneficially owns 1,436,487 Shares  LIGLLC, as the sole general partner of LILP and the sole investment advisor to LILTD, beneficially owns 4,099,450 Shares  Mr  Pearlman owns 35,000 Shares of record and, as the majority member and General Manager of LIGLLC, beneficially owns 4,134,450 Shares  Although LILP, LILTD, LIGLLC and Mr  Pearlman may be regarded as a group, each of them disclaims beneficial ownership of the Shares owned by the others and disclaims membership in a group, and this Notice shall not constitute an acknowledgement that such parties constitute a group

The business address of LILP, LIGLLC and Mr  Pearlman is 11766 Wilshire Blvd, Suite #870, Los Angeles, CA 90025  The business address of LILTD is P.O  Box 31106 SMB Corporate Centre, West Bay Road, Grand Cayman, Cayman Islands.

**********************************************************

The information included in this Notice represents our best knowledge as to the matters set forth herein as of the date hereof  We reserve the right, in the event such information shall be or become inaccurate, to provide corrective information to the Company as soon as reasonably practicable, although we do not commit to update any information which may change from and after the date hereof

If this Notice shall be deemed for any reason by a court of competent jurisdiction to be ineffective with respect to the Proposal, this Notice shall continue to be effective with respect to meeting the advance notice requirements set forth in Article II, Section 2 of the Bylaws

We reserve the right to give further notice of business to be presented or conducted at the Annual Meeting (including, without limitation, the election of one or more directors to the Board of Directors of the Company) or any other meeting of the Company's stockholders

Other than as set forth in this Notice, there are no voting arrangements or understandings between the Liberation Funds and any other person or persons in connection with the Proposal

Please direct any questions regarding the information contained in this Notice to Kenneth J. Baronsky, Esq , Milbank, Tweed, Hadley & McCloy LLP, 601 S  Figueroa Street, 30th Floor, Los Angeles, California, 90017, (213) 892-4000 (Phone), (213) 892-4733 (Facsimile)

Notice Letter to the Company, dated November 21, 2005                    Page 5 of 5

IN WITNESS WHEREOF, the undersigned have caused this Notice to be duly executed on the date first above written.

LIBERATION INVESTMENTS, L P

By: Liberation Investment Group LLC, general partner

By:_____ /s/   EMANUEL R. PEARLMAN_____
                Emanuel R. Pearlman
                General Manager

LIBERATION INVESTMENTS LTD

By:_____ /s/   EMANUEL R. PEARLMAN_____
                Emanuel R. Pearlman
                Director

LIBERATION INVESTMENT GROUP LLC

By:_____ /s/   EMANUEL R. PEARLMAN_____
                Emanuel R. Pearlman
                General Manager

EMANUEL R PEARLMAN

_____ /s/   EMANUEL R. PEARLMAN_____

# EXHIBIT 16

# BALLY TOTAL FITNESS HOLDING CORP

## FORM SC 13D/A
### (Amended Statement of Beneficial Ownership)

## Filed 12/7/2005

| | |
|---|---|
| Address | 8700 WEST BRYN MAWR AVENUE SECOND FLOOR |
| | CHICAGO, Illinois 60631 |
| Telephone | 773-380-3000 |
| CIK | 0000770944 |
| Industry | Recreational Activities |
| Sector | Services |
| Fiscal Year | 12/31 |

Powered By 

http www.edgar-online.com
© Copyright 2005 All Rights Reserved
Distribution and use of this document restricted under EDGAR Online's Terms of Use

**SECURITIES AND EXCHANGE COMMISSION**
WASHINGTON, D.C. 20549

# SCHEDULE 13D

**Information to be Included in Statements Filed Pursuant to Rule
13d-1(a) and Amendments Thereto Filed Pursuant to Rule 13d-2(a)
Under the Securities Exchange Act of 1934
(Amendment No. 15)\***

BALLY TOTAL FITNESS HOLDING CORPORATION

(Name of Issuer)

COMMON STOCK, PAR VALUE $ 01 PER SHARE

(Title of Class of Securities)

058 73K 10 8

(CUSIP Number)

KENNETH J BARONSKY
MILBANK, TWEED, HADLEY & McCLOY LLP
601 S FIGUEROA STREET, 30 TH FLOOR
LOS ANGELES, CA 90017
TELEPHONE: 213-892-4333

