IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BALLY TOTAL FITNESS HOLDING :
CORP., :
   :
   Plaintiff, :
   :
v. : Civil Action No. 05-841-JJF
   :
LIBERATION INVESTMENTS, L.P., :
LIBERATION INVESTMENTS, LTD., :
LIBERATION INVESTMENT GROUP LLC :
and EMANUEL R. PEARLMAN, :
   :
   Defendants. :

Gregory P. Williams, Esquire, Raymond J. Dicamillo, Esquire, and Elizabeth C. Tucker, Esquire of RICHARDS, LAYTON & FINGER, P.A., Wilmington, Delaware.
Of Counsel: Laurie B. Smilan, Esquire of LATHAM & WATKINS LLP, Reston, Virginia.
Attorneys for Plaintiff.

Stephen E. Jenkins, Esquire, Steven T. Margolin, Esquire, Lauren E. Maquire, Esquire, and Andrew D. Cordo, Esquire of ASHBY & GEDDES, Wilmington, Delaware.
Of Counsel: Michael H. Diamond, Esquire, Kenneth J. Baronsky, Esquire, and Adam R. Moses, Esquire of MILBANK, TWEED, HADLEY & MCCLOY, LLP, Los Angeles, California.
Attorneys for Defendants.

**MEMORANDUM OPINION**

December 22, 2005
Wilmington, Delaware

*[signature: Joseph J. Farnan]*
**Farnan, District Judge.**

Pending before the Court are Defendants' Motion To Dismiss The Preliminary Injunction Proceeding As Moot (D.I. 28) and Plaintiff's Motion For Expedited Discovery (D.I. 14). For the reasons discussed, the Court will grant Defendants' Motion and deny Plaintiff's Motion.

## BACKGROUND

Plaintiff is a Delaware corporation with its principal place of business in Chicago, Illinois. Plaintiff owns and operates a nationwide chain of fitness centers. Defendants own a substantial number of shares of Plaintiff's stock. In connection with Plaintiff's upcoming January 26, 2006 shareholder's meeting and a related proxy solicitation campaign, Defendants have filed disclosure documents with the Securities and Exchange Commission. By its Complaint (D.I. 1), Plaintiff alleges that those disclosure documents contain materially false and misleading statements and fail to disclose material facts, thereby violating §§ 14(a) and 13(d) of the Securities Exchange Act of 1934.

On December 5, 2005, Plaintiff filed a Motion For A Temporary Restraining Order (D.I. 5), seeking, among other relief, an order requiring Defendants to issue corrective disclosures. The Court scheduled a hearing on that Motion for December 7, 2005. On the day of the hearing, Plaintiff withdrew its Motion For A Temporary Restraining Order, but indicated that

1

it would soon file a motion for a preliminary injunction requesting the Court to order Defendants to issue corrective disclosures. Plaintiff also filed a Motion For Expedited Discovery (D.I. 14) to take place in connection with the preliminary injunction proceeding. Following the hearing, the Court issued a Scheduling Order in which it ordered Plaintiff to "provide a letter to Defendants setting forth the disclosures it contends Defendants have failed to make (in violation of Sections 13(d) and 14(a) of the Securities Act of 1934) and which [Plaintiff] will pursue at the preliminary injunction hearing . . . ." (D.I. 38.) Plaintiff complied with that order by sending its letter dated December 10, 2005 (the "contention letter"). (D.I. 28, Ex. A.) After receiving the contention letter, Defendants submitted a Revised Preliminary Proxy Statement (D.I. 28, Ex. B) (the "revised statement"), in which they set forth, verbatim, all of the allegations of insufficient disclosures that Plaintiff had listed. Defendants also included their responses to Plaintiff's allegations.

## DISCUSSION

By their Motion, Defendants contend that their revised statement renders moot Plaintiff's request for corrective disclosures, obviating the need for a preliminary injunction proceeding. (D.I. 28 at 1-2.) Plaintiff responds that the disclosures in Defendants' revised statement are insufficient

2

(D.I. 41 at 7-9) and continue to omit material information (<u>Id.</u> at 11).

To obtain a preliminary injunction based on a violation of a disclosure provision of the Securities Exchange Act of 1934, a plaintiff must make a showing of irreparable harm. <u>Rondeau v. Mosinee Paper Corp.</u>, 422 U.S. 49, 60-62 (1975). However, if a defendant cures the alleged defects in disclosure, a showing of irreparable harm is precluded. <u>Energy Ventures, Inc. v. Appalachian Co.</u>, 587 F.Supp. 734, 743 (D. Del. 1984). In the context of a motion for preliminary injunction, where there is a good faith dispute as to facts or an alleged legal violation, disclosure of the dispute is sufficient to cure the alleged defects. <u>City Capital Association Ltd. Partnership v. Interco, Inc.</u>, 696 F.Supp. 1551, 1556 (D. Del. 1988) (citing <u>Warner Communications, Inc. v. Murdoch</u>, 581 F.Supp. 1482, 1502 (D. Del. 1984); <u>Avnet, Inc. v. Scope Industries</u>, 499 F. Supp. 1121, 1124-26 (S.D.N.Y 1980)).

Here, the parties have a good faith dispute with regard to Plaintiff's allegations, and Defendants' revised statement fully discloses all matters that Plaintiff indicated it would pursue at the preliminary injunction hearing. Thus, the Court concludes that Plaintiff cannot make a showing of irreparable harm and the preliminary injunction proceeding is, therefore, moot. Accordingly, the Court will grant Defendants' Motion To Dismiss

The Preliminary Injunction Proceeding. Because there will be no preliminary injunction proceeding, Plaintiff's Motion For Expedited Discovery is also moot and will be denied.

An appropriate order will be entered.

4