(Name, address and telephone number of person authorized to receive notices and communications)

December 6, 2005

(Date of event which requires filing of this statement)

If the filing person has previously filed a statement on Schedule 13G to report the acquisition which is the subject of this Schedule 13D, and is filing this schedule because of Rule 13d-1(e), 13d-1(f) or 13d-1(g), check the following box   ☐

NOTE:  Schedules filed in paper format shall include a signed original and five copies of the schedule, including all exhibits  See Rule 13d-7 for other parties to whom copies are to be sent

\*  The remainder of this cover page shall be filled out for a reporting person's initial filing on this form with respect to the subject class of securities, and for any subsequent amendment containing information which would alter disclosures provided in a prior cover page

The information required on the remainder of this cover page shall not be deemed to be "filed" for the purpose of Section 18 of the Securities Exchange Act of 1934 ("Act") or otherwise subject to the liabilities of that section of the Act but shall be subject to all other provisions of the Act (however, see the Notes)

CUSIP No 058 73K 10 8

| | |
|---|---|
| (1) NAME OF REPORTING PERSON<br>S S OR I R S IDENTIFICATION NO OF ABOVE PERSON<br><br>Liberation Investments, L.P. | |
| (2) CHECK THE APPROPRIATE BOX IF A MEMBER OF A GROUP<br>(a) ☐<br>(b) ☒ | |
| (3) SEC USE ONLY | |
| (4) SOURCE OF FUNDS<br><br>WC | |
| (5) CHECK BOX IF DISCLOSURE OF LEGAL PROCEEDINGS IS REQUIRED PURSUANT TO ITEMS 2(d) OR 2(e) | ☐ |
| (6) CITIZENSHIP OR PLACE OF ORGANIZATION<br><br>Delaware | |

| NUMBER OF SHARES BENEFICIALLY OWNED BY PERSON WITH | (7) SOLE VOTING POWER<br><br>0 |
|---|---|
| | (8) SHARED VOTING POWER<br><br>2,662,963 |
| | (9) SOLE DISPOSITIVE POWER<br><br>0 |
| | (10) SHARED DISPOSITIVE POWER<br><br>2,662,963 |

| | |
|---|---|
| (11) AGGREGATE AMOUNT BENEFICIALLY OWNED BY EACH REPORTING PERSON<br><br>2,662,963 | |
| (12) CHECK BOX IF THE AGGREGATE AMOUNT IN ROW (11) EXCLUDES CERTAIN SHARES | ☐ |
| (13) PERCENT OF CLASS REPRESENTED BY AMOUNT IN ROW (11)<br><br>7.02% | |
| (14) TYPE OF REPORTING PERSON<br><br>PN | |

Page 2

CUSIP No 058 73K 10 8

| | |
|---|---|
| (1) NAME OF REPORTING PERSON<br>S S. OR I R S. IDENTIFICATION NO OF ABOVE PERSON<br><br>Liberation Investments, Ltd. | |
| (2) CHECK THE APPROPRIATE BOX IF A MEMBER OF A GROUP<br>(a) ☐<br>(b) ☒ | |
| (3) SEC USE ONLY | |
| (4) SOURCE OF FUNDS<br><br>WC | |
| (5) CHECK BOX IF DISCLOSURE OF LEGAL PROCEEDINGS IS REQUIRED PURSUANT TO ITEMS 2(d) OR 2(e) | ☐ |
| (6) CITIZENSHIP OR PLACE OF ORGANIZATION<br><br>Cayman Islands | |

| | | |
|---|---|---|
| NUMBER OF SHARES BENEFICIALLY OWNED BY PERSON WITH | (7) SOLE VOTING POWER<br><br>0 | |
| | (8) SHARED VOTING POWER<br><br>1,436,487 | |
| | (9) SOLE DISPOSITIVE POWER<br><br>0 | |
| | (10) SHARED DISPOSITIVE POWER<br><br>1,436,487 | |

| | |
|---|---|
| (11) AGGREGATE AMOUNT BENEFICIALLY OWNED BY EACH REPORTING PERSON<br><br>1,436,487 | |
| (12) CHECK BOX IF THE AGGREGATE AMOUNT IN ROW (11) EXCLUDES CERTAIN SHARES | ☐ |
| (13) PERCENT OF CLASS REPRESENTED BY AMOUNT IN ROW (11)<br><br>3.79% | |
| (14) TYPE OF REPORTING PERSON<br><br>CO | |

Page 3

CUSIP No. 058 73K 10 8

| | |
|---|---|
| (1) | NAME OF REPORTING PERSON<br>S S OR I R S IDENTIFICATION NO OF ABOVE PERSON<br><br>Liberation Investment Group LLC |
| (2) | CHECK THE APPROPRIATE BOX IF A MEMBER OF A GROUP<br>(a) ☐<br>(b) ☒ |
| (3) | SEC USE ONLY |
| (4) | SOURCE OF FUNDS<br><br>N/A |
| (5) | CHECK BOX IF DISCLOSURE OF LEGAL PROCEEDINGS IS REQUIRED PURSUANT TO ITEMS 2(d) OR 2(e)     ☐ |
| (6) | CITIZENSHIP OR PLACE OF ORGANIZATION<br><br>Delaware |

| NUMBER OF<br>SHARES<br>BENEFICIALLY<br>OWNED BY<br>PERSON<br>WITH | (7) | SOLE VOTING POWER<br><br>0 |
|---|---|---|
| | (8) | SHARED VOTING POWER<br><br>4,099,450 |
| | (9) | SOLE DISPOSITIVE POWER<br><br>0 |
| | (10) | SHARED DISPOSITIVE POWER<br><br>4,099,450 |

| | |
|---|---|
| (11) | AGGREGATE AMOUNT BENEFICIALLY OWNED BY EACH REPORTING PERSON<br><br>4,099,450 |
| (12) | CHECK BOX IF THE AGGREGATE AMOUNT IN ROW (11) EXCLUDES CERTAIN SHARES     ☐ |
| (13) | PERCENT OF CLASS REPRESENTED BY AMOUNT IN ROW (11)<br><br>10.80% |
| (14) | TYPE OF REPORTING PERSON<br><br>OO, IA |

Page 4

CUSIP No 058 73K 10 8

| | |
|---|---|
| (1) NAME OF REPORTING PERSON<br>S S OR I R S IDENTIFICATION NO OF ABOVE PERSON<br><br>    Emanuel R. Pearlman | |
| (2) CHECK THE APPROPRIATE BOX IF A MEMBER OF A GROUP<br>  (a)  ☐<br>  (b)  ☒ | |
| (3) SEC USE ONLY | |
| (4) SOURCE OF FUNDS<br><br>    N/A | |
| (5) CHECK BOX IF DISCLOSURE OF LEGAL PROCEEDINGS IS REQUIRED PURSUANT TO ITEMS 2(d) OR 2(e) | ☐ |
| (6) CITIZENSHIP OR PLACE OF ORGANIZATION<br><br>    United States | |

| NUMBER OF<br>SHARES<br>BENEFICIALLY<br>OWNED BY<br>PERSON<br>WITH | (7) SOLE VOTING POWER<br><br>    35,000 |
|---|---|
| | (8) SHARED VOTING POWER<br><br>    4,099,450 |
| | (9) SOLE DISPOSITIVE POWER<br><br>    35,000 |
| | (10) SHARED DISPOSITIVE POWER<br><br>    4,099,450 |

| | |
|---|---|
| (11) AGGREGATE AMOUNT BENEFICIALLY OWNED BY EACH REPORTING PERSON<br><br>    4,134,450 | |
| (12) CHECK BOX IF THE AGGREGATE AMOUNT IN ROW (11) EXCLUDES CERTAIN SHARES | ☐ |
| (13) PERCENT OF CLASS REPRESENTED BY AMOUNT IN ROW (11)<br><br>    10.90% | |
| (14) TYPE OF REPORTING PERSON<br><br>    IN, HC | |

Page 5

INTRODUCTORY STATEMENT

This Amendment No 15 (this " Amendment ") relates to the Schedule 13D filed on behalf of (i) Liberation Investments, L P , a Delaware limited partnership (" LILP "); (ii) Liberation Investments Ltd ( " LILTD "), a private offshore investment corporation; (iii) Liberation Investment Group, LLC (" LIGLLC "), a Delaware limited liability company and general partner of LILP and discretionary investment advisor to LILTD; and (iv) Emanuel R Pearlman, as General Manager and majority member of LIGLLC, with the Securities and Exchange Commission on June 8, 2004, as amended by Amendment No 1 filed on July 13, 2004, Amendment No 2 filed on August 27, 2004, Amendment No 3 filed on September 1, 2004, Amendment No. 4 filed on September 10, 2004, Amendment No 5 filed on December 13, 2004, Amendment No 6 filed on April 26, 2005, Amendment No 7 filed on May 6, 2005, Amendment No 8 filed on July 19, 2005, Amendment No 9 filed on July 22, 2005, Amendment No. 10 filed on September 19, 2005, Amendment No 11 filed on October 11, 2005, Amendment No. 12 filed on October 31, 2005, Amendment No 13 filed on November 14, 2005 and Amendment No 14 filed on November 22, 2005 (the " Schedule 13D "), relating to shares of common stock, $ 01 par value per share, of Bally Total Fitness Holding Corporation (the " Company ")

Items 4 and 7 of the Schedule 13D are hereby amended and supplemented as follows:

ITEM 4  PURPOSE OF TRANSACTION

As previously reported, LILP and LILTD filed a complaint (the " Complaint ") with the Court of Chancery of the State of Delaware in and for New Castle County (the " Court ") on November 10, 2005 pursuant to Section 220 of the Delaware General Corporation Law seeking to compel the Company to permit them to inspect the Company's stockholder list and certain books and records of the Company relating to, among other things, the (i) adoption by the Company's Board of Directors (the " Board ") on October 18, 2005 of a Stockholder Rights Plan, (ii) independence of certain directors and the circumstances of their appointment to the Board and (iii) Company's retention of Russell Reynolds Associates (" RRA ") to find independent directors and the relationship between RRA and existing directors of the Company

On December 6, 2005, the Court granted an Order (a copy of which is attached hereto as Exhibit 21, the " Order ") in *Liberation Investments, L P . et al v Bally Total Fitness Holdings Corporation* , C A  No  1779-N, the action arising out of the Complaint, pursuant to which the Company was compelled to produce, subject to the terms of a confidentiality agreement to be agreed upon by the parties, "all minutes of Bally's board of directors and/or any committees thereof, and all materials and documents that have been submitted to or considered by Bally's board of directors and/or any committee thereof" relating to, among other things, the matters set forth in clauses (i), (ii) and (iii) of the preceding paragraph (the " Compelled Materials ")  The Order requires the Company to produce the Compelled Materials to LILP and LILTD by no later than December 8, 2005

The Order also compels the Company to produce its stockholder list and related materials to LILP and LILTD, subject to the terms of a confidentiality agreement to be agreed upon by the parties, within three business days of the filing by LILP and LILTD of a preliminary proxy statement with the Securities and Exchange Commission

On December 7, 2005, LILP and LILTD submitted a letter to the Board (a copy of which is attached hereto as Exhibit 22, the " Letter ") requesting an explanation of certain actions taken by the Company and members of its management in connection with the Company's equity compensation plans.

As a result of the delivery of the Letter to the Company, LILP and LILTD may engage in discussions with the Company's stockholders, management or Board concerning the matters described in the Letter.

ITEM 7  MATERIAL TO BE FILED AS EXHIBITS

The following exhibit is filed with this Amendment:

Exhibit 21.  Order Granted by the Court of Chancery of the State of Delaware, dated December 6, 2005, submitted by LILP and LILTD

Exhibit 22  Letter to the Board of Directors of the Company, dated December 7, 2005, submitted by LILP and LILTD.

SIGNATURE

After reasonable inquiry and to the best of my knowledge and belief, I certify that the information set forth in this statement is true, complete and correct.

Dated: December 7, 2005

LIBERATION INVESTMENTS, L.P
By: Liberation Investment Group LLC, general partner

By: /s/ Emanuel R. Pearlman
_____

    Emanuel R. Pearlman
    General Manager

LIBERATION INVESTMENTS LTD

By: /s/ Emanuel R. Pearlman
_____

    Emanuel R. Pearlman
    Director

LIBERATION INVESTMENT GROUP LLC

By: /s/ Emanuel R. Pearlman
_____

    Emanuel R. Pearlman
    General Manager

EMANUEL R. PEARLMAN

/s/ Emanuel R. Pearlman
_____

**Exhibit 21**



**GRANTED**

IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| LIBERATION INVESTMENTS, L.P. and<br>LIBERATION INVESTMENTS, LTD., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v | ) | C.A. No. 1779-N |
| | ) | |
| BALLY TOTAL FITNESS HOLDING<br>CORPORATION, a Delaware corporation, | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

**ORDER REQUIRING THE PRODUCTION
OF BOOKS AND RECORDS
PURSUANT TO 8 _DEL. C._ §220**

For the reasons set forth during the Court's December 1, 2005 teleconference in the captioned matter, IT IS HEREBY ORDERED as follows:

1. By no later than December 8, 2005, Bally Total Fitness Holding Corporation ("Bally") shall produce, subject to a confidentiality agreement to be agreed upon by the parties, the following books and records to plaintiffs for inspection and copying: all minutes of Bally's board of directors and/or any committees thereof, and all materials and documents that have been submitted to or considered by Bally's board of directors and/or any committee thereof, which relate to the matters addressed in categories 1 – 8 of plaintiffs' October 28, 2005 Demand Letter.

2  Within three business days following plaintiffs' filing of a preliminary proxy statement with the Securities and Exchange Commission ("SEC"), subject to a confidentiality agreement to be agreed upon by the parties, Bally shall produce to plaintiffs the stocklist and related materials addressed in categories 9 –10 of plaintiffs' October 28, 2005 Demand Letter

3. If at any time following plaintiffs' filing of a preliminary proxy statement with the SEC and before January 26, 2006, Bally obtains any of the materials addressed in category 11 of plaintiffs' October 28, 2005 Demand Letter, subject to a confidentiality agreement to be agreed upon by the parties, Bally shall produce such materials to plaintiffs within one business day of their receipt by Bally.

4. Plaintiffs shall have the right to request that this Court require additional production from Bally upon their review of the information produced in compliance with this Order, and the captioned action shall remain open for that purpose.

**SO ORDERED** this 6 th day of December, 2005.

_____
Chancellor

2

Court: DE Court of Chancery
Judge: Chandler, William B
File & Serve reviewed Transaction ID: 7583128
Current date: 12/6/2005
Case number: 1779-N
Case name: CONF ORDER Liberation Investments LP vs Bally Total Fitness Holding Corp

_____ / s /   J UDGE W ILLIAM B C HANDLER III _____

Exhibit 22

**LIBERATION INVESTMENTS, L.P.**
11766 Wilshire Blvd, Suite No 870
Los Angeles, CA 90025

**LIBERATION INVESTMENTS, LTD.**
11766 Wilshire Blvd, Suite No 870
Los Angeles, CA 90025

December 6, 2005

The Board of Directors
Bally Total Fitness Holding Corporation
8700 West Bryn Mawr Avenue
Chicago, IL 60631
C/o: Marc D Bassewitz, Esq

Gentlemen:

As you know, Liberation Investments, L P , Liberation Investments, Ltd. and their affiliates (collectively, " Liberation ") own approximately 10 9% of the outstanding common stock of Bally Total Fitness Holding Corporation (" Bally " or the " Company "), making Liberation Bally's second largest shareholder.

On November 11, 2005 we wrote to urge you to exercise your fiduciary duties diligently  We advised you that sales of the equity of Bally must be effected through a *transparent process* designed to *maximize* the consideration to be paid to the Company or its shareholders and ensure a level playing field to encourage the participation of all interested purchasers  In your letter in reply on November 15, 2005, Mr. Bassewitz affirmed that "Liberation and all Bally stockholders can be certain that the directors are well aware of and, as always, will act in accordance with their fiduciary duties in connection with any and all matters that come before the Board "

However, we write now to express our concern about certain matters disclosed by the Company in recent filings that appear to cast doubt on the Board's adherence to its fiduciary duties and commitment to the interests of its stockholders.

Please provide an explanation of the Company's recent equity compensation grants  Generous equity compensation packages were granted as of November 29, 2005 to all members of senior management—with the largest grant made to Mr Toback at approximately $946,350 [1] in restricted stock in addition to options to purchase an additional 62,000 shares—despite the fact that members of Bally's senior management had previously received more than adequate equity compensation this year  Grants of equity compensation had already been made to the same members of management on March 8, 2005, at which time Mr. Toback was granted approximately $841,200 [2] in restricted stock grants in addition to options to purchase an additional 170,000 shares  Please explain what stockholder interest was served by awarding this additional compensation to Mr Toback and the other members of management  We are at a loss to understand why you believe these grants are consistent with your fiduciary duties.

[1] This figure is based on information contained in Bally's public filings and the November 28, 2005 closing price of Bally's common stock on the New York Stock Exchange, as reported in Bally's public filings
[2] This figure is based on information contained in Bally's public filings and the November 28, 2005 closing price of Bally's common stock on the New York Stock Exchange, as reported in Bally's public filings

In addition, the Company announced on November 30, 2005 that all stock options issued under its equity compensation plans had vested and all restrictions on restricted stock grants issued under such plans had lapsed due to a change in control triggered by accumulations of Bally's common stock by Liberation and Pardus European Special Opportunities Master Fund L P  But you failed to disclose to your stockholders in your November 30 filings that both of your equity compensation plans provide that the acceleration of vesting and the lapsing of restrictions do not occur automatically when an investor acquires in excess of 10% of Bally's common stock, but only upon a decision to accelerate made in the discretion of the Board appointed committees that administer the plans  The 1996 Long-Term Incentive Plan, Bally's principal equity compensation plan, further provides that the decision of the Board appointed committee that administers the plan to accelerate must take "into account the purposes of [the] Plan "

As we read the 1996 Long-Term Incentive Plan, its primary purpose is to attract and retain important talent, but by accelerating vesting and the lapsing of restrictions you have, on the contrary, eliminated the very incentive for key employees to remain with the Company by enabling them to immediately cash in on what was meant to be deferred equity compensation  We have read in recent press releases and regulatory filings that many Company insiders have done just that by selling approximately 1,200,000 shares of Bally stock since the Company released its financial results on November 30, 2005, in many cases within fewer than 48 hours of the release of such financial results and while, according to public filings, the Securities and Exchange Commission and Department of Justice continue investigations in connection with the Company's financial reporting  Bally public filings have revealed very little about the Securities and Exchange Commission and Department of Justice investigations, but it is difficult to imagine that insiders are not better informed about their progress than stockholders  Furthermore, the recent acceleration of vesting and lapsing of restrictions does not appear to have induced any new key employees to accept employment with Bally  Some of the equity grants that benefited from the acceleration decision were accompanied by generous tax gross-up rights to their recipients upon exercise or lapsing of restrictions  How then did the Board appointed committees that administer the plans conclude that the decision to accelerate vesting and the lapsing of restrictions was consistent with their fiduciary duties to the Company? What shareholder interest did the Board appointed committees that administers the plans believe they were advancing with their decision to accelerate?

Even though I was granted 35,000 shares of Bally restricted stock in 1998 and therefore, based on information contained in Bally's public filings, stand to financially benefit from the actions of the Board appointed committees that administer the plans, I nevertheless strongly believe that the decision to accelerate vesting and lapsing of restrictions on all of the outstanding equity compensation grants under the 1996 Long-Term Incentive Plan and the Inducement Plan was inconsistent with the fiduciary duties of the Board appointed committees and I therefore believe that the decision should be rescinded immediately and that insiders should repurchase Bally shares they have opportunistically sold to date. I also believe that all restrictions that attached to the equity grants prior to acceleration should be reinstated, including restrictions on my shares and the shares to that I believe should be repurchased by insiders.

Based, in part, on the foregoing, we are not satisfied that you are properly exercising your fiduciary duties to stockholders  We anticipate your prompt response to the concerns identified above  Please note that we reserve the right to take the necessary action to protect the interests of shareholders, and, if the facts warrant, will seek to hold directors personally liable for any losses that befall the Company or its shareholders as a result of the Board's failure to observe its fiduciary duties

Sincerely,

/s/ Emanuel R  Pearlman

Emanuel R  Pearlman
Chairman and Chief Executive Officer

**End of Filing**

Powered By EDGAROnline

© 2005 | EDGAR Online, Inc